IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>SPINRILLA, LLC, *et al.*,<br><br>　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)　Civil File Action No.<br>)<br>)　1:17-CV-0431-AT<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUR-REPLY (DKT. 146)**

Spinrilla opposes Plaintiffs' Motion for Leave to File a Sur-Reply (Dkt. 146) for the following reasons:

**I.   Introduction**

Plaintiffs claim a sur-reply is needed because Defendants' Reply Brief (Dkt. 132) "misstates the nature of the documents identified on Plaintiffs' privilege log and presents a fundamentally inaccurate account of the relevant facts." (Plaintiffs' Motion for Leave, p. 2 (Dkt. 146)).

No sur-reply is needed because -- as explained below -- Defendants' Reply Brief (Dkt. 132) does not contain any misstatements. Also, the proposed sur-reply merely extends arguments made in the Plaintiffs' original response in opposition. Further, nothing in Plaintiffs' sur-reply alters the overarching contention in

Defendants' Motion for Sanctions (Dkt. 100) that Plaintiffs' misrepresented information and knowingly lied to Defendants and this Court.

## II. Law

"Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." (*Fedrick v. Mercedes–Benz USA, LLC,* 366 F.Supp.2d 1190, 1197 (N.D.Ga.2005) (citing *Byrom v. Delta Family Care– Disability & Survivorship Plan,* 343 F.Supp.2d 1163, 1188 (N.D.Ga.2004)). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs" (*Garrison v. N.E. Ga. Med. Ctr., Inc.*, 66 F. Supp.2d 1336, 1340 (N.D.Ga. 1999). Rather, sur-replies typically will be permitted only in unusual circumstances. (*Atlanta Fiberglass USA, LLC v. KPI, Co.*, 911 F. Supp. 2d 1247, 1262 (N.D. Ga. 2012)).

## III. Argument

On October 3, 2017, the Court granted Spinrilla leave (Order, Dkt. 99) to file a Motion for Sanctions. That Motion for Sanctions was filed on October 3, 2017 (Dkt. 100) and was fully briefed by October 25, 2017. (Dkts. 100, 114, 130, and 132).

After the Motion for Sanctions was fully briefed, and at Spinrilla's request, on October 23rd, Plaintiffs served Spinrilla with a Privilege Log which listed sixty-five RIAA spreadsheets which Plaintiffs had not produced (and hid the existence

of). (Dkt. 132, pp. 1-3). According to Plaintiffs' proposed sur-reply (Dkt. 147), those sixty-five spreadsheets "appear to be based on the data . . . that has already been produced to Defendants." (Dkt. 147, p. 3).

This is wrong for a number of reasons.

First, Plaintiffs' use of the qualified term "appear to be" is troubling. Plaintiffs should know the source of the information in those sixty-five RIAA spreadsheets and should not have to qualify it with "appear to be." With all due respect, skepticism about Plaintiffs' representations – especially surrounding the RIAA data – is warranted given that Plaintiffs hid the fact that they had this information in the first place. To hide this data, Plaintiffs and their counsel went so far as to repeatedly lie to the Court about it – making claims including that they only had from the Spinrilla service what they could get through manual searches.[1]

Second, Plaintiffs' claim that all of the data has already been produced to Spinrilla is false. The second RIAA representative (Jeremey Landis), deposed by Spinrilla, testified that the RIAA database contains the results of the RIAA's own Audible Magic scans of audio files (*i.e.*, songs) the RIAA downloaded from Spinrilla. (Landis Dep. p. 78:2-3 (Dkt. 146-3)). **Plaintiffs have not produced the results of those scans.** Even after several email requests following Mr. Landis'

---

[1] The series of lies Plaintiffs told are listed in Spinrilla's Motion for Sanctions (Dkt. 100) and Supplemental and Reply Briefs. (Dkts. 114 and 132).

deposition on October 27, 2017, Plaintiffs have still not produced the results of those scans. Presumably, some or all of the sixty-five yet-to-be-produced spreadsheets contain the results of the Audible Magic scans.

Third, in their proposed sur-reply, Plaintiffs re-argue that the RIAA spreadsheets are protected work product. (Plaintiffs' proposed Sur-reply (Dkt. 147, n. 2 and p. 3). In their brief in opposition to Defendants' Motion for Sanctions, Plaintiffs spend three pages making the same work product argument. (Dkt. 130, pp. 16-19). But work product is not a defense to repeatedly lying[2] to the Court or to Defendants. Plaintiffs could have asserted work product protection over the RIAA spreadsheets months ago – *but they did not – they denied having the information because they were hiding the existence of the spreadsheets.* Plaintiffs went to great lengths – including telling the Court they had no greater access to information on Spinrilla than the Court had to information on YouTube – to cover-up the fact that they had used an automated processes to collect massive amounts of data from Spinrilla. Said differently, whether the RIAA spreadsheets are protected by work product is irrelevant to the Motion for Sanctions – the Motion for Sanctions is about

---

[2] Plaintiffs tell the Court that they made this misstatement once. (Dkt. 130, p. 5 ("the point of *the* colloquy")), but Plaintiffs claim of emptyhandedness was made several times and at both of the hearings. Plaintiffs' lies are also shown by the fact that instead of revealing/acknowledging the existence of the spreadsheets and making a claim of work product protection, Plaintiffs opted to deny the existence of the spreadsheets.

Plaintiffs' and their counsels' lies to the Court and the damage those lies caused to Defendants and this litigation.

While Messrs. Doroshow and Wilkens could not bring themselves to admit they lied, they at least admitted this:

> With the benefit of hindsight, having reviewed their remarks to the Court about this issue, Plaintiffs' counsel now recognize that it was an overstatement to analogize Plaintiffs' investigative capabilities to those of an ordinary user . . .  (Dkt. 130, pp. 4 and 5).

## III.  Conclusion

Plaintiffs' proposed sur-reply (Dkt. 147) is futile because the information in it is false, because Plaintiffs have already made their work product argument and are merely rehashing arguments made in prior briefing, and because the arguments contained therein do not alter the sanctionable conduct of Plaintiffs as articulated in the pending briefs. (Dkt. 100, 114, 130, and 132). Therefore, Spinrilla respectfully requests that the Court deny Plaintiffs' Motion for Leave.

This 14th day of November, 2017.

Respectfully submitted,

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Haase
Georgia Bar No. 431935

3379 Peachtree Rd., Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
david@lilenfeld.com
kaitlyn@lilenfeld.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION *et al.*, ) ) ) Plaintiffs, ) ) v. ) ) SPINRILLA, LLC *et al.*, ) ) Defendants. ) | Case No.: 1:17-CV-00431-AT |

## CERTIFICATE OF SERVICE

On November 14, 2017, I filed the foregoing **Defendants' Opposition to Plaintiffs' Motion for Leave to File Sur-reply (Dkt. 146)** with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to all counsel of record:

James A. Lamberth, Esq.
james.lamberth@troutmansanders.com

Kenneth L. Doroshow, Esq.
kdoroshow@jenner.com

Ava U. McAlpin, Esq.
amcalpin@jenner.com

Previn Warren, Esq.
pwarren@jenner.com

November 14, 2017

*/s/ David M. Lilenfeld*
David M. Lilenfeld