IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC RECORDING )
CORPORATION, LAFACE )
RECORDS LLC, SONY MUSIC )
ENTERTAINMENT, UMG )    Civil Action No.:
RECORDINGS, INC., WARNER )
BROS. RECORDS INC., ARISTA )
MUSIC, ARISTA RECORDS LLC, )    1:17-CV-00431-AT
BAD BOY RECORDS LLC, )
CAPITOL RECORDS, LLC, ELEKTRA )
ENTERTAINMENT GROUP INC., )
SONY MUSIC ENTERTAINMENT US )
LATIN LLC and ZOMBA RECORDING LLC, )
)
    Plaintiffs, )
)
v. )
)
SPINRILLA, LLC and JEFFERY )
DYLAN COPELAND, )
)
    Defendants. )

## AMENDED ANSWER OF DEFENDANTS TO SUBSTITUTED FIRST AMENDED COMPLAINT (DKT. 127)

Defendants Spinrilla, LLC and Jeffery Dylan Copeland ("Defendants"), pursuant to Fed. R. Civ. P. 15(a)(1)(A), file this Amended Answer to Plaintiffs' Substituted First Amended Complaint (Dkt. 127) and state as follows:

## Affirmative Defenses

1.

Some or all of the claims in the Amended Complaint fail to state a claim upon which relief can be granted.

2.

To the extent Plaintiffs claim copyright infringement of a work that is distinct from the work associated with the relevant copyright registration, the Amended Complaint fails to state a claim for which relief can be granted.

3.

Some or all of the claims in the Amended Complaint are barred by the doctrine of unclean hands.

4.

Some or all of the claims in the Amended Complaint are barred by the statute of limitations.

5.

Some or all of the claims in the Amended Complaint are bared by the doctrine of laches.

6.

Some or all of the claims in the Amended Complaint are barred by the doctrine of estoppel.

7.

Some or all of the claims in the Amended Complaint are barred because Plaintiffs' copyrights are invalid and/or unenforceable.

8.

Some or all of Plaintiffs' claims in the Amended Complaint are barred by the doctrine of fair use.

9.

Some or all of the claims in the Amended Complaint are barred by the doctrines of waiver or release, or both.

10.

Some or all of the claims in the Amended Complaint are barred by Plaintiffs' failure to mitigate their alleged damages.

11.

Some or all of the claims in the Amended Complaint are barred by Plaintiffs' license (express or implied), consent, and acquiescence to Defendants' uses.

12.

Some or all of the claims in the Amended Complaint are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.

13.

Some or all of the claims in the Amended Complaint are barred because Plaintiffs cannot establish that Defendants' service is incapable of substantial non-infringing use.

14.

Some or all of the claims in the Amended Complaint are barred because Defendants' conduct was in good faith and with non-willful intent, at all times.

15.

Plaintiffs' damages, if any, are limited or eliminated by Defendants' innocent intent.

16.

Plaintiffs' claims are bared in whole or in part by the doctrine of copyright misuse.

17.

Some or all of Plaintiffs' claims in the Complaint are barred by the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et seq.*

18.

Defendants reserve the right to assert additional affirmative defenses as they become apparent through investigation and discovery.

**Answers to the Numbered Paragraphs in the Amended Complaint**

1.

Defendants deny infringing any of Plaintiffs' rights.

2.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 2 of the Amended Complaint, and therefore those allegations are denied. Defendants admit that Spinrilla operates the website spinrilla.com and associated mobile applications for the iOS and Android operating systems. All other allegations of Paragraph 2 of the Amended Complaint are denied.

3.

Defendants admit that "[t]hrough the Spinrilla website and apps, users with an artist account can upload content" onto the Spinrilla Website. To the extent Spinrilla "uploaded and publicly advertised the availability of" some of Plaintiffs' copyrighted works, Spinrilla did so with Plaintiffs' permission. Mr. Copeland did not engage in that activity in his individual capacity. All other allegations in Paragraph 3 of the Amended Complaint are denied.

4.

Defendants admit that Spinrilla is a popular online service provider for mixtape music. Spinrilla's marketing of some of Plaintiffs' music, <u>which was done</u>

<u>at Plaintiffs' request</u>, may have contributed incrementally to Spinrilla's popularity. All other allegations in Paragraph 4 of the Amended Complaint are denied.

5.

Spinrilla realizes revenue from monthly subscribers (including premium memberships) and from advertisers. The remaining allegations in Paragraph 5 of the Amended Complaint are denied.

