IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | Civil File Action No. |
| v. | ) ) | 1:17-CV-0431-AT |
| SPINRILLA, LLC, *et al.,* | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' FIRST MOTION FOR
## SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendants file this first Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, and state as follows:

## I.   Introduction

Plaintiffs' lawsuit alleges that Defendants have infringed thousands of Plaintiffs' sound recordings. **But Plaintiffs have no evidence of copying, which, of course, is the crux of a copyright infringement claim.** Since there is no evidence of copying, Defendants are entitled to summary judgment on both of the two counts in the Complaint.

## II.     Procedural Background

The Complaint contains two counts: (1) Direct Copyright Infringement and (2) Secondary Copyright Infringement. (Amended Complaint, ¶¶ 75-91 (Dkt. 91-1)). Fact discovery ended nine months later, on October 31, 2017 and expert discovery ended on January 15, 2018. (Dkt. 113). The deadline for filing dispositive motions is March 5, 2018. (Dkt. 113).

## III.    Factual Background Relevant to this Motion

The general factual background of this case has been recited in several places, most significantly in the Court's Order following a discovery dispute (Dkt. 58) but also in the Joint Preliminary Report and Discovery Plan (Dkt. 25, pp. 2-6), and Defendants' Motion for Sanctions and Supplemental Brief (Dkts. 98-1 and 114, respectively). For the sake of brevity, Defendants will not repeat that background here.

Specific to this Motion, though, it is key to note that Plaintiffs allege, "an overwhelming amount of the material available on Spinrilla.com and the Spinrilla apps consists of infringing *copies* of Plaintiffs' sound recordings." (Amended Complaint, ¶62 (Dkt. 96) (emphasis added)). Plaintiffs list approximately 2,100 songs they claim they own or control and which have been copied by Defendants. (Amended Complaint, Attachment A (Dkt. 96-1)).

Despite these allegations, as discussed below, Plaintiffs have no *evidence* that any of their sound recordings have been copied by either Defendant.

## IV.  <u>Legal Authorities</u>

The *prima facie* elements of a direct copyright infringement claim (Plaintiffs' first count) are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." (*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 11 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991); see *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1160 (citing *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002)); see also *Disney Enters.*, 798 F. Supp. 2d at 1307 ("[w]here a plaintiff shows that he owns a valid copyright and that the other party copied some of the protect elements of that work, he has shown direct infringement of his copyright.")).

Plaintiffs' second and final count is for "Secondary Copyright Infringement." (Amended Complaint, ¶¶ 82-91). The Eleventh Circuit recognizes two species of secondary copyright infringement: (1) contributory and (2) vicarious. A plaintiff asserting contributory or vicarious theories must prove an underlying act of direct copyright infringement. (*Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990)). Therefore, absent evidence of copying, Defendants

are entitled to summary judgment. (*Id*. at 845 ("[c]ontributory infringement necessarily must follow a finding of direct or primary infringement.")).

Furthermore, to survive summary judgment, a plaintiff needs to present more than allegations in the complaint. (*See, e.g., Celotex Corp. v. Catrett*, 477 U.S. at 322 fn. 3, 106 S.Ct. 2548). Allegations in the Complaint do not create genuine issues of fact. (*See, e.g., Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548 (nonmoving party is required "to go beyond the pleadings ... [to] designate specific facts showing that there is a genuine issue for trial")) and *Mosley v. MeriStar Management Co.,* 137 Fed.Appx. 248, 252 n. 3 (11th Cir.2005) ("the complaint was unverified and therefore could not be considered evidence supporting [plaintiff]'s claim" on summary judgment)).

## V.   <u>Application of Law to Facts</u>

The Amended Complaint asserts that Defendants engaged in unauthorized copying of Plaintiffs' sound recordings. (Amended Complaint, ¶¶ 62-74 (Dkts. 96 and 96-1)). Despite extensive discovery, including written discovery and six depositions of Plaintiffs' representatives, Plaintiffs have failed to provide any evidence that either Defendant directly or indirectly copied any work owned or controlled by any Plaintiff. Since there is no genuine dispute over a material fact –

namely, there is no evidence of copying of Plaintiffs' sound recordings – Defendants are entitled to summary judgment on either count. (Fed.R.Civ.P. 56(a)).

## VI.   <u>Conclusion</u>

Because Plaintiffs have no evidence of copying, they cannot satisfy their *prima facie* case as to either of the two Counts in the Complaint. Therefore, Defendants are entitled to summary judgment on those counts.

Respectfully submitted January 23, 2017.

**LILENFELD PC**

<u>/s David M. Lilenfeld</u>
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Haase
Georgia Bar No. 431935
3379 Peachtree Road, N.E., Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Kaitlyn@Lilenfeld.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: |
| v. | ) ) | 1:17-CV-00431-AT |
| SPINRILLA, LLC *et al.*, | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF
DEFENDANTS' FIRST MOTION FOR SUMMARY JUDGMENT**

On January 23, 2018, Defendants filed the following:

1. Defendants' First Motion for Summary Judgment and Brief in Support;

2. Defendants' Statement of Facts in Support of Defendants' First Motion for Summary Judgment; and

3. Declaration of David M. Lilenfeld

with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to all counsel of record:

James A. Lamberth, Esq.                     Kenneth L. Doroshow, Esq.
james.lamberth@troutmansanders.com          kdoroshow@jenner.com

Ava U. McAlpin, Esq.                          Previn Warren, Esq.
amcalpin@jenner.com                           pwarren@jenner.com


Dated: January 23, 2018.

**LILENFELD PC**

_/s David M. Lilenfeld_
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Haase
Georgia Bar No. 431935
3379 Peachtree Road, N.E., Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Kaitlyn@Lilenfeld.com