IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., ROC-A-FELLA RECORDS, LLC, SONY MUSIC ENTERTAINMENT US LATIN LLC, and ZOMBA RECORDING LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SPINRILLA, LLC and JEFFERY DYLAN COPELAND, <br><br> Defendants. | Civil Action No. 1:17-CV-00431-AT |

**MOTION TO STRIKE DEFENDANTS' UNTIMELY AND OVERLENGTH SUMMARY JUDGMENT REPLY BRIEF AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

Plaintiffs hereby move to strike[1] Defendants' summary judgment reply brief (Dkt. 183) as untimely filed and over length, in violation of the Local Rules and Federal Rules of Civil Procedure. If the Court nonetheless decides to consider Defendants' reply brief, Plaintiffs respectfully request leave to file the attached 8-page surreply to address new arguments and to correct numerous mischaracterizations and misstatements in the reply brief. Indeed, Defendants' opening brief contained only *a single paragraph* of argument, *see* Dkt. 173 at 4-5, whereas the reply brief introduced *fifteen pages* of new argument, nearly all of which Defendants could (and should) have raised in their opening brief. Without the ability to file the proposed surreply, therefore, Plaintiffs would be severely prejudiced.

## A. Motion to Strike Untimely and Over-Length Reply Brief

This Court's Local Rules specify in pertinent part that, if a reply is filed, it "must be served not later than fourteen (14) days after service of the responsive pleading," and "may not exceed fifteen (15) pages." LR 7.1(C), (D); *see also Walker v. City of Hapeville*, Case No. 1:08-CV-1036-JEC-GGB, 2010 WL 11506427, at *5 (N.D. Ga. Nov. 22, 2010). Defendants' reply brief (Dkt. 183) violates both of these

---

[1] In moving to strike the reply, Plaintiffs are asking that the Court refuse to consider it. *See, e.g.*, *Techjet Innovations Corp. v. Benjelloun*, 203 F. Supp. 3d 1219, 1234-35 (N.D. Ga. 2016).

1

requirements. The reply brief also improperly includes new arguments and substantial distortions of the facts. It should be disregarded by the Court.

Defendants filed their motion for summary judgment on January 23, 2018. Dkt. 173. Plaintiffs filed their response on February 13. Dkt. 177. Defendants' reply was due to be filed no later than February 27, 2018, but it was not filed until close of business on February 28, a full day late. Dkt. 183. In addition to being untimely, the brief is two pages of argument over the 15-page maximum. LR 7.1(C), (D).

Defendants further disregarded the Court's rules by failing to "seek leave to file a late reply within the original time allowed," and by failing to "attempt to address or show good cause or excusable neglect for the late filing of [their] reply brief." *Walker*, 2010 WL 11506427, at *5 (citing Fed. R. Civ. P. 6(b)(1)). Defendants also failed to seek Plaintiffs' consent. Doroshow Decl. ¶ 5.

Nor did Defendants seek the Court's leave or Plaintiffs' consent to file an over-length reply. *E.g.*, *McMillan v. Dekalb County, Ga.*, Case No. 104-CV-3039-BBM, 2005 WL 5121856, at *4 (N.D. Ga. Feb. 15, 2005) (parties obligated to seek Court's leave in advance if they want to file an over-length reply brief); *see also* Doroshow Decl. ¶ 5. The two excess pages do not "merely include the signature page and Local Rule 5.1 certification page." *McKinstry v. Ikon Office Solutions,*

*Inc.*, Case No. 1:05-CV-3119-CC-AJB, 2007 WL 9700933, at *3 (N.D. Ga. Jan. 12, 2007).[2] Instead, the two excess pages contain argument beyond anything in Defendants' opening brief—indeed, Defendants' opening brief contained only *a single paragraph* of argument. Defendants withheld the substance of their argument until their reply brief, nearly all of which could (and should) have been made in their opening brief.

Because Defendants did not move to file a late or over-length reply, and have not shown excusable neglect for the late and over-length filing, Defendants' reply brief should not be considered by the Court. *E.g.*, *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1290 (N.D. Ga. 2013) ("[C]ourts generally will not consider issues raised for the first time in a reply brief."); *Fresh Beginnings, Inc. v. Who's Calling, Inc.*, Case No. 1:07-CV-0524-GET, 2010 WL 11507622, at *3 (N.D. Ga. Mar. 5, 2010) (denying motion for leave to file summary judgment reply brief); *Stanislaus v. Emory Univ.*, Case No. 1:05-CV-1496-RWS, 2006 WL 8432146, at *5 (N.D. Ga. July 28, 2006) (refusing to consider untimely reply brief).

---

[2] Indeed, Defendants did not include the required Local Rule 5.1 certification at all.

3

### B. Motion for Leave to File Surreply

If the Court were nonetheless to consider Defendants' reply brief (which it should not), Plaintiffs seek leave to file the 8-page surreply attached to this motion. Defendants' reply brief is replete with new arguments, mischaracterizations, and misstatements, which Plaintiffs seek to address and correct, and which would otherwise cause Plaintiffs prejudice.

