# EXHIBIT 1

**Email chain ending in email from Kenneth Doroshow to David Lilenfeld et al., dated Nov. 17, 2017 3:36 PM**

| | |
|---|---|
| **From:** | Doroshow, Kenneth L. |
| **Sent:** | Friday, November 17, 2017 3:36 PM |
| **To:** | 'David M. Lilenfeld' |
| **Cc:** | Wilkens, Scott B.; Warren, Previn; McAlpin, Ava U.; Kaitlyn Haase; Craig Creeden |
| **Subject:** | RE: Spinrilla – results of RIAA scans of 25k audio files |

David,

I agree that this portion of the Landis deposition supports your claim that the RIAA's MySQL database contains records of the results of the RIAA's Audible Magic scans of the downloaded files. I will speak with the RIAA on Monday (Mr. Landis has been out all week because of a death in his family) and will see how accessible and segregable that data is. In the meantime, however, you still have not addressed the more fundamental problems with your request:

First, you have yet to show how the results of the RIAA's Audible Magic scans are in any way relevant to the issues in this case. As I have explained, your claim that "Plaintiffs are relying on the Audible Magic scans to support their infringement claims" is incorrect. Plaintiffs are relying on the infringing sound recordings themselves, all copies of which are already in Defendants' possession. Again, of what possible relevance are the RIAA's scan results?

Second, the RIAA's application of Audible Magic as a means of screening the downloaded sound recordings for possible infringement is plainly investigative work product. What justification do Defendants have for overcoming that protection here??Are you suggesting that we produce this material to you subject to your previous agreement not to contend that the production in any way constitutes a waiver of work product or other applicable privilege?

Finally, you did not ask for this material at any point prior to the close of fact discovery. Please explain what basis Defendants have for making this request at this late date, and what obligation you believe Plaintiffs to be under to produce the requested material.

All of that said, and without waiver of any of the foregoing, we are open to discussing the possibility of a fair exchange if, notwithstanding the issues I have noted above, we are to agree to provide you with the results of the RIAA's Audible Magic scans. Among other things, our agreement to do so would have to be contingent on Defendants' immediate production of all of the "greyed out" sound recordings. Moreover, our agreement to provide you with the Audible Magic scans would also have to be contingent on Defendants' immediate production of (1) the schema for the database table(s) that contain(s) data for the "greyed out" recordings, and (2) all data fields available (or even potentially

available) for those recordings (i.e. the spreadsheet you produced to us but revised to include all database fields for the greyed out sound recordings, including but not limited to the Spinrilla.com URLs that Defendants now admit are contained in the database). Our agreement would also have to be contingent on your acceptance that fact discovery is over, and that Defendants will not seek any further information from Plaintiffs beyond this.

It is probably worth a phone call to talk through this issue. I can be available to speak Monday afternoon or Tuesday, at your convenience. Please let me know what time works best for you.

Ken

---

**From:** David M. Lilenfeld [mailto:david@lilenfeld.com]
**Sent:** Friday, November 17, 2017 10:06 AM
**To:** Doroshow, Kenneth L.
**Cc:** Wilkens, Scott B. ; Warren, Previn ; McAlpin, Ava U. ; Kaitlyn Haase ; Craig Creeden
**Subject:** Spinrilla - results of RIAA scans of 25k audio files

Ken,

Below is another portion of the Landis deposition that makes clear that the results of the RIAA's Audible Magic scans of the ?5k files the RIAA downloaded from Spinrilla are in the RIAA database.

Will Plaintiffs now produce the scan results to Spinrilla?

David

2

```
ATLANTIC RECORDING CORPORATION, ET AL. -v- SPINRILLA, LLC, ET AL.
Confidential          Jeremy Landis on 10/27/2017                  Page 65

 1   were identified as matches, did you do
 2   anything with that information?
 3        A.   That information would have been
 4   communicated to Mr. Linares.
 5        Q.   And the once that had a match,
 6   would that be indicated in the MySQL
 7   database tables?
 8        A.   Yes.
 9        Q.   And I assume if there was not a
10   match, that would be indicated in there as
11   well?
12        A.   Yes.
```



Intellectual Property Law

3379 Peachtree Road NE

Suite 980

Atlanta, Georgia 30326

(404) 201-2520 - telephone

David@Lilenfeld.com

Angela@Lilenfeld.com - assistant

---

**Kenneth L. Doroshow**

**Jenner & Block LLP**
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412 | jenner.com

+1 202 639 6027 | TEL
+1 202 661 4855 | FAX
KDoroshow@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.