# EXHIBIT 2

**Email chain ending in email from Kenneth Doroshow to David Lilenfeld et al., dated Nov. 17, 2017 3:59 PM**

| | |
|---|---|
| **From:** | Doroshow, Kenneth L. |
| **Sent:** | Friday, November 17, 2017 3:59 PM |
| **To:** | 'David M. Lilenfeld' |
| **Cc:** | Kaitlyn Haase; James Lamberth; Warren, Previn; McAlpin, Ava U.; Wilkens, Scott B. |
| **Subject:** | RE: Spinrilla – Motion for Leave to file separate MSJs |

David,

What obligation do we have to respond to a request for irrelevant information that was made after the close of discovery? And if we all are to do what we are "supposed to do," then why did Defendants conceal the existence of tens of thousands of likely infringing sound recordings until October 2 and yet, now that their existence has come to light, still refuse to commit to a date certain by which they will produce them to us? We are open to a reasonable accommodation here and have outlined one possible resolution below, but you need to show some good faith as well.

As you say, let's try to wrap this up by phone next week.

Ken

**From:** David M. Lilenfeld [mailto:david@lilenfeld.com]
**Sent:** Friday, November 17, 2017 3:53 PM
**To:** Doroshow, Kenneth L.
**Cc:** Kaitlyn Haase ; James Lamberth ; Warren, Previn ; McAlpin, Ava U. ; Wilkens, Scott B.
**Subject:** Re: Spinrilla – Motion for Leave to file separate MSJs

Ken,


Each side should fulfill their discovery obligations. Period. Why are we horse trading?


Just do what you are supposed to do.


David



Intellectual Property Law

3379 Peachtree Road NE

Suite 980

Atlanta, Georgia 30326

(404) 201-2520 – telephone

David@Lilenfeld.com

Angela@Lilenfeld.com – assistant

---

**From:** Doroshow, Kenneth L. <KDoroshow@jenner.com>
**Sent:** Friday, November 17, 2017 3:41 PM
**To:** David M. Lilenfeld
**Cc:** Kaitlyn Haase; James Lamberth; Warren, Previn; McAlpin, Ava U.; Wilkens, Scott B.
**Subject:** RE: Spinrilla – Motion for Leave to file separate MSJs

David,

Can you please give me a better sense of exactly what you are proposing? It is not immediately apparent why you believe that "[i]t will be easier for the Court" to address multiple motions. What issues do you believe should be separated into different motions, and why?

Ken

---

**From:** David M. Lilenfeld [mailto:david@lilenfeld.com]
**Sent:** Friday, November 17, 2017 11:51 AM
**To:** Doroshow, Kenneth L. <KDoroshow@jenner.com>
**Cc:** Kaitlyn Haase <kaitlyn@lilenfeld.com>; James Lamberth <james.lamberth@troutmansanders.com>; Warren, Previn <PWarren@jenner.com>; McAlpin, Ava U. <AMcAlpin@jenner.com>; Wilkens, Scott B. <SWilkens@jenner.com>
**Subject:** Spinrilla – Motion for Leave to file separate MSJs

Ken,

It will be easier for the Court to have separate Motions for Summary Judgment from Spinrilla (we'll probably file three). This would be instead of arguing all three issues in a single Motion.

Spinrilla plans to file a Motion requesting permission to file separate MSJs. Can I tell the Court that Plaintiffs consent to Spinrilla's request?

David

2



Intellectual Property Law
3379 Peachtree Road NE
Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Angela@Lilenfeld.com – assistant

**Kenneth L. Doroshow**

**Jenner & Block LLP**
1099 New York Avenue, N.W.
Suite 900, Washington, DC 20001-4412 | jenner.com
+1 202 639 6027 | TEL
+1 202 661 4855 | FAX
KDoroshow@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.