IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SPINRILLA, LLC, *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil File Action No.<br><br>1:17-CV-0431-AT |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY BRIEF AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

Defendants cannot genuinely dispute that their reply brief contains new arguments that should have been raised in the opening brief, and that the reply is rife with misrepresentations and misstatements. Dkt. 187 at 4-7. Defendants concede that they filed their reply brief out of time, but do not even attempt to show good cause or excusable neglect. Dkt. 192 at 3. And Defendants fail to provide any good reason why their brief is over-length. Dkt. 192 at 2-3.

Nonetheless, if the Court were to excuse these improprieties, the Court should accept the surreply that Plaintiffs previously submitted, Dkt. 187-1, for the reasons set forth in Plaintiffs' motion.

1

Defendants mistakenly claim that it is "fairly standard" for this Court to accept past due filings, citing a case involving a *pro se* litigant. Dkt. 192 at 3-4 (citing and quoting *Wiley v. Pless Sec., Inc.*, No 1:05-CV-0332, 2006 WL 8431781, at *5 (N.D. Ga. June 16, 2006)). Even in that case, however, after noting the special leniency shown *pro se* litigants, the court agreed to consider the out-of-time response brief because the defendant had the opportunity to file a reply brief. *Wiley v. Pless Sec., Inc.*, No 1:05-CV-0332, 2006 WL 8431781, at *4-5 (N.D. Ga. June 16, 2006).

The same is true of the other cases cited by Defendants. Dkt. 192 at 4-5. In those cases, the courts considered out-of-time summary judgment response briefs because the movants were able to and did in fact file replies. *Craven v. U.S.*, 70 F. Supp. 2d 1323, 1327-28 (N.D. Ga. 1999); *Marcius v. RJM Acquisitions, LLC*, No. 1:14-CV-02967, 2015 WL 12681657, at *2 n.2 (N.D. Ga. Oct. 23, 2015). Plaintiffs should be afforded the same opportunity. If Defendants' reply brief —replete with new arguments, misrepresentations and misstatements—is to be considered at all, then a surreply is warranted and necessary to avoid prejudice to Plaintiffs.

## CONCLUSION

For the reasons given in Plaintiffs' motion and herein, Plaintiffs respectfully request that the Court disregard Defendants' reply brief, or, if the Court considers

the reply brief, that the Court grant Plaintiffs leave to file the surreply attached to Plaintiffs' motion (Dkt. 187-1).

This 29th day of March 2018.    Respectfully submitted,

JENNER & BLOCK LLP

 /s/ Kenneth L. Doroshow
KENNETH L. DOROSHOW
(Admitted Pro Hac Vice)
SCOTT B. WILKENS
(Admitted Pro Hac Vice)
PREVIN WARREN
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

AVA U. MCALPIN
(Admitted Pro Hac Vice)
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

TROUTMAN SANDERS LLP
JAMES A. LAMBERTH
james.lamberth@troutmansanders.com
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611
*Attorneys for Plaintiffs*

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

I, Kenneth L. Doroshow, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rule 5.1(C) and 7.1(D).

                                          */s/ Kenneth L. Doroshow*
                                          KENNETH L. DOROSHOW

## CERTIFICATE OF SERVICE

I, Kenneth L. Doroshow, an attorney, hereby certify that on this 29th day of March 2017, Plaintiffs' Reply In Support Of Plaintiffs' Motion to Strike Defendants' Reply Brief And, In the Alternative, for Leave to File a Surreply was electronically filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

                                          */s/ Kenneth L. Doroshow*
                                          KENNETH L. DOROSHOW