UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC RECORDING
CORPORATION, *et al.*,

      Plaintiffs,

      v.

SPINRILLA, LLC, *et al.*,

      Defendants.

Civil Action No.
1:17-CV-00431-AT

## <u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND EXHIBIT A TO THE AMENDED COMPLAINT</u>

Plaintiffs respectfully oppose Defendants' Motion to Stay Ruling on Plaintiffs' Motion for Leave to Amend Exhibit A to the Amended Complaint (Dkt. 197).   According to Defendants, resolution of their motion for sanctions should precede a decision on the addition of new works in suit because "part of the relief requested by Defendants' Motion for Sanctions was to prohibit Plaintiffs from further amending Exhibit A to the Amended Complaint."   Dkt. 197 at 2.   But Defendants have it precisely backwards:  Plaintiffs should be allowed now to add to this case the thousands of copyrighted works that Defendants improperly concealed

and only recently produced, and Defendants' Motion for Sanctions—which was premised on Defendants' misrepresentations to the Court regarding the very existence of those works—should be denied.

As the Court will recall, at a status conference held on September 19, 2017, the parties vigorously debated Defendants' decision to withhold Spinrilla's database of sound recordings.  During this colloquy, Plaintiffs' counsel stated that "[w]e have found what we found through the process of reviewing the website as best we can from the outside looking in," but that Plaintiffs could not know the full scope of the infringements on Spinrilla without access to the database.  Dkt. 87 (Transcript of Sept. 19, 2017 Hearing) at 52:20-24.   Defendants' counsel argued against this position, claiming that discovery of Spinrilla's database was unnecessary because Plaintiffs could access all of Spinrilla's data on their own:  "Everything is on the website. . . . [T]he music on Spinrilla is on Spinrilla.  [Plaintiffs] have log-ins.  They have all of that."  *Id*. at 51:23-52:5; *see also id.* at 46:16-47:18 ("Spinrilla is—it is a public—everything on Spinrilla is on Spinrilla. . . . They have got all the tools.").

On October 3, 2017, Defendants filed their motion for sanctions, arguing that Plaintiffs had "lied" to the Court by claiming that they needed discovery from Defendants to know the full scope of infringements on Spinrilla, and that this supposed "lie" had somehow "derailed" this case.  Dkt. 100 at 3-4.  In making this

baseless charge, Defendants failed to mention that, just the previous day, Defendant Jeffery Dylan Copeland had admitted in his deposition that—contrary to what Defendants' counsel told the Court in the September hearing—Defendants possessed a vast trove of "hidden" infringing sound recordings that Plaintiffs could not have found on their own, all of which were reflected in the very database to which Plaintiffs had been seeking access since the start of discovery a year ago. Dkt. 130 at 3-4, 12-13. This admission thus confirmed that Plaintiffs had been truthful with the Court—and, conversely, that Defendants had not.

After months of Plaintiffs' repeated requests, and nearly two months after the close of fact discovery, Defendants finally produced a hard drive containing this trove of hidden MP3 audio files, all of which had once been hosted on the Spinrilla system but which Defendants themselves subsequently flagged as infringing and blocked from public (and thus from Plaintiffs') view. Dkt. 178-2 (February 5, 2018 Declaration of Scott B. Wilkens) ¶ 11. Immediately upon receiving these audio files, Plaintiffs diligently analyzed the files to identify infringements of their copyrighted works from among those audio files—those sound recordings already included as works in suit in the current Exhibit A to the Amended Complaint as well as any works not yet included in Exhibit A. *See* Dkt. 194-1, 195 (Mem. Supp. Pls.' Mot. Leave to Amend Ex. A to Am. Compl.) at 6-7. As a result of that laborious process,

Plaintiffs identified over 2,000 additional copyrighted sound recordings that were infringed on the Spinrilla service. *Id.* Plaintiffs' motion for leave to amend Exhibit A seeks to add these infringed recordings to the Amended Complaint. *Id.*

For months, Defendants have used their sanctions motion—and the false premise on which it is based—to tie up this case in a protracted sideshow rather than confront the merits. Indeed, even as recently as a few weeks ago, Defendants repeated the demonstrable falsehood that Plaintiffs "lied" when they claimed to have been "handicapped" by not having access to Defendants' databases, asserting once again—in the face of all evidence to the contrary—that Plaintiffs were able "to collect *all* data from Spinrilla.com" on their own. Dkt. 182 (Defs.' Reply Further Supp. First Mot. Summ. J.) at 4-5 (emphasis in original). But it is well past time for this sideshow to end and for this case to proceed to the merits on the basis of the infringements that Plaintiffs have been able to identify to date—including the more than 2,000 infringed sound recordings that Plaintiffs have identified from Defendants' belated production of previously-hidden audio files, and which Plaintiffs now seek to add as works in suit. Defendants should not be permitted to forestall the addition of these new works in suit through their own improper delay in disclosing the hidden files, or on the basis of a sanctions motion whose premise is so demonstrably false.

Accordingly, Plaintiffs' Motion for Leave to Amend Exhibit A to the Amended Complaint to add these new works in suit should be permitted to go forward without delay, and Defendants' motion for a stay should be denied.

This 24th day of April, 2018.          Respectfully submitted,

*/s/ Kenneth L. Doroshow*

JENNER & BLOCK LLP
KENNETH L. DOROSHOW
(Admitted Pro Hac Vice)
SCOTT B. WILKENS
(Admitted Pro Hac Vice)
PREVIN WARREN
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

AVA U. MCALPIN
(Admitted Pro Hac Vice)
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

TROUTMAN SANDERS LLP
JAMES A. LAMBERTH
james.lamberth@troutmansanders.com
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Kenneth L. Doroshow, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ *Kenneth L. Doroshow*
KENNETH L. DOROSHOW

**CERTIFICATE OF SERVICE**

I, Kenneth L. Doroshow, an attorney, hereby certify that on this 24th day of April, 2018, Plaintiffs' Opposition to Defendants' Motion to Stay Ruling on Plaintiffs' Motion for Leave to Amend Exhibit A to the Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ *Kenneth L. Doroshow*
KENNETH L. DOROSHOW