# Plaintiff UMG Recordings, Inc.'s Amended Responses and Objections to Defendants' First Requests for Admission to UMG Recordings, Inc. (Dkt. 284)

# Plaintiffs' and Defendants' Redactions

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC RECORDING
CORPORATION, LAFACE
RECORDS LLC, SONY MUSIC
ENTERTAINMENT, UMG
RECORDINGS, INC., WARNER
BROS. RECORDS INC., ARISTA
MUSIC, ARISTA RECORDS LLC,
BAD BOY RECORDS LLC,
CAPITOL RECORDS, LLC,
ELEKTRA ENTERTAINMENT
GROUP INC., ROC-A-FELLA
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT US LATIN LLC,
ZOMBA RECORDING LLC,

     Plaintiffs,

     v.

SPINRILLA, LLC and JEFFERY
DYLAN COPELAND,

     Defendants.

Civil Action No.
1:17-CV-00431-AT

**PLAINTIFF UMG RECORDINGS, INC.'S AMENDED RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION
TO UMG RECORDINGS, INC.**

     Pursuant to Federal Rules of Civil Procedure 26 and 36, the Local Rules, and

the Court's Standing Order, (Dkt. No. 5), Plaintiff UMG Recordings, Inc. ("UMG")

by and through the undersigned counsel, hereby responds and objects to Defendants'

First Requests for Admission to UMG Recordings, Inc., dated June 23, 2017 (the

"Requests" and each individually, a "Request"). Additionally, Capitol Records,

LLC and Roc-A-Fella Records, LLC sign onto UMG Recordings, Inc.'s Responses

and Objections, dated July 31, 2017, including as amended hereto on October 31,

2017. "UMG" shall be interpreted as incorporating Capitol Records LLC and Roc-

A-Fella Records, LLC unless otherwise noted.

## **NON-WAIVER**

UMG's Responses and Objections are made without waiver, and with

preservation of, all objections as to the competency, relevancy, materiality,

privilege, and admissibility of the responses and subject matter thereof as evidence

for any purposes in any part of this Action or in any other action or proceeding. No

response made herein, or lack thereof, shall be deemed an admission by Plaintiffs as

to the existence or nonexistence of documents.

## **SUPPLEMENTATION**

UMG states that it has made a reasonable inquiry pursuant to Rule 36(a)(4) of

the Federal Rules of Civil Procedure, and that the answers to these Requests for

Admissions are based upon such reasonable inquiry. UMG expressly reserves the

right to modify and supplement its responses and objections should it discover

additional information responsive to these Requests for Admissions prior to the trial in this Action.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

**DEFINITION NO. 2:**

The terms "You" or "Your" shall refer, without limitation, to UMG Recordings, Inc., and all representatives, agents, attorneys, and/or anyone else acting on its behalf.

**OBJECTION TO DEFINITION NO. 2**:

Plaintiffs object to the definition of the terms "You" and "Your" set forth in the Requests to the extent that including "attorneys" in the definition of the terms calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. UMG further objects that the terms "representative" and "agent" as used in this definition are vague and improperly call on UMG to make conclusions under principles of agency law, with respect to potentially thousands of unspecified individuals. See Fed. R. Civ. P. 36(a)(1)(A).

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1**:

Admit that You have had internal discussions regarding the acquisition of Spinrilla, or of its assets. "Acquisition," as used here, includes the acquisition (or potential acquisition) of a full or partial ownership interest in Spinrilla, or in assets of Spinrilla.

**RESPONSE TO REQUEST NO. 1**:

UMG objects to Request No. 1 on the grounds that the term "discussions" is vague and ambiguous. UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 2**:

Admit that, aside from formal or informal take-down requests, prior to filing this lawsuit, You did not communicate with either Defendant about the infringement alleged in the Complaint.

**RESPONSE TO REQUEST NO. 2**:

UMG objects to Request No. 2 on the ground that the phrase "formal or informal take-down requests" is vague and ambiguous. UMG interprets "take-down requests" to refer to requests to remove specific sound recordings. UMG also incorporates its objection to the definition of "You" and "Your."

Denied.

**REQUEST NO. 3**:

Admit that You do not own or exclusively control copyrights for all sound recordings and album cover work available on Spinrilla.

