**Plaintiff Warner Bros. Records Inc. and Plaintiff Atlantic Recording Corporation's Amended Responses and Objections to Defendants' First Requests for Admission to Warner Bros. Records Inc. and Defendants' First Requests for Admission to Atlantic Recording Corporation (Dkt. 286)**

**Plaintiffs' and Defendants' Redactions**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., ROC-A-FELLA RECORDS, LLC, SONY MUSIC ENTERTAINMENT US LATIN LLC, ZOMBA RECORDING LLC, | Civil Action No. 1:17-CV-00431-AT |
| Plaintiffs, | |
| v. | |
| SPINRILLA, LLC and JEFFERY DYLAN COPELAND, | |
| Defendants. | |

**PLAINTIFF WARNER BROS. RECORDS INC. AND PLAINTIFF
ATLANTIC RECORDING CORPORATION'S AMENDED RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR
ADMISSION TO WARNER BROS. RECORDS INC. AND DEFENDANTS'**

1

## FIRST REQUESTS FOR ADMISSION TO ATLANTIC RECORDING CORPORATION

Pursuant to Federal Rules of Civil Procedure 26 and 36, the Local Rules, and the Court's Standing Order (Dkt. No. 5), Plaintiff Warner Bros. Records Inc. ("WBR") and Plaintiff Atlantic Recording Corporation ("Atlantic") (collectively, "Warner") by and through the undersigned counsel, hereby respond and object to Defendants' First Requests for Admission to Warner Bros. Records Inc. and Defendants' First Requests for Admission to Atlantic Recording Corporation, dated June 23, 2017 (the "Requests" and each individually, a "Request"). Plaintiffs Elektra Entertainment Group Inc. ("Elektra") and Bad Boy Records LLC ("Bad Boy") join in these responses. As used throughout, "Warner" shall refer to Plaintiffs Atlantic, WBR, Elektra, and Bad Boy, collectively, unless otherwise noted.

## NON-WAIVER

Warner's Responses and Objections are made without waiver, and with preservation of, all objections as to the competency, relevancy, materiality, privilege, and admissibility of the responses and subject matter thereof as evidence for any purposes in any part of this Action or in any other action or proceeding. No response made herein, or lack thereof, shall be deemed an admission by Warner as to the existence or nonexistence of documents.

## SUPPLEMENTATION

Warner states that it has made a reasonable inquiry pursuant to Rule 36(a)(4) of the Federal Rules of Civil Procedure, and that the answers to these Requests for Admissions are based upon such reasonable inquiry. Warner expressly reserves the right to modify and supplement its responses and objections should it discover additional information responsive to these Requests for Admissions prior to the trial in this Action.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

**DEFINITION NO. 2:**

The terms "You" or "Your" shall refer, without limitation, to [Warner] and all representatives, agents, attorneys, and/or anyone else acting on its behalf.

**OBJECTION TO DEFINITION NO. 2**:

Plaintiffs object to the definition of the terms "You" and "Your" set forth in the Requests to the extent that including "attorneys" in the definition of the terms calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Warner further objects that the terms "representative" and "agent" as used in this definition are vague and improperly call on Warner to make conclusions under principles of agency law, with respect to potentially thousands of unspecified individuals. *See* Fed. R. Civ. P. 36(a)(1)(A).

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1**:

Admit that You have had internal discussions regarding the acquisition of Spinrilla, or of its assets. "Acquisition," as used here, includes the acquisition (or potential acquisition) of a full or partial ownership interest in Spinrilla, or in assets of Spinrilla.

**RESPONSE TO REQUEST NO. 1**:

Warner objects to Request No. 1 on the grounds that the term "discussions" is vague and ambiguous. Warner incorporates its objection to the definition of "You" and "Your."

Denied.

**REQUEST NO. 2**:

Admit that, aside from formal or informal take-down requests, prior to filing this lawsuit, You did not communicate with either Defendant about the infringement alleged in the Complaint.

**RESPONSE TO REQUEST NO. 2**:

Warner objects to Request No. 2 on the ground that the phrase "formal or informal take-down requests" is vague and ambiguous. Warner interprets "take-

down requests" to refer to requests to remove specific sound recordings.  Warner

also incorporates its objection to the definition of "You" and "Your."

Admitted.

**REQUEST NO. 3**:

Admit that You do not own or exclusively control copyrights for all sound

recordings and album cover work available on Spinrilla.

**RESPONSE TO REQUEST NO. 3**;

Warner objects to Request No. 3 on the ground that the phrase "album cover

work" is incoherent.  Warner understands that by "album cover work," this Request

means "album cover art."  Warner further objects to this Request on the ground that

album cover art is not relevant to the claims or defenses in this Action.  Warner has

not asserted any copyright infringement claims on the basis of the album cover art it

owns or exclusively controls.  Warner also incorporates its objection to the definition

of "You" and "Your."

Admitted.

**REQUEST NO. 4**:

Admit that You do not own or exclusively control copyrights for the majority

of sound recordings and album cover work available on Spinrilla.

**RESPONSE TO REQUEST NO. 4**:

Warner objects to Request No. 4 on the ground that the phrase "album cover work" is incoherent. Warner understands that by "album cover work," this Request means "album cover art." Warner further objects to this Request on the ground that album cover art is not relevant to the claims or defenses in this Action. Warner has not asserted any copyright infringement claims on the basis of the album cover art it owns or exclusively controls. Warner also incorporates its objection to the definition of "You" and "Your."

Warner does not have knowledge of the full catalogue of sound recordings and album cover art that are or were available on Spinrilla and therefore cannot determine whether or not it owns or exclusively controls copyrights for the "majority of sound recordings and album cover work available on Spinrilla." Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 5**:

Admit Plaintiffs do not collectively own "over 21,000 sound recordings, the copyrights to which are owned or exclusively controlled by [You], that are available on Spinrilla.com and the Spinrilla apps." (Complaint, ¶ 55).

**RESPONSE TO REQUEST NO. 5**:

Warner objects to Request No. 5 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 55 for its full and complete terms. Warner further objects to Request No. 5 as incoherent because it refers first to Plaintiffs' collective ownership, but then uses the phrase "You," which is defined to exclude the other Plaintiffs in this Action. Warner further incorporates its objection to the definition of "You" and "Your."

Warner does not have knowledge of the full catalogue of sound recordings available on Spinrilla. Warner has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this request.

**REQUEST NO. 6**:

Admit You have never identified for either Defendant any sound recordings allegedly infringed by either Defendant, other than those in amended Exhibit A (Dkt. 13).

**RESPONSE TO REQUEST NO. 6**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 7**:

Admit Defendants had permission from Your representative to publish on Spinrilla at least one of the 210 songs You claim you own in amended Exhibit A (Dkt. 13).

**RESPONSE TO REQUEST NO. 7**:

Warner objects to Request No. 7 on the ground that the term "Your representative" is incoherent because the definition of the term "Your," as set forth in these Requests, already includes "representatives" of Warner. As written, the Request includes the representatives of the representatives of Warner, which is an unmanageably broad category of individuals that Warner cannot reasonably narrow. Warner also objects to Request No. 7 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Accordingly, Warner interprets the Request as follows: "Admit Defendants had permission from You to publish on Spinrilla at least one of the 210 sound recordings You claim you own in amended Exhibit A (Dkt. 13)."

Warner further objects that the term "representative" as used in this Request and in the definition of "You" is vague and calls for a conclusion of law that falls outside the proper scope of a request to admit. *See* Fed. R. Civ. P. 36(a)(1)(A).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████

**REQUEST NO. 8**:

Admit Defendants had permission from a representative of a Plaintiff to publish on Spinrilla the musical album Slime Season 3 by artist Young Thug.

**RESPONSE TO REQUEST NO. 8**:

After a reasonable inquiry, the information WBR, Bad Boy, and Elektra know or can readily obtain is insufficient to enable them to admit or deny this request.

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████

**REQUEST NO. 9**:

Admit that Rahim Wright is Young Thug's manager.

**RESPONSE TO REQUEST NO. 9**:

Denied.

**REQUEST NO. 10**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to act on Young Thug's behalf with respect to promoting Slime Season 3.

**RESPONSE TO REQUEST NO. 10**:

After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 11**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to act on behalf of Atlantic Recording Corporation with respect to promoting Young Thug's Slime Season 3.

**RESPONSE TO REQUEST NO. 11**:

Warner objects to the term "promoting" which, as used in this Request, is vague and ambiguous.

After a reasonable inquiry, the information WBR, Bad Boy, and Elektra know or can readily obtain is insufficient to enable them to admit or deny this request.

Atlantic admits this request.

**REQUEST NO. 12**:

Admit that in the 2015/2016 timeframe, Rahim Wright was authorized to allow the publishing of Young Thug's Slime Season 3 on Spinrilla.

**RESPONSE TO REQUEST NO. 12**:

Warner objects to this request as vague, because its passive-voice construction does not specify who allegedly authorized Rahim Wright to allow the publishing of Young Thug's Slime Season 3.  This makes the request impossible to answer based on the information presently available to Warner.

Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this request.

**REQUEST NO. 13**:

Admit You, or agents of the artists who created the copyrighted sound recordings which You own or exclusively control, requested that Defendants upload certain copyrighted works to Spinrilla.

**RESPONSE TO REQUEST NO. 13**:

Warner objects to the term "agents of artists," which is ambiguous and overbroad, which calls on Warner to investigate the actions of potentially thousands of people, many of whom are not known to Warner and are not under Warner's control, and which calls on Warner to evaluate, absent that factual basis, whether any individual is an "agent" under principles of agency law. Warner also incorporates its objection to the definition of "You" and "Your."  Warner objects to the term "certain copyrighted works," which is ambiguous; Warner interprets this

term to mean any work that is copyrighted, rather than just works the copyrights to which are owned or exclusively controlled by Warner.

After a reasonable inquiry, the information WBR, Bad Boy, and Elektra know or can readily obtain is insufficient to enable them to admit or deny this request to the extent it calls for information regarding "agents of the artists who created the copyrighted sound recordings which You own or exclusively control."

███████████████████████████████████████

███████████████████████████████████████

████████████

**REQUEST NO. 14**:

Admit that You, or agents of the artists who created the copyrighted sound recordings which You own or exclusively control, have on at least one occasion asked Spinrilla to promote music You have an ownership interest in.

**RESPONSE TO REQUEST NO. 14**:

Warner objects to Request No. 14 on the ground that "music" is vague and ambiguous.  Warner understands "music" to refer to "sound recordings."  Warner objects to the term "agents of artists," which is ambiguous and overbroad, which calls on Warner to investigate the actions of potentially thousands of people, many of whom are not known to Warner and are not under Warner's control, and which

calls on Warner to evaluate, absent that factual basis, whether any individual is an "agent" under principles of agency law.  Warner also incorporates its objection to the definition of "You" and "Your."

After a reasonable inquiry, the information WBR, Bad Boy, and Elektra know or can readily obtain is insufficient to enable them to admit or deny this Request to the extent it calls for information regarding "agents of the artists who created the copyrighted sound recordings which You own or exclusively control."

███████████████████████████████

████████████████████████████████████

██████████████████████████

**REQUEST NO. 15**:

Admit that You have used Spinrilla to promote sound recordings.

**RESPONSE TO REQUEST NO. 15**:

Warner objects to the term "promote" which, as used in this Request, is vague and ambiguous.  Warner also incorporates its objection to the definition of "You" and "Your."

██████████████████████████

████████████████

**REQUEST NO. 16**:

13

Admit that You have advertised on Spinrilla.

**RESPONSE TO REQUEST NO. 16**:

Warner incorporates its objection to the definition of "You" and "Your." After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request, because third party ad brokers may have placed such advertisements without Warner's knowledge.

**REQUEST NO. 17**:

Admit that Defendants advertise and promote free access to sound recordings which You do not own or exclusively control.

**RESPONSE TO REQUEST NO. 17**:

Warner incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 18**:

Admit that Spinrilla hosts ███████████████ sound recordings which You do not own or exclusively control.

**RESPONSE TO REQUEST NO. 18**:

Warner incorporates its objection to the definition of "You" and "Your." Warner has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings that are or were hosted on

Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 19**:

Admit that Defendants advertise and promote free access to sound recordings which no Plaintiff has an ownership interest in.

**RESPONSE TO REQUEST NO. 19**:

Admitted.

**REQUEST NO. 20**:

Admit that Spinrilla hosts ███████████████ sound recordings which no Plaintiff has no ownership interest in.

**RESPONSE TO REQUEST NO. 20**:

Warner objects to Request No. 20 on the ground that the double negative contained in this Request renders it incoherent. Warner assumes that Defendants intend the Request to state, "Admit that Spinrilla hosts hundreds of thousands of sound recordings in which no Plaintiff has an ownership interest." However, this phrasing is duplicative of Request No. 34. If the request is phrased in the same way as Request No. 34, Warner refers Defendants to its Response to Request No. 34.

15

Otherwise, given that Warner cannot ascertain the meaning of this Request, it is not able to admit or deny the Request.

**REQUEST NO. 21**:

Admit that some of the songs in amended Exhibit A (Dkt. 13) were not submitted to Audible Magic for inclusion in Audible Magic's database.

**RESPONSE TO REQUEST NO. 21**:

Warner objects to Request No. 21 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Warner admits this Request insofar as it has been unable to find a record of having submitted to Audible Magic 11 of the sound recordings that appear in the currently operative version of Exhibit A (Dkt. No. 127-1). As to the remaining sound recordings at issue, Warner denies this request as it has confirmed that those sound recordings were submitted to Audible Magic for inclusion in Audible Magic's database.

**REQUEST NO. 22**:

Admit that Spinrilla allows open and easy access to material that does not infringe on Your copyrights.

**RESPONSE TO REQUEST NO. 22**:

Warner incorporates its objection to the definition of "You" and "Your."

16

Admitted.

**REQUEST NO. 23**:

Admit that users wishing to upload sound recordings to Spinrilla must apply for an artist account.

**RESPONSE TO REQUEST NO. 23**:

The facts sought in this Request for Admission are in Defendants' knowledge, not Warner's. Defendants have represented to Plaintiffs that users wishing to upload sound recordings to Spinrilla must apply for an artist account. Based wholly on Defendants' representation, and disclaiming any independent knowledge of the issue, admitted.

**REQUEST NO. 24**:

Admit that Spinrilla is used for hosting sound recordings and album cover work which do not infringe upon Your copyrights.

**RESPONSE TO REQUEST NO. 24**:

Warner objects to Request No. 24 as vague and ambiguous on the basis that its passive-voice construction makes it unclear who is using Spinrilla to host sound recordings. Warner further objects to Request No. 24 on the ground that the phrase "album cover work" is incoherent. Warner interprets this Request to ask, "Admit that Spinrilla hosts sound recordings and album cover art which do not infringe upon

Your copyrights."  Warner further objects to this Request on the ground that album cover art is not relevant to the claims or defenses in this Action.  Warner has not asserted any copyright infringement claims in this case on the basis of the album cover art it owns or exclusively controls.  Warner also incorporates its objection to the definition of "You" and "Your."

Admitted that Spinrilla hosts at least some sound recordings and album cover art that do not infringe upon Warner's copyrights.

**REQUEST NO. 25**:

Admit that the Recording Industry Association of America and the International Federation of the Phonographic Industry use Audible Magic identification services.

**RESPONSE TO REQUEST NO. 25**:

Admitted.

**REQUEST NO. 26**:

Admit that You have an ownership interest in Audible Magic.

**RESPONSE TO REQUEST NO. 26**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 27**:

18

Admit that You recommended to Defendants that Spinrilla use Audible Magic's services.

**RESPONSE TO REQUEST NO. 27**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 28**:

Admit You have a written contract with Audible Magic.

**RESPONSE TO REQUEST NO. 28**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 29**:

Admit You supply Audible Magic with music for the Audible Magic database.

**RESPONSE TO REQUEST NO. 29**:

Warner objects to Request No. 29 on the ground that the terms "supplies" and "music" are vague and ambiguous. Warner interprets "supplies" as meaning "delivers to" and interprets "music" as meaning "digital sound recordings." Warner also incorporates its objection to the definition of "You" and "Your."

Warner admits that it delivers to Audible Magic fingerprint files of digital sound recordings for the Audible Magic database.

**REQUEST NO. 30**:

Admit that Audible Magic reliably detects copyrighted sounds recordings.

**RESPONSE TO REQUEST NO. 30**:

Warner objects to Request No. 30 on the ground that the term "reliably" is vague and ambiguous. The Request is also vague because Audible Magic offers varying levels of service and the Request does not specify the particular level(s) of service about which the Request seeks information. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 31**:

Admit that Audible Magic reliably detects copyrighted images.

**RESPONSE TO REQUEST NO. 31**:

Warner objects to Request No. 31 on the ground that the term "reliably" is vague and ambiguous. The Request is also vague because Audible Magic offers varying levels of service and the Request does not specify the particular level(s) of service about which the Request seeks information. Warner further objects to this Request on the ground that copyrighted images are not relevant to the claims or defenses in this Action. Warner has not asserted any copyright infringement claims on the basis of any copyrighted images that it owns.

Given the Request's ambiguity, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 32**:

Admit that Spinrilla hosts ███████ sound recordings.

**RESPONSE TO REQUEST NO. 32**:

Warner has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 33**:

Admit that Spinrilla hosts ██████████ sound recordings which You do not have an ownership interest in.

**RESPONSE TO REQUEST NO. 33**:

Warner incorporates its objection to the definition of "You" and "Your." Warner has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings that are or were hosted on Spinrilla. Defendants have failed and/or refused to provide this information.

Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to admit or deny this Request.

**REQUEST NO. 34**:

Admit that Spinrilla hosts ███████████████ sound recordings which no Plaintiff has an ownership interest in.

**RESPONSE TO REQUEST NO. 34**:

Warner has requested information from Defendants in the course of discovery concerning the number and nature of sound recordings that are or were hosted on Spinrilla. Defendants have failed and/or refused to provide this information. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to admit or deny this Request.

**REQUEST NO. 35**:

Admit that the "amount of content uploaded to the Spinrilla website and apps consists of popular sound recordings whose copyrights" are not owned by You is "substantial." (Complaint, ¶ 3).

**RESPONSE TO REQUEST NO. 35**:

Warner objects to Request No. 35 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 3 of the Complaint for its full and complete terms. Warner further objects to the Request to the extent it asks Warner to opine

on the popularity of unspecified sound recordings, the copyrights to which are not owned by Warner.  Warner also incorporates its objection to the definition of "You" and "Your."  After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 36**:

Admit that the "amount of content uploaded to the Spinrilla website and apps consists of popular sound recordings whose copyrights" are not owned by any Plaintiff is "substantial." (Complaint, ¶ 3).

**RESPONSE TO REQUEST NO. 36**:

Warner objects to Request No. 36 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 3 of the Complaint for its full and complete terms.  Warner further objects to the Request to the extent it asks Warner to opine on the popularity of unspecified sound recordings, the copyrights to which are not owned by Warner.  After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 37**:

Admit that sound recordings on Spinrilla which You do not own or exclusively control "attract significant interest among the public" which "means more views, downloads, and streams on Spinrilla's services." (Complaint, ¶ 68).

**RESPONSE TO REQUEST NO. 37**:

Warner objects to Request No. 37 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 68 of the Complaint for its full and complete terms. Warner also incorporates its objection to the definition of "You" and "Your." Warner admits this Request because it is aware that sound recordings owned by the other Plaintiffs have been uploaded to Spinrilla and have attracted significant interest among the public, meaning more views, downloads, and streams on Spinrilla's services.

**REQUEST NO. 38**:

Admit that sound recordings on Spinrilla which no Plaintiff owns "attract significant interest among the public." (Complaint, ¶ 68).

**RESPONSE TO REQUEST NO. 38**:

Warner objects to Request No. 38 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 68 of the Complaint for its full and complete terms. After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 39**:

Admit that You did not send any requests to Spinrilla to remove infringing material prior to filing the Complaint.

**RESPONSE TO REQUEST NO. 39**:

Warner incorporates its objection to the definition of "You" and "Your."
Denied.

**REQUEST NO. 40**:

Admit that, prior to filing the Complaint, You sent at least one request to
Spinrilla to remove allegedly infringing material.

**RESPONSE TO REQUEST NO. 40**:

Warner incorporates its objection to the definition of "You" and "Your."
Admitted.

**REQUEST NO. 41**:

Admit that in response to every request You sent to Spinrilla to remove
allegedly infringing material, Spinrilla removed that material.

**RESPONSE TO REQUEST NO. 41**:

Warner incorporates its objection to the definition of "You" and "Your."
Denied.

**REQUEST NO. 42**:

Admit that You knew how to contact Spinrilla prior to filing the Complaint.

**RESPONSE TO REQUEST NO. 42**:

Warner incorporates its objection to the definition of "You" and "Your." Admitted.

**REQUEST NO. 43**:

Admit that Spinrilla's phone number and email address is publicly available.

**RESPONSE TO REQUEST NO. 43**:

Warner admits that the email address legal@spinrilla.com is publicly available on the Spinrilla website. After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny the remainder of this Request. While a phone number purportedly belonging to Spinrilla, LLC can be found online (though not on the Spinrilla website or on any site purporting to belong to Spinrilla), Warner lacks knowledge as to whether this is in fact Spinrilla, LLC's phone number.

**REQUEST NO. 44**:

Admit that not all of the "hot music" referred to in Paragraph 4 of Your Complaint was owned or exclusively controlled by one or more Plaintiff. (Complaint, ¶4).

**RESPONSE TO REQUEST NO. 44**:

Warner objects to Request No. 44 to the extent it purports to characterize the Complaint. Warner refers to Paragraph 4 of the Complaint for its full and complete

26

terms. Warner also incorporates its objection to the definition of "You" and "Your." After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request. Warner lacks the information or ability to say as a matter of fact whether non-Plaintiff-owned content uploaded to Spinrilla is or is not "hot music."

**REQUEST NO. 45**:

Admit that You did not contact Spinrilla regarding the alleged copyright infringement prior to filing this lawsuit.

**RESPONSE TO REQUEST NO. 45**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 46**:

Admit that You did not contact Mr. Copeland regarding the alleged copyright infringement prior to filing this lawsuit.

**RESPONSE TO REQUEST NO. 46**:

Warner incorporates its objection to the definition of "You" and "Your." Denied.

**REQUEST NO. 47**:

Admit you do not know how many times the songs in amended Exhibit A

**RESPONSE TO REQUEST NO. 47**:

Warner objects to this Request on the ground that it is an incomplete sentence and is thus unintelligible. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 48**:

Admit that not all of Spinrilla's profits derive from songs You claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 48**:

Warner objects to Request No. 48 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Warner also incorporates its objection to the definition of "You" and "Your." Warner does not have full knowledge of Spinrilla's profits or the sources from which they derive. Warner has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 49**:

Admit that not all of Spinrilla's profits derive from songs Plaintiffs claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 49**:

Warner objects to Request No. 49 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Warner does not have full knowledge of Spinrilla's profits or the sources from which they derive. Warner has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 50**:

Admit that not all of Spinrilla's revenue derives from songs You claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 50**:

Warner objects to Request No. 50 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Warner also incorporates its objection to the definition of "You" and "Your." Warner does not have full knowledge of Spinrilla's revenue or the sources from which it derives. Warner has requested such information from Defendants in the

course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 51**:

Admit that not all of Spinrilla's revenue derives from songs Plaintiffs claim to have an ownership interest in.

**RESPONSE TO REQUEST NO. 51**:

Warner objects to Request No. 51 on the grounds that the term "songs" is vague and ambiguous. Warner interprets "songs" to refer to sound recordings. Warner does not have full knowledge of Spinrilla's revenue or the sources from which it derives. Warner has requested such information from Defendants in the course of discovery, which Defendants have failed and/or refused to provide. Accordingly, after a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 52**:

Admit that Spinrilla users have purchased sound recordings which you own or exclusively control after having been directed to Your website by Spinrilla.

**RESPONSE TO REQUEST NO. 52**:

Warner incorporates its objection to the definition of "You" and "Your." Warner is unaware of Spinrilla having directed any Spinrilla user to Warner's websites. After a reasonable inquiry, the information Warner knows or can readily obtain is insufficient to enable Warner to admit or deny this Request.

**REQUEST NO. 53**:

Admit that all assertions in the Complaint are truthful.

**RESPONSE TO REQUEST NO. 53**:

As discovery is incomplete, and given that Defendants have failed and/or refused to produce much of the information requested by Warner, Warner lacks knowledge sufficient to admit the truthfulness of every allegation set forth in the Complaint. Warner admits that it made all allegations in the Complaint in good faith and based on a reasonable investigation of the facts, issues, and law discussed therein.

**REQUEST NO. 54**:

Admit that all assertion in the Complaint's Exhibit A, as amended, are truthful.

**RESPONSE TO REQUEST NO. 54**:

Warner lacks knowledge sufficient to admit or deny Request No. 54, to the extent the Request pertains to assertions in the Complaint's Exhibit A, as amended,

about sound recordings the copyrights to which are owned or exclusively

controlled by the other Plaintiffs. Warner admits that all assertions contained in

the Complaint's Exhibit A, as amended, regarding sound recordings the copyrights

to which are owned or exclusively controlled by Warner are truthful.

Dated: October 31, 2017              JENNER & BLOCK LLP

                                       /s/ Kenneth L. Doroshow
                                   KENNETH L. DOROSHOW
                                   (*Pro Hac Vice*)
                                   kdoroshow@jenner.com
                                   PREVIN WARREN
                                   (*Pro Hac Vice*)
                                   pwarren@jenner.com
                                   SCOTT B. WILKENS
                                   (*Pro Hac Vice*)
                                   swilkens@jenner.com
                                   1099 New York Ave., N.W. Suite 900
                                   Washington, DC 20001
                                   Telephone: (202) 639-6000
                                   Facsimile: (202) 639-6066

                                   AVA U. MCALPIN
                                   (*Pro Hac Vice*)
                                   amcalpin@jenner.com
                                   919 Third Avenue, 37th Floor
                                   New York, New York 10022
                                   Telephone: (212) 891-1600
                                   Facsimile: (212) 891-1699

                                   TROUTMAN SANDERS LLP
                                   JAMES A. LAMBERTH
                                   james.lamberth@troutmansanders.com
                                   Georgia Bar No. 431851

600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*