IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, *et al.,* | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | 1:17-CV-0431-AT |
| SPINRILLA, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(b) WITH BRIEF IN SUPPORT

Defendants file this Motion for Certification Pursuant to 28 U.S.C. Section 1292(b) and state as follows:

## I.   Introduction

The Court should certify its ruling ("Order" (Dkt. 391)) on Plaintiffs' direct copyright infringement claims for immediate appeal under Section 1292(b). (28 U.S.C. Section 1292(b)). The Order grants Plaintiffs' motion for summary judgment finding that Defendants are liable for direct copyright infringement b/c Defendants made Plaintiffs' copyrighted sound "recordings available for streaming [over the internet] without a license." (Order, Dkt. 391 at 11). According to the Court "Defendants have created an interactive internet player that streams copyrighted

content directly from its website and mobile app. In doing so, Defendants have infringed Plaintiffs' exclusive right 'to perform' their copyrighted sound recordings "publicly by means of a digital audio transmission." (Order, Dkt. 391 at 34).

The Court found, based on the Supreme Court's decision in *ABC v. Aereo, Inc.,* 573 U.S. 431 (2014)*,* that there was no volitional conduct requirement in analyzing direct infringement liability of user generated content ("UGC") websites like Spinrilla. (Order, Dkt. 391 at 33). In addition, the Court held that "if 'volitional' conduct is a necessary element for direct copyright infringement" . . . . the affirmative act of streaming constitutes direct infringement of the copyright holder's exclusive right of performance regardless of the fact that the streaming occurs at the request of the user." (Order, Dkt. 391 at 33).

This ruling is suited for immediate appeal under Section 1292(b) because (1) the ruling involves a pure and controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Specifically, Defendants request that the following two questions of law be certified for immediate appeal:

> (1) Whether volitional conduct is a necessary element for holding a UGC based internet company liable for direct copyright infringement?

> (2) If volitional conduct is a necessary element for finding an internet

company liable for direct copyright infringement, whether streaming content is an affirmative act that meets the volitional conduct requirement?

(3) Whether streaming alone, without a volitional act, is enough to find a UGC based internet company liable for direct copyright infringement.

## II.   Argument

The Court of Appeals has discretion to review an interlocutory order if the district court certifies that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (28 U.S.C. Section 1292(b)). The issues regarding the volitional act requirement for direct copyright infringement satisfy those requirements.

### A.   The Order involves a pure and controlling question of law regarding liability for direct copyright infringement

A controlling question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." (*McFarlin v. Conseco Serv. LLC,* 381 F.3d 1251, 1258 (11th Cir. 2004)). The question must be "an abstract legal issue that the court of appeals can decide quickly and cleanly." (*McFarlin,* 381 F.3d at 1258).

Whether volitional conduct is a necessary element for holding a UGC based internet company liable for direct copyright infringement and whether streaming

content is an affirmative act that meets the volitional conduct requirement present just such questions of law.

In addition to being purely legal questions, they are also abstract ones. A determination of these issues does not require that the Court of Appeals scrutinize factual allegations or delve into the agreed upon facts. Instead, these questions require that that Court of Appeals assess the legal standard for liability for an internet company. It is, therefore, just the sort of question for which review under Section 1292(b) is intended. (*See e.g., McFarlin,* 381 F.3d at 1259 (Interlocutory appeals under 28 U.S.C. § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.")).

**B.    Determination of the standard for direct copyright infringement for a UGC-based website is a legal question as to which there is substantial ground for difference of opinion**

A substantial ground for difference of opinion exists when a legal issue is "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." (*Georgia NAACP,* 952 F.Supp.2d at 1362; *see also U.S. ex rel. Powell v. Am. InterContinental Univ., Inc.,* 756 F.Supp.2d 1374, 1378–79 (N.D.Ga.2010) (citing *In re Scientific–Atlanta, Inc. Securities Litigation,* No. 01–cv–1950–RWS, 2003 WL 25740734 at *1

(N.D.Ga. Apr. 15, 2003) (Story, J.)) ("neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion.")).  The mere claim that the district court's ruling is incorrect does not "constitute[] a substantial ground for difference of opinion." (*United States ex rel. Powell,* 756 F. Supp. 2d at 1378-79).

The legal questions at issue – whether volitional conduct is a necessary element for holding a UGC based internet company liable for direct copyright infringement and if streaming content over the internet at a user's request is a sufficient volitional act – supply substantial grounds for differing opinions. These legal issues present difficult questions of first impression for the Eleventh Circuit, as this Court acknowledged. (Order, Dkt. 391 at 33 ("Eleventh Circuit has not considered whether 'volitional' conduct is a necessary element for finding an internet company liable for direct copyright infringement.")).

In addition to being an issue of first impression, it is a difficult question where there is a substantial ground for difference of opinion. In finding that streaming constituted a volitional act, the Court cited *Spanski Enterprises, Inc. v. Telewizja, S.A.,* 883 F.3d at 910, 912 (D.C.  Cir. 2018) for the proposition that "the affirmative act of streaming constitutes direct infringement of the copyright holder's exclusive right of performance regardless of the fact that the streaming occurs at the request

of the user." (Order, Dkt. 391 at 33). But, *Spanski* declined to address the volitional act requirement, as Plaintiffs acknowledged. (Pla. Br., Dkt. 225 at 14, fn. 5 *citing Spanski*, 883 F.3d 911-12).

In fact, every Circuit Court that has directly addressed the volitional act requirement, has found that a volitional act is required – even those Circuits addressing the issue *after* the Supreme Court's decision in *Aereo*. (*ABC, Inc. v. Aereo, Inc.*, 134 S. Ct. 2498, 2512–13, 189 L. Ed. 2d 476 (2014) (Scalia, dissenting) (citing *Fox Broadcasting Co. v. Dish Network LLC*, 747 F.3d 1060, 1066–1068 (9th Cir. 2014), *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549-550 (4th Cir. 2004); *Cartoon Network LP, v. CSC Holdings, Inc*., 536 F.3d 121, 131 (2d Cir. 2008); *Parker v. Google, Inc.*, 242 Fed. Appx. 833, 836-837 (3d Cir. 2007)); *see also Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386-87 (3d Cir. 2016) ("[t]o prove direct infringement, a plaintiff must show . . . volitional conduct" by the defendant)); *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 444 (5th Cir. 2017) ("[w]e adopt the volitional-conduct requirement in direct-copyright-infringement cases" and no liability for defendant that "hosts the [online] forum on which infringing content was posted" by others)).  In contrast, the First Circuit, in dicta, suggested that the "'volitional act' position' had been raised "with varying degrees of success" in other circuits. (*Society of Holy Transfiguration Monastery,*

*Inc. v. Gregory,* 689 F.3d 29, 55 (1st Cir. 2012) (citing *Quantum Sys. Integrators, Inc. v. Sprint*, 338 Fed. Appx. 329, 335–36 (4th Cir.2009); *Cartoon Network*, 536 F.3d at 131–32; *Parker v. Google, Inc.,* 242 Fed. Appx. 833, 836–37 (3d Cir.2007); *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549–51 (4th Cir.2004)).

Given this authority, whether or not the act of streaming meets the volitional act requirement is not straightforward. Importantly, *Spanski* did not involve a UGC website. Instead, the defendants in *Spanski* were solely responsible for selecting the content appearing on its service (883 F.3d at 907, 909), in stark contrast to Spinrilla which only provides sound recordings uploaded by its users (Order, Dkt. 391 at 2-3). In addition, the volitional act requirement was not involved in *United States v. Am. Soc'y of Composers, Authors, Publishers,* 627 F.3d 64 (2d Cir. 2010) upon which the Court relies. (Order, Dkt. 391 at 25).

### C.   Immediate appeal would materially advance the termination of this litigation

Resolution of a legal question materially advances the ultimate termination of the litigation if it "would serve to avoid a trial or otherwise substantially shorten the litigation." (*McFarlin,* 381 F.3d at 1259). This factor also asks whether "additional time and expense may be saved by the appeal." (*Monroe City Employees' ret. Syst. V. S. Co.,* 333 F. Supp. 3d 1315, 1328 (N.D. Ga. 2018)). As this Court has recognized, the "controlling issue of law" and "materially advance the litigation"

prongs of the Section 1292 operate in the same way. (*Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C*, 165 F. Supp. 3d 1330, 1334 (N.D. Ga. 2015)).

In determining whether an immediate appeal would materially advance the termination of the litigation, "one of the facts to consider is 'the extent to which additional time and expense may be saved by the appeal.'" (*Doe3 v. Red Roof Inns, Inc.,* No. 1:19-cv-03843-WMR, 2020 WL 498667, at *3 (N.D. Ga. April 29, 2020), *quoting Monroe City. Employees' Ret. Sys. v. Southern Co.*, 333 F. Supp. 3d 1315, 1328 (N.D. Ga. 2018)).

Immediate appeal would advance the termination of this litigation and conserve time and expense for the Court as well as the litigants. The Court granted Plaintiffs' motion for summary judgment in part. (Order, Dkt, 391 at 34). The Court, however, held that "[h]aving found that Plaintiffs are entitled to summary judgment for direct infringement, it is not necessary to consider Plaintiffs' claims for secondary or contributory infringement." (Dkt. 391 at 34). Plaintiffs brought their claim for contributory infringement as a separate count (Count II) in their Amended Complaint (Dkt. 127). Thus, Plaintiffs' claim for contributory infringement remains unadjudicated and must be resolved prior to a final judgment in this case. (*See e.g.,* 28 U.S.C. Section 1291 (final judgments); *Gelboim v. Bank of America Corp.,* 574 U.S. 405, 408-409 (2015) ("A 'final decision' is one by which a district court

disassociates itself from a case."); Federal Rule of Civil Procedure 54(b) (permitting district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims.")).

Although the Court has ordered that the Parties' prepare their joint consolidated pretrial order on the question of damages, the forthcoming damages jury trial will *not* dispose of all of the claims in this action because the contributory infringement claim will remain. An immediate appeal, before a trial on damages, will accordingly materially advance the ultimate termination of the litigation and save the parties and court time and expense.

If the Eleventh Circuit were to conclude that a volitional act is required and that streaming at a user's request does not meet that requirement, then the direct infringement claims would be dismissed, narrowing the litigation. The Parties and Court could focus on Plaintiffs' claim for contributory copyright infringement. And, if the Eleventh Circuit were to affirm this Court's ruling, then it is likely that the Parties would agree to the dismissal of the contributory copyright infringement count, eliminating the need for further litigation of that count. (*See Corley v. Long-Lewis, Inc.,* 965 F.3d 1222, *6 (11th Cir. 2020) (holding that an order granting a motion to voluntarily dismiss the remainder of a complaint under Rule 41(a)(2) "qualifies as a final judgment for purposes of appeal.")).

Moreover, while the Court has indicated its willingness to schedule a trial on damages without resolving Plaintiffs' claim for contributory infringement, jury trials are not set to resume until after February 28, 2021 due to COVID_19. (Ninth Amendment to General Order 20-01, Dkt. 393). The resulting backlog of cases – especially criminal cases – presumably means that it is unlikely that this case would tried until 2022. It is no secret that courts, including the Northern District of Georgia, are obliged to dispense with criminal case first, which, logically, will delay civil trials. Relatedly, Spinrilla has invoked its right to a jury trial on damages. (Answer, Dkt. 22, at ¶ 88; Answer to Amended Complaint, Dkt. 149 at ¶ 93; *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998) (holding that Seventh Amendment provides a right to a jury trial on all issues pertinent to the award of statutory damages in copyright infringement cases); 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.10[B] (1997) ("beyond dispute that a plaintiff who seeks to recover actual damages is entitled to a jury trial" (footnotes omitted))). Accordingly, a stay of the remaining litigation for the appeal will not result in a substantial delay in the litigation. (*See Landcastle Acquisition Corp. v. Renasant Bank,* 465 F. Supp. 3d 1329, 1354, fn. 21 (N.D. Ga. 2020) ("The Court also notes that, due to the exigencies created by COVID-19, any trial in this case would likely be delayed . . . meaning that a stay would not be as disruptive as it otherwise might

be.").  Indeed, the resulting streamlining of the issues in the case would serve to provide a quicker resolution to the case.

Additionally, the requirement that an immediate appeal materially advances the ultimate termination of the litigation is essentially an effort to improve judicial efficiency. (*Dist. 65 Ret. Trust v. Prudential Sec. Inc.,* 925 F. Supp. 1551, 1570 (N.D. Ga. 1996)). In other words, if an appeal may dispense with a legal issue that would avoid protected and expensive litigation, the appeal might be favored. But when there is no "protracted and expensive litigation" this prong carries less weight or is meaningless. Here, this case has already been "protracted and expensive," there is little left to do. What would be judicially inefficient would be finishing this case (*i.e.,* with a trial on damages), then Spinrilla appealing that order under Federal Rule of Civil Procedure 54(b) and the case being returned to this Court for more proceedings on the contributory infringement claims.  An appeal of this "streaming" issue is inevitable so staying the case now and allowing the appeal to proceed is more judicially efficient. This is even more true given that there will likely not be a jury trial held in this case until 2022.

## IV.  <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion and certify its Order (Dkt. 391) for immediate appeal.

Respectfully submitted this 10th day of December, 2020.

**LILENFELD PC**

*/s David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kennington R. Groff
Georgia Bar No. 782901
3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com
KG@Lilenfeld.com

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

I, David M Lilenfeld, an attorney, hereby certify that the foregoing has been

prepared with a font size and point selection (Times New Roman, 14 pt.) which is

approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

<u>/s/ David M. Lilenfeld</u>
David M. Lilenfeld

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | 1:17-CV-0431-AT |
| SPINRILLA, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

The foregoing DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 1292(b) WITH BRIEF IN SUPPORT was filed using the Court's *CM/ECF* system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

James A. Lamberth, Esq.                     Previn Warren, Esq.
*james.lamberth@troutmansansanders.com*        *pwarren@jenner.com*

Andrew Bart, Esq.
*abart@jenner.com*

This 10th day of December, 2020.

*/s/ David M. Lilenfeld*
David M. Lilenfeld

- 14 -