IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC,    ELEKTRA ENTERTAINMENTGROUP INC., SONY MUSICENTERTAINMENT US LATIN LLC and ZOMBA RECORDING LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:<br><br>1:17-CV-00431-AT |
|     Plaintiffs, | ) ) | |
| v. | ) ) | |
| SPINRILLA, LLC and JEFFERY DYLAN COPELAND, | ) ) ) | |
|     Defendants. | ) ) | |

## **JOINT STATUS REPORT FOLLOWING MEDIATION**

The Parties submit this Joint Status Report to inform the Court that their

mediation with Special Master Carlos A. González did not result in the resolution of

this lawsuit. In its Order (Dkt. 394), the Court stated that if the case were not settled

in mediation, the Court would "reopen the case and the parties will be required to

file their consolidated pretrial order within 30 days of the Order reopening the case."

The Parties have conferred following the unsuccessful mediation and submit that the case is not yet ready for trial or for the filing of a pre-trial order. In its August 28, 2017 Order, the Court ordered that liability discovery and damages discovery be bifurcated. (Dkt. 58 at 5). The Parties have, therefore, not conducted damages discovery.

The Parties submit the following joint proposal for the duration of the damages discovery period and request a scheduling conference with the Court to discuss the joint proposal.  At the scheduling conference, the Parties will be prepared to address other scheduling issues and deadlines, including the timing of any anticipated dispositive motions and subsequent pre-trial submissions.

**Discovery Period:**

a)      Plaintiffs' opposition to Defendants' Motion for Certification Pursuant to 28 U.S.C. Section 1292(b) (ECF No. 395) shall be due twenty-one (21) days from the above-referenced scheduling conference with the Court.

b)      Fact discovery regarding damages shall proceed for four (4) months, commencing upon the issuance of an Order approving the Parties' joint proposal.

c)      Initial expert reports on damages shall be exchanged thirty (30) days after the close of fact discovery.

2

d)      Rebuttal expert reports on damages shall be exchanged thirty (30) days after the service of initial expert reports.

e)      Expert discovery on damages shall close thirty (30) days after rebuttal expert reports are exchanged.

e)      The Joint Pretrial Order shall be filed no later than thirty (30) days following the close of expert discovery on damages.

**Discovery Limitations:**

The Parties propose that the following change should be made in the limitations on damages discovery imposed under the Federal Rules of Civil Procedure and the Court's Local Rules:

<u>Plaintiffs' position</u>: Plaintiffs maintain that each side should be permitted to serve on the other side no more than five (5) written interrogatories.  Plaintiffs note that, during the liability phase of this case, Defendants served 24 of the 25 interrogatories permitted by FRCP 33, whereas Plaintiffs served only 19 of the permitted 25.  Plaintiffs maintain that it would be equitable to permit each side to serve only the balance of interrogatories permitted under the rules, but in the spirit of compromise could agree to increase Defendants' allotment so that each side may serve 5 interrogatories during this final phase of discovery.

Plaintiffs maintain that each side should be permitted to take three (3) depositions, inclusive of third party depositions but exclusive of expert depositions. This number would permit Defendants to depose each of the major label groups, if they desire.  In meet and confer discussions leading up to this document, Defendants have not identified any third parties that they anticipate needing to depose.

Plaintiffs maintain that each side should be permitted to serve no more than twenty-five (25) requests for production.  The need for additional documents should be relatively limited given the voluminous discovery that has taken place to date. Modestly constraining the permitted number of requests will encourage the parties to be disciplined in requesting only information that is actually needed rather than tangential.

Defendants' suggestion that the amount of damages at issue in this case standing alone justifies their proposed discovery limits is incorrect. The primary focus of the applicable rule is that the scope of discovery be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The case law establishes a six factor test that focuses heavily on whether the burden or expense of the proposed discovery outweighs its likely benefit—not just on the amount in controversy.  *In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-CV-0514-AT, 2018 WL 8666473, at *1 (N.D. Ga.

Aug. 16, 2018). Here, both the burden and the relative importance of further discovery counsel against the broad scope requested by Defendants.

Defendants' position: Defendants propose that each side should be permitted to serve on the other side no more than twenty-five (25) written interrogatories and thirty-five (35) requests to produce. Defendants also propose that they should be permitted to take no more than five (5) depositions, inclusive of third-party depositions but exclusive of expert depositions. Five depositions are appropriate because there are three "main" Plaintiffs; thus, allowing Defendants to depose each "main" Plaintiff and providing an opportunity for third party depositions, if necessary.

The amount of damages at issue in this case necessitates the discovery limits that Defendant proposes. Under the copyright statute, Plaintiffs may seek either actual or statutory damages. (17 U.S.C. § 504). Plaintiffs have indicated that if they elect statutory damages, they will argue that Defendants' alleged infringement was willful and seek increased damages up to $150,000 per infringement. (*Id.*). If the jury were to award Plaintiffs $150,000.00 for each of the 4,082 sound recordings at issue, Plaintiffs would be entitled to a judgment in excess of $600 million dollars. The number of interrogatories (25 per side), requests to produce (35 per side) and depositions (5) are not excessive given the amount of damages at issue. Additionally,

the Court, when bifurcating damages discovery, contemplated that "additional" discovery would be allowed. (Dkt. 58 at pg. 5).  Imposing the limitations requested by Plaintiffs will leave Defendants inadequately prepared to contest Plaintiffs' damages demands at trial.

Respectfully submitted this 14th day of June, 2021.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road, N.E., Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com
Kg@Lilenfeld.com

*Attorneys for Defendants*

**JENNER & BLOCK LLP**

/s/ *Andrew H. Bart*
ANDREW H. BART
(Admitted *Pro Hac Vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

PREVIN WARREN
(Admitted *Pro Hac Vice*)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 637-6361
Facsimile: (202) 639-6066

**TROUTMAN SANDERS LLP**

JAMES A. LAMBERTH
james.lamberth@troutmansanders.com
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362

*Attorneys for Plaintiffs*

6