6.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 6 of the Amended Complaint, and therefore those allegations are denied. The other allegations of Paragraph 6 are also denied.

7.

The allegations in Paragraph 7 of the Amended Complaint consist of legal conclusions which require no response from Defendants. To the extent any additional response is required, the allegations are denied.

8.

The allegations in Paragraph 8 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and therefore they are denied.

9.

The allegations in Paragraph 9 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and therefore they are denied.

10.

The allegations in Paragraph 10 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and therefore they are denied.

11.

The allegations in Paragraph 11 of the Amended Complaint consist of legal conclusions which require no response from Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and therefore they are denied.

12.

The allegations in Paragraph 12 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants are

without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint, and therefore they are denied.

13.

The allegations in Paragraph 13 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Amended Complaint, and therefore they are denied.

14.

The allegations in Paragraph 14 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Amended Complaint, and therefore they are denied.

15.

The allegations in Paragraph 15 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and therefore they are denied.

16.

The allegations in Paragraph 16 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore they are denied.

17.

The allegations in Paragraph 17 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore they are denied.

18.

The allegations in Paragraph 18 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and therefore they are denied.

19.

The allegations in Paragraph 19 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and therefore they are denied.

20.

The allegations in Paragraph 20 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore they are denied.

21.

The allegations in Paragraph 21 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore they are denied.

22.

The allegations in Paragraph 22 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore they are denied.

23.

The allegations in Paragraph 23 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Amended Complaint, and therefore they are denied.

24.

The allegations in Paragraph 24 of the Amended Complaint are not directed at Defendants. To the extent any additional response is required, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and therefore they are denied.

25.

Defendants admit that Spinrilla is a Georgia domestic limited liability with its principal office located in Atlanta, Georgia. Spinrilla is the owner and operator of Spinrilla.com and related mobile applications. The other allegations in Paragraph 25 of the Amended Complaint are denied.

26.

The allegations in Paragraph 26 of the Amended Complaint are admitted.

27.

Defendant Copeland is the CEO of Defendant Spinrilla, and as such, he controls the business, technological and management decisions of Spinrilla, and Copeland maintains the Facebook and Twitter pages for Spinrilla. The remaining allegations in Paragraph 27 are denied.

28.

The allegations in Paragraph 28 of the Amended Complaint called for legal conclusions, and therefore require no response from Defendants.

29.

Defendants admit that this Court has personal jurisdiction over Defendants as Defendants are residents of Georgia and have transacted business within Georgia. The other allegations in Paragraph 29 of the Amended Complaint are denied.

30.

Defendants admit that venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because it is the judicial district in which at least one of the Defendants resides, and because all of the Defendants are residents of Georgia. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 30 of the Amended Complaint, and therefore they stand denied.

31.

The allegations in Paragraph 31 of the Amended Complaint are admitted.

32.

The allegations in Paragraph 32 of the Amended Complaint are admitted except that, at Plaintiffs' request, Spinrilla included a "Purchase" button on Spinrilla.com. This feature drives sales of copies of Plaintiffs' copyrighted works. By clicking on that "Purchase" button, a user of Spinrilla.com would leave there and be redirected to a separate landing page of a digital retailer, often one of the Plaintiff's iTunes pages, where that Spinrilla user may then purchase sound recordings from Plaintiffs. Spinrilla does not receive any money in exchange for

leading its users to digital retailers, including Plaintiffs' iTunes page. Also, not all "mixtapes" can be downloaded.

33.

The allegations in Paragraph 33 of the Amended Complaint are admitted except that not all tracks can be download.

34.

Defendants admit that the "Charts" section of Spinrilla.com allows users to search for content by daily, monthly, or all-time popularity. Defendants also admit that when a user selects a playlist the user is brought to a page containing a list of sound recordings within that playlist. Defendants deny that all songs in the "Charts" section can be streamed or downloaded. Some mixtapes that are set to "stream only" can appear in the "Charts" section; thus, a listener is unable to download those "stream only" mixtapes from the "Charts" section. All other allegations in Paragraph 34 of the Amended Complaint are denied.

35.

Defendants admit that Spinrilla.com possesses a search bar. Defendants admit that users can type the name of a particular artist, or a particular track, into the search bar. Defendants deny Plaintiffs' assertion that either Defendant influences or controls the "Auto Complete" function of the search bar present on Spinrilla.com; rather, that feature is a product called Swiftype, which Spinrilla licenses from a non-

party software provider. The remaining allegations in Paragraph 35 of the Amended Complaint are denied.

36.

The allegations in Paragraph 36 of the Amended Complaint are denied.

37.

Defendants admit that certain users can leave comments on Spinrilla. The remaining allegations in Paragraph 37 of the Amended Complaint are denied.

38.

Plaintiffs' information as alleged in Paragraph 38 of the Amended Complaint is incorrect and therefore these allegations are denied.

39.

Defendants admit that the first version of the Spinrilla iOS application was made in 2013. The other information Plaintiffs recite in Paragraph 39 is incorrect and therefore those allegations are denied.

40.

The allegations in Paragraph 40 of the Amended Complaint are admitted.

41.

The allegations in the first two sentences of Paragraph 41 of the Amended Complaint are admitted. Plaintiffs are incorrect about the "separate website" described in Paragraph 41 of the Amended Complaint and therefore those allegations

are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40, and therefore they are denied.

42.

In response, Defendants state that the Spinrilla mobile applications contain sections labelled "New Releases," "Popular," "Singles," and "Upcoming." The Spinrilla mobile applications also contain a search feature. All other allegations in Paragraph 42 of the Amended Complaint are denied.

43.

The allegations in Paragraph 43 of the Amended Complaint are incorrect and are therefore denied.

44.

The allegations of Paragraph 44 of the Amended Complaint are admitted.

45.

Defendants admit that when a user selects a thumbnail corresponding to a playlist, the user is brought to a page showing an image and identifying sound recordings included in the playlist. Defendants admit that when a user selects a thumbnail corresponding to an individual track, the user is brought to a page that begins streaming the track. All other allegations in Paragraph 45 of the Amended Complaint are denied.

46.

The allegations in Paragraph 46 of the Amended Complaint are admitted, except not all mixtapes or tracks can be downloaded.

47.

Defendants admit that the Spinrilla mobile applications contain a "Radio" option. Defendants admit that a user may skip a track played through the "Radio" option after listening to at least thirty seconds. All other allegations in Paragraph 477 of the Amended Complaint are denied.

48.

Defendants admit that the Spinrilla mobile applications contain a search bar. All other allegations in Paragraph 48 of the Amended Complaint are denied.

49.

The allegations in Paragraph 49 of the Amended Complaint are denied.

50.

The allegations in Paragraph 50 of the Amended Complaint are admitted.

51.

The allegations in Paragraph 51 of the Amended Complaint are admitted.

52.

The allegations in Paragraph 52 of the Amended Complaint are admitted.

53.

Defendants admit that Spinrilla serves an important role in the music industry eco-system and fulfilling that unmet need has, in turn, made Spinrilla popular. In fact, both before and after Plaintiffs filed this lawsuit, Plaintiffs' have requested that Spinrilla host, distribute, and promote Plaintiffs' music on Spinrilla's properties. In further response to the allegations in this paragraph, Defendants admit that Spinrilla has received many positive reviews. Any remaining allegations in Paragraph 53 of the Amended Complaint are denied.

54.

In response to the allegations in Paragraph 54 of the Amended Complaint, Defendants incorporate herein their response to Paragraph 53 of the Amended Complaint. Any remaining allegations in Paragraph 54 of the Amended Complaint are denied.

55.

The allegations in the first sentence of Paragraph 55 of the Amended Complaint are denied because Spinrilla does not "obtain" any sound recordings. As to the allegations in the second sentence, Plaintiffs are correct that no one can upload music to Spinrilla's server with successfully completing the application process for an artist account. The remaining allegations in the second sentence are denied because Plaintiffs do not accurately describe that application process. Plaintiffs are

correct that Spinrilla employs a "rigorous artist screening process." Any other allegations in this paragraph are denied.

56.

Defendants admit the allegations in Paragraph 56 of the Amended Complaint except denies Plaintiffs' parenthetical definition of the word "mixtapes" as that definition is too narrow and/or vague.

57.

Plaintiffs incorrectly describe this feature on Spinrilla and therefore the allegations in Paragraph 57 of the Amended Complaint are denied.

58.

Defendants lack knowledge and information sufficient to form a belief about the ownership or control allegations in Paragraph 58 of the Amended Complaint, and therefore such allegations are denied. For the same reason, Defendants also lack sufficient knowledge and information sufficient to form a belief about the numerical data in this paragraph. To further assist Plaintiffs in understanding Spinrilla's business, Defendants state that the numerical data (*e.g.*, "4,000 streams") displayed for a mixtape is an average across that mixtape. For example, if there are ten songs on a mixtape and one song has 5,000 streams while the nine other songs have zero streams, Spinrilla will display the mixtape as having "500 streams." Any remaining allegations in this paragraph are denied.

59.

The allegations in Paragraph 59 of the Amended Complaint are denied.

60.

The allegations in Paragraph 60 of the Amended Complaint are denied.

61.

The allegations in Paragraph 61 of the Amended Complaint are denied.

62.

The allegations in Paragraph 62 of the Amended Complaint are denied.

63.

Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 63 of the Amended Complaint, and therefore they are denied.

64.

The allegations in Paragraph 64 of the Amended Complaint are denied.

65.

The allegations in Paragraph 65 of the Amended Complaint are denied.

66.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Amended Complaint, and therefore they are denied.

67.

The allegations in Paragraph 67 of the Amended Complaint are denied.

68.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Amended Complaint, and therefore they are denied.

69.

The allegations in Paragraph 69 of the Amended Complaint are denied.

70.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Amended Complaint, and therefore they are denied.

71.

The allegations in Paragraph 71 of the Amended Complaint are denied.

72.

The allegations in Paragraph 72 of the Amended Complaint are denied.

73.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 73 of the Amended

Complaint, and therefore they are denied. The remaining allegations in Paragraph 72 are denied.

74.

The allegations in Paragraph 74 of the Amended Complaint are denied.

75.

Defendants repeat, reallege, and fully incorporate all preceding paragraphs by reference as if set forth fully herein.

76.

The allegations in Paragraph 76 of the Amended Complaint are denied.

77.

The allegations in Paragraph 77 of the Amended Complaint are denied.

78.

The allegations in Paragraph 78 of the Amended Complaint are denied.

79.

The allegations in Paragraph 79 of the Amended Complaint are denied.

80.

The allegations in Paragraph 80 of the Amended Complaint are denied.

81.

The allegations in Paragraph 81 of the Amended Complaint are denied.

82.

Defendants repeat, reallege, and fully incorporate all preceding paragraphs by reference as if set forth fully herein.

83.

The allegations in Paragraph 83 of the Amended Complaint are denied

84.

The allegations in Paragraph 84 of the Amended Complaint are denied.

85.

The allegations in Paragraph 85 of the Amended Complaint are denied.

86.

The allegations in Paragraph 86 of the Amended Complaint are denied.

87.

The allegations in Paragraph 87 of the Amended Complaint are denied.

88.

The allegations in Paragraph 88 of the Amended Complaint are denied.

89.

The allegations in Paragraph 89 of the Amended Complaint are denied.

90.

The allegations in Paragraph 90 of the Amended Complaint are denied.

91.

The allegations in Paragraph 91 of the Amended Complaint are denied.

92.

Defendants deny the allegations contained in the unnumbered paragraph in the Amended Complaint titled, "Prayer for Relief." Defendants further deny that Plaintiffs are entitled to the relief sought in this paragraph. Defendants further deny any and all remaining allegations anywhere in the Amended Complaint that they did not expressly admit.

93.

Defendants request a trial by jury on all issues so triable.

94.

WHEREFORE, Defendants request that Plaintiffs' Amended Complaint be dismissed, with all costs cast upon Plaintiffs, for an award of its attorney's fees incurred in defending this action, and for such other relief as justified and allowed by the evidence, and as may be deemed appropriate by the Court.

Respectfully submitted this 14th day of November, 2017.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Haase
Georgia Bar No. 431935
3379 Peachtree Rd., Suite 980

Atlanta, Georgia 30326
(404) 201-2520 – telephone
david@lilenfeld.com
kaitlyn@lilenfeld.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., SONY MUSIC ENTERTAINMENT US LATIN LLC and ZOMBA RECORDING LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:17-CV-00431-AT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SPINRILLA, LLC and JEFFERY DYLAN COPELAND, | ) ) ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Amended Answer of Defendants to Substituted First Amended Complaint**, on November 14, 2017, was filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to all counsel of record:

James A. Lamberth, Esq.                    Kenneth L. Doroshow, Esq.
*james.lamberth@troutmansanders.com*       *kdoroshow@jenner.com*

Ava U. McAlpin, Esq.                       Previn Warren, Esq.
*amcalpin@jenner.com*                      *pwarren@jenner.com*

November 14, 2017

*/s/ David M. Lilenfeld*
David M. Lilenfeld