"Leave to file a surreply may be granted when a party raises new issues in a reply." *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp.2d 1293, 1327 (N.D. Ga. 2008); *see also Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) ("[V]alid reason for . . . additional briefing exists . . . where the movant raises new arguments in its reply brief."); *Phuc Quang Le v. Humphrey*, Case No. 1:10–CV–00408–WCO, 2014 WL 12732019, at *3 (N.D. Ga. Feb. 26, 2014) (granting leave to file surreply where reply brief contained "misstatements of law and fact and asserted new arguments premised on the misstatements").

The new arguments, misstatements, and mischaracterizations in Defendants' reply brief are numerous. Among the new arguments are the following: (1) Defendants assert—without citation to any legal authority—that a plaintiff in a copyright infringement lawsuit can prove infringement only by using expert testimony, Dkt. 183 at 3-4, 17; (2) Defendants assert—again without citation to legal

4

authority—that automated fingerprinting technologies like Audible Magic cannot be used to prove infringement, *id.* at 12-13; and (3) Defendants assert—yet again without legal authority—that computer-generated material like Audible Magic results is inadmissible hearsay, *id.* at 14-16.

By their own account, Defendants have known for months that Plaintiffs were proceeding without an expert to establish Defendants' liability for the infringement of the 2,083 works in suit, and that Plaintiffs had used Audible Magic in their process of identifying those infringements. *See id.* at 4-5. All of these new arguments in Defendants' reply brief therefore could (and should) have been raised at the outset. Instead, Defendants chose to include only a single paragraph of unspecific argument in their opening brief and to wait until their reply to introduce the substance of their arguments through an over-length reply brief of 17 pages. Such an unfair tactic works an extreme prejudice on Plaintiffs that can only be remedied through a surreply. *E.g., Salerno v. Ridgewater Coll.*, Civ. No. 06–1717, 2008 WL 509001, at *4 (D. Minn. Feb. 8, 2008) ("It would be unfair to permit a movant to sandbag a nonmovant by asking the court to grant summary judgment on the basis of an argument made for the first time in a reply brief."); *Int'l Telecomm. Exch. Corp. v. MCI Telecomms. Corp.*, 892 F. Supp. 1520, 1531 (N.D. Ga. 1995) ("Where a party

does raise new grounds in its reply, the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument").

The misstatements and mischaracterizations in Defendants' reply brief are even more numerous: (1) Defendants mischaracterize the process that Plaintiffs employed to identify infringing copies of each and every one of the 2,083 works in suit, *id.* at 7; (2) Defendants mischaracterize Audible Magic as suffering from "false positives,"[3] *id.* at 13, when, in fact, as Defendants' own expert maintains, the Audible Magic false positive rate is effectively zero; (3) Defendants incorrectly claim that "[i]n discovery, Spinrilla asked Plaintiffs to produce [] Audible Magic scan results and Plaintiffs refused," *id.* at 8-9; (4) Defendants mischaracterize as "lawyer chatter" their own admissions that nearly 100,000 sound recordings that were on Spinrilla—and which Defendants belatedly produced to Plaintiffs in December 2017—are infringing, *id.* at 11; and (5) Defendants employ several misstatements and mischaracterizations to attempt to challenge the testimony of Plaintiffs' fact witness, Jeremy Landis, including, for example, by claiming that his

---

[3] 

declaration in opposition to Defendants' summary judgment motion was somehow filed "late," *id.* at 13-14. The proposed surreply is therefore necessary to correct these "misstatements of law and fact and ... new arguments premised on the misstatements." *Phuc Quang Le*, 2014 WL 12732019, at *3.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court disregard Defendants' reply brief, or, if the Court considers the reply brief, that the Court grant Plaintiffs leave to file the attached 8-page surreply.

This 8th day of March 2018.

Respectfully submitted,

JENNER & BLOCK LLP

*/s/ Kenneth L. Doroshow*
KENNETH L. DOROSHOW
(Admitted Pro Hac Vice)
SCOTT B. WILKENS
(Admitted Pro Hac Vice)
PREVIN WARREN
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

AVA U. MCALPIN
(Admitted Pro Hac Vice)
919 Third Avenue
New York, NY 10022

Telephone: (212) 891-1600
Facsimile: (212) 891-1699

TROUTMAN SANDERS LLP
JAMES A. LAMBERTH
james.lamberth@troutmansanders.com
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Kenneth L. Doroshow, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rule 5.1(C) and 7.1(D).

/s/ Kenneth L. Doroshow
KENNETH L. DOROSHOW

**CERTIFICATE OF SERVICE**

I, Kenneth L. Doroshow, an attorney, hereby certify that on this 8th day of March 2017, Plaintiffs' Motion to Strike Defendants' Untimely and Over-Length Reply Brief and for Leave to File a Surreply was electronically filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ Kenneth L. Doroshow
KENNETH L. DOROSHOW