**RESPONSE TO REQUEST NO. 3**;

UMG objects to Request No. 3 on the ground that the phrase "album cover work" is incoherent. UMG understands that by "album cover work," this Request means "album cover art." UMG further objects to this Request on the ground that album cover art is not relevant to the claims or defenses in this Action. UMG has not asserted any copyright infringement claims on the basis of the album cover art it owns or exclusively controls. UMG also incorporates its objection to the definition of "You" and "Your."

Admitted.

**REQUEST NO. 4**:

Admit that You do not own or exclusively control copyrights for the majority of sound recordings and album cover work available on Spinrilla.

**RESPONSE TO REQUEST NO. 4**:

UMG objects to Request No. 4 on the ground that the phrase "album cover work" is incoherent. UMG understands that by "album cover work," this Request means "album cover art." UMG further objects to this Request on the ground that album cover art is not relevant to the claims or defenses in this Action. UMG has

not asserted any copyright infringement claims on the basis of the album cover art it owns or exclusively controls. UMG also incorporates its objection to the definition of "You" and "Your."

UMG does not have knowledge of the full catalogue of sound recordings and album cover art that are or were available on Spinrilla and therefore cannot determine whether or not it owns or exclusively controls copyrights for the "majority of sound recordings and album cover work available on Spinrilla." Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 5**:

Admit Plaintiffs do not collectively own "over 21,000 sound recordings, the copyrights to which are owned or exclusively controlled by [You], that are available on Spinrilla.com and the Spinrilla apps." (Complaint, ¶ 55).

**RESPONSE TO REQUEST NO. 5**:

UMG objects to Request No. 5 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 55 for its full and complete terms. UMG further objects to Request No. 5 as incoherent because it refers first to Plaintiffs' collective ownership, but then uses the phrase "You," which is defined to exclude

the other Plaintiffs in this Action.  UMG further incorporates its objection to the definition of "You" and "Your."

UMG does not have knowledge of the full catalogue of sound recordings available on Spinrilla.  UMG has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 6**:

Admit You have never identified for either Defendant any sound recordings allegedly infringed by either Defendant, other than those in amended Exhibit A (Dkt. 13).

**RESPONSE TO REQUEST NO. 6**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 7**:

Admit Defendants had permission from Your representative to publish on Spinrilla at least one of the 210 songs You claim you own in amended Exhibit A (Dkt. 13).

**RESPONSE TO REQUEST NO. 7**:

UMG objects to Request No. 7 on the ground that the term "Your representative" is incoherent because the definition of the term "Your," as set forth in these Requests, already includes "representatives" of UMG. As written, the Request includes the representatives of the representatives of UMG, which is an unmanageably broad category of individuals that UMG cannot reasonably narrow. UMG also objects to Request No. 7 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. Accordingly, UMG interprets the Request as follows: "Admit Defendants had permission from You to publish on Spinrilla at least one of the 210 sound recordings You claim you own in amended Exhibit A (Dkt. 13)." UMG further objects on the basis that it does not claim to own 210 sound recordings in amended Exhibit A (Dkt. No. 13).

UMG further objects that the term "representative" as used in this Request and in the definition of "You" is vague and calls for a conclusion of law that falls outside the proper scope of a request to admit. See Fed. R. Civ. P. 36(a)(1)(A).

Denied.

**REQUEST NO. 8**:

Admit Defendants had permission from a representative of a Plaintiff to publish on Spinrilla the musical album Slime Season 3 by artist Young Thug.

**RESPONSE TO REQUEST NO. 8**:

8

After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 9**:

Admit that Rahim Wright is Young Thug's manager.

**RESPONSE TO REQUEST NO. 9**:

After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 10**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to act on Young Thug's behalf with respect to promoting Slime Season 3.

**RESPONSE TO REQUEST NO. 10**:

After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 11**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to act on behalf of Atlantic Recording Corporation with respect to promoting Young Thug's Slime Season 3.

**RESPONSE TO REQUEST NO. 11**:

After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 12**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to allow the publishing of Young Thug's Slime Season 3 on Spinrilla.

**RESPONSE TO REQUEST NO. 12**:

After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 13**:

Admit You, or agents of the artists who created the copyrighted sound recordings which You own or exclusively control, requested that Defendants upload certain copyrighted works to Spinrilla.

**RESPONSE TO REQUEST NO. 13**:

UMG objects to the term "agents of artists," which is ambiguous and overbroad, which calls on UMG to investigate the actions of potentially thousands of people, many of whom are not known to UMG and are not under UMG's control, and which calls on UMG to evaluate, absent that factual basis, whether any individual is an "agent" under principles of agency law. UMG also incorporates its objection to the definition of "You" and "Your." UMG objects to the term "certain

copyrighted works," which is ambiguous; UMG interprets this term to mean any work that is copyrighted, rather than just works the copyrights to which are owned or exclusively controlled by UMG.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████

**REQUEST NO. 14**:

Admit that You, or agents of the artists who created the copyrighted sound recordings which You own or exclusively control, have on at least one occasion asked Spinrilla to promote music You have an ownership interest in.

**RESPONSE TO REQUEST NO. 14**:

UMG objects to Request No. 14 on the ground that "music" is vague and ambiguous. UMG understands "music" to refer to "sound recordings." UMG objects to the term "agents of artists," which is ambiguous and overbroad, which calls on UMG to investigate the actions of potentially thousands of people, many of whom are not known to UMG and are not under UMG's control, and which calls on

11

UMG to evaluate, absent that factual basis, whether any individual is an "agent" under principles of agency law. UMG also incorporates its objection to the definition of "You" and "Your."

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

**REQUEST NO. 15**:

Admit that You have used Spinrilla to promote sound recordings.

**RESPONSE TO REQUEST NO. 15**:

UMG incorporates its objection to the definition of "You" and "Your." ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

**REQUEST NO. 16**:

Admit that You have advertised on Spinrilla.

**RESPONSE TO REQUEST NO. 16**:

UMG incorporates its objection to the definition of "You" and "Your." After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request, because third-party ad brokers may have placed such advertisements without UMG's knowledge.

**REQUEST NO. 17**:

Admit that Defendants advertise and promote free access to sound recordings which You do not own or exclusively control.

**RESPONSE TO REQUEST NO. 17**:

UMG incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 18**:

Admit that Spinrilla hosts ███████████████ sound recordings which You do not own or exclusively control.

**RESPONSE TO REQUEST NO. 18**:

UMG incorporates its objection to the definition of "You" and "Your." UMG has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings that are or were hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly,

after a reasonable inquiry, the information UMG knows or can readily obtain is
insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 19**:

Admit that Defendants advertise and promote free access to sound recordings
which no Plaintiff has an ownership interest in.

**RESPONSE TO REQUEST NO. 19**:

Admitted.

**REQUEST NO. 20**:

Admit that Spinrilla hosts ███████████████ sound recordings which
no Plaintiff has no ownership interest in.

**RESPONSE TO REQUEST NO. 20**:

UMG objects to Request No. 20 on the ground that the double negative
contained in this Request renders it incoherent. UMG assumes that Defendants
intend the Request to state, "Admit that Spinrilla hosts hundreds of thousands of
sound recordings in which no Plaintiff has an ownership interest." However, this
phrasing is duplicative of Request No. 34. If the Request is phrased in the same way
as Request No. 34, UMG refers Defendants to its Response to Request No. 34.
Otherwise, given that UMG cannot ascertain the meaning of this Request, it is not
able to admit or deny the Request.

**REQUEST NO. 21**:

Admit that some of the songs in amended Exhibit A (Dkt. 13) were not submitted to Audible Magic for inclusion in Audible Magic's database.

**RESPONSE TO REQUEST NO. 21**:

UMG objects to Request No. 21 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. UMG admits this request insofar as it has been unable to find a record of having submitted to Audible Magic some of the sound recordings that appear in the currently operative version of Exhibit A (Dkt. No. 127-1).

**REQUEST NO. 22**:

Admit that Spinrilla allows open and easy access to material that does not infringe on Your copyrights.

**RESPONSE TO REQUEST NO. 22**:

UMG incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 23**:

Admit that users wishing to upload sound recordings to Spinrilla must apply for an artist account.

**RESPONSE TO REQUEST NO. 23**:

15

The facts sought in this Request for Admission are in Defendants' knowledge, not UMG's. Defendants have represented to Plaintiffs that users wishing to upload sound recordings to Spinrilla must apply for an artist account. Based wholly on Defendants' representation, and disclaiming any independent knowledge of the issue, admitted.

**REQUEST NO. 24**:

Admit that Spinrilla is used for hosting sound recordings and album cover work which do not infringe upon Your copyrights.

**RESPONSE TO REQUEST NO. 24**:

UMG objects to Request No. 24 as vague and ambiguous on the basis that its passive-voice construction makes it unclear who is using Spinrilla to host sound recordings. UMG further objects to Request No. 24 on the ground that the phrase "album cover work" is incoherent. UMG interprets this Request to ask, "Admit that Spinrilla hosts sound recordings and album cover art which do not infringe upon Your copyrights." UMG further objects to this Request on the ground that album cover art is not relevant to the claims or defenses in this Action. UMG has not asserted any copyright infringement claims in this case on the basis of the album cover art it owns. UMG also incorporates its objection to the definition of "You" and "Your."

Admitted that Spinrilla hosts at least some sound recordings and album cover art that do not infringe upon UMG's copyrights.

**REQUEST NO. 25**:

Admit that the Recording Industry Association of America and the International Federation of the Phonographic Industry use Audible Magic identification services.

**RESPONSE TO REQUEST NO. 25**:

Admitted.

**REQUEST NO. 26**:

Admit that You have an ownership interest in Audible Magic.

**RESPONSE TO REQUEST NO. 26**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 27**:

Admit that You recommended to Defendants that Spinrilla use Audible Magic's services.

**RESPONSE TO REQUEST NO. 27**:

UMG incorporates its objection to the definition of "You" and "Your." UMG further objects to Request No. 27 on the ground that the term "recommended"

is vague and ambiguous. UMG understands "recommend" to include the connotation of endorsement.

Based on this understanding of the Request, UMG denies it. However, UMG admits that it informed Defendants that Audible Magic offers filtering services, without specifically endorsing Audible Magic or advising Defendants to adopt any particular service.

**REQUEST NO. 28**:

Admit You have a written contract with Audible Magic.

**RESPONSE TO REQUEST NO. 28**:

UMG incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 29**:

Admit You supply Audible Magic with music for the Audible Magic database.

**RESPONSE TO REQUEST NO. 29**:

UMG objects to Request No. 29 on the ground that the terms "supplies" and "music" are vague and ambiguous. UMG interprets "supplies" as meaning "delivers to" and interprets "music" as meaning "digital sound recordings." UMG also incorporates its objection to the definition of "You" and "Your."

UMG admits that it delivers to Audible Magic audio files, fingerprints files, and metadata of digital sound recordings for the Audible Magic database.

**REQUEST NO. 30**:

Admit that Audible Magic reliably detects copyrighted sounds recordings.

**RESPONSE TO REQUEST NO. 30**:

UMG objects to Request No. 30 on the ground that the term "reliably" is vague and ambiguous. The Request is also vague because Audible Magic offers varying levels of service and the Request does not specify the particular level(s) of service about which the Request seeks information. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 31**:

Admit that Audible Magic reliably detects copyrighted images.

**RESPONSE TO REQUEST NO. 31**:

UMG objects to Request No. 31 on the ground that the term "reliably" is vague and ambiguous. The Request is also vague because Audible Magic offers varying levels of service and the Request does not specify the particular level(s) of service about which the Request seeks information. UMG further objects to this Request on the ground that copyrighted images are not relevant to the claims or

defenses in this Action; UMG has not asserted any copyright infringement claims on the basis of copyrighted images that it owns.

Given the Request's ambiguity, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 32**:

Admit that Spinrilla hosts ████████ sound recordings.

**RESPONSE TO REQUEST NO. 32**:

UMG has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 33**:

Admit that Spinrilla hosts ████████████ of sound recordings which You do not have an ownership interest in.

**RESPONSE TO REQUEST NO. 33**:

UMG incorporates its objection to the definition of "You" and "Your." UMG has requested information from Defendants in the course of discovery concerning

the number and nature of sound recordings that are or were hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

## REQUEST NO. 34:

Admit that Spinrilla hosts ███████████████ sound recordings which no Plaintiff has an ownership interest in.

## RESPONSE TO REQUEST NO. 34:

UMG has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings that are or were hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

## REQUEST NO. 35:

Admit that the "amount of content uploaded to the Spinrilla website and apps consists of popular sound recordings whose copyrights" are not owned by You is ███████████ (Complaint, ¶ 3).

## RESPONSE TO REQUEST NO. 35:

UMG objects to Request No. 35 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 3 of the Complaint for its full and complete terms. UMG further objects to the Request to the extent it asks UMG to opine on the popularity of unspecified sound recordings, the copyrights to which are not owned by UMG. UMG also incorporates its objection to the definition of "You" and "Your." After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 36**:

Admit that the "amount of content uploaded to the Spinrilla website and apps consists of popular sound recordings whose copyrights" are not owned by any Plaintiff is ▮▮▮▮▮▮▮▮▮ (Complaint, ¶ 3).

**RESPONSE TO REQUEST NO. 36**:

UMG objects to Request No. 36 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 3 of the Complaint for its full and complete terms. UMG further objects to the Request to the extent it asks UMG to opine on the popularity of unspecified sound recordings, the copyrights to which are not owned by UMG. After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 37**:

Admit that sound recordings on Spinrilla which You do not own or exclusively control "attract significant interest among the public" which "means more views, downloads, and streams on Spinrilla's services." (Complaint, ¶ 68).

**RESPONSE TO REQUEST NO. 37**:

UMG objects to Request No. 37 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 68 of the Complaint for its full and complete terms. UMG also incorporates its objection to the definition of "You" and "Your." UMG admits this Request because it is aware that sound recordings owned by the other Plaintiffs have been uploaded to Spinrilla and have attracted significant interest among the public, meaning more views, downloads, and streams on Spinrilla's services.

**REQUEST NO. 38**:

Admit that sound recordings on Spinrilla which no Plaintiff owns "attract significant interest among the public." (Complaint, ¶ 68).

**RESPONSE TO REQUEST NO. 38**:

UMG objects to Request No. 38 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 68 of the Complaint for its full and complete terms. After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

23

**REQUEST NO. 39**:

Admit that You did not send any requests to Spinrilla to remove infringing material prior to filing the Complaint.

**RESPONSE TO REQUEST NO. 39**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 40**:

Admit that, prior to filing the Complaint, You sent at least one request to Spinrilla to remove allegedly infringing material.

**RESPONSE TO REQUEST NO. 40**:

UMG incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 41**:

Admit that in response to every request You sent to Spinrilla to remove allegedly infringing material, Spinrilla removed that material.

**RESPONSE TO REQUEST NO. 41**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 42**:

Admit that You knew how to contact Spinrilla prior to filing the Complaint.

**RESPONSE TO REQUEST NO. 42**:

UMG incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 43**:

Admit that Spinrilla's phone number and email address is publicly available.

**RESPONSE TO REQUEST NO. 43**:

UMG admits that the email address legal@spinrilla.com is publicly available on the Spinrilla website. After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny the remainder of this Request. While a phone number purportedly belonging to Spinrilla, LLC can be found online (though not on the Spinrilla website or on any site purporting to belong to Spinrilla), UMG lacks knowledge as to whether this is in fact Spinrilla, LLC's phone number.

**REQUEST NO. 44**:

Admit that not all of the "hot music" referred to in Paragraph 4 of Your Complaint was owned or exclusively controlled by one or more Plaintiff. (Complaint, ¶4).

**RESPONSE TO REQUEST NO. 44**:

UMG objects to Request No. 44 to the extent it purports to characterize the Complaint. UMG refers to Paragraph 4 of the Complaint for its full and complete terms. UMG also incorporates its objection to the definition of "You" and "Your." After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request. UMG lacks the information or ability to say as a matter of fact whether non-Plaintiff-owned content uploaded to Spinrilla is or is not "hot music."

**REQUEST NO. 45**:

Admit that You did not contact Spinrilla regarding the alleged copyright infringement prior to filing this lawsuit.

**RESPONSE TO REQUEST NO. 45**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 46**:

Admit that You did not contact Mr. Copeland regarding the alleged copyright infringement prior to filing this lawsuit.

**RESPONSE TO REQUEST NO. 46**:

UMG incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 47**:

Admit you do not know how many times the songs in amended Exhibit A

**RESPONSE TO REQUEST NO. 47**:

UMG objects to this Request on the ground that it is an incomplete sentence and is thus unintelligible. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 48**:

Admit that not all of Spinrilla's profits derive from songs You claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 48**:

UMG objects to Request No. 48 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. UMG also incorporates its objection to the definition of "You" and "Your." UMG does not have full knowledge of Spinrilla's profits or the sources from which they derive. UMG has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 49**:

Admit that not all of Spinrilla's profits derive from songs Plaintiffs claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 49**:

UMG objects to Request No. 49 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. UMG does not have full knowledge of Spinrilla's profits or the sources from which they derive. UMG has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 50**:

Admit that not all of Spinrilla's revenue derives from songs You claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 50**:

UMG objects to Request No. 50 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. UMG also incorporates its objection to the definition of "You" and "Your." UMG does not have full knowledge of Spinrilla's revenue or the sources from which it derives.

UMG has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 51**:

Admit that not all of Spinrilla's revenue derives from songs Plaintiffs claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 51**:

UMG objects to Request No. 51 on the grounds that the term "songs" is vague and ambiguous. UMG interprets "songs" to refer to sound recordings. UMG does not have full knowledge of Spinrilla's revenue or the sources from which it derives. UMG has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 52**:

Admit that Spinrilla users have purchased sound recordings which you own or exclusively control after having been directed to Your website by Spinrilla.

**RESPONSE TO REQUEST NO. 52**:

UMG incorporates its objection to the definition of "You" and "Your." UMG is unaware of Spinrilla having directed any Spinrilla user to UMG's websites. After a reasonable inquiry, the information UMG knows or can readily obtain is insufficient to enable UMG to admit or deny this Request.

**REQUEST NO. 53**:

Admit that all assertions in the Complaint are truthful.

**RESPONSE TO REQUEST NO. 53**:

As discovery is incomplete, and given that Defendants have failed and/or refused to produce much of the information requested by UMG, UMG lacks knowledge sufficient to admit the truthfulness of every allegation set forth in the Complaint. UMG admits that it made all allegations in the Complaint in good faith and based on a reasonable investigation of the facts, issues, and law discussed therein.

**REQUEST NO. 54**:

Admit that all assertion in the Complaint's Exhibit A, as amended, are truthful.

**RESPONSE TO REQUEST NO. 54**:

UMG lacks knowledge sufficient to admit or deny Request No. 54, to the extent the Request pertains to assertions in the Complaint's Exhibit A, as amended,

30

about sound recordings the copyrights to which are owned by the other Plaintiffs.

UMG admits that all assertions contained in the Complaint's Exhibit A, as

amended, regarding sound recordings the copyrights to which are owned or

exclusively controlled by UMG are truthful.

Dated: October 31, 2017             JENNER & BLOCK LLP

                     /s/ Kenneth L. Doroshow
                   KENNETH L. DOROSHOW
                   (*Pro Hac Vice*)
                   kdoroshow@jenner.com
                   SCOTT B. WILKENS
                   (*Pro Hac Vice*)
                   swilkens@jenner.com
                   PREVIN WARREN
                   (*Pro Hac Vice*)
                   pwarren@jenner.com
                   1099 New York Ave., N.W. Suite 900
                   Washington, DC 20001
                   Telephone:  (202) 639-6000
                   Facsimile: (202) 639-6066

                   AVA U. MCALPIN
                   (*Pro Hac Vice*)
                   amcalpin@jenner.com
                   919 Third Avenue, 37th Floor
                   New York, New York 10022
                   Telephone:  (212) 891-1600
                   Facsimile:  (212) 891-1699

                   TROUTMAN SANDERS LLP
                   JAMES A. LAMBERTH
                   james.lamberth@troutmansanders.com

Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611


*Attorneys for Plaintiffs*