IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC,   ELEKTRA ENTERTAINMENT GROUP INC., SONY MUSIC ENTERTAINMENT US LATIN LLC and ZOMBA RECORDING LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:  1:17-CV-00431-AT |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SPINRILLA, LLC and JEFFERY DYLAN COPELAND, | ) ) ) | |
| Defendants. | ) ) | |

**JOINT EXPEDITED MOTION FOR ENTRY OF FIRST
STIPULATED
<u>AMENDMENT TO PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs

Atlantic Recording Corporation, LaFace Records LLC, Sony Music Entertainment,

UMG Recordings, Inc., Warner Bros. Records Inc., Arista Music, Arista Records

LC, Bad Boy Records, LLC, Capitol Records, LLC, Elektra Entertainment Group

Inc.,   Sony   Music   Entertainment   US,   Latin   LLC,   Zomba   Recording

LLC(collectively, "Plaintiffs") and Spinrilla, LLC and Jeffrey Dylan Copeland ("Defendants"), respectfully request entry of the attached First Stipulated Amendment to Protective Order. In support of their motion, the parties state:

1.      This Court entered a Stipulated Pre-trial Protective Order on August 16, 2017 (Dkt. 50) ("Protective Order").

2.      Defendants have requested from Plaintiffs production of digital music agreements with certain licensees (the "Streaming Services").

3.      Pursuant to Plaintiffs' obligations under those Agreements, Plaintiffs notified the counterparties to those Agreements of Defendants' request.

4.      Due to the commercial sensitivity of the documents, and what the Streaming Services view as insufficient protections under the current Protective Order, the Streaming Services requested that Plaintiffs seek a stipulation from Defendants for additional protections for their agreements between Plaintiffs and the Streaming Services, absent which they indicated they would likely seek a protective order.

5.      In an effort to resolve this issue, to facilitate the production at the earliest possible juncture, the parties seek to amend the Protective Order with a First Stipulated Amendment to Protective Order in order to provide such additional protections.

6.      Accordingly, the parties respectfully request that the Court enter the

attached First Stipulated Amendment to Protective Order.

Dated:  October 7, 2021                              Respectfully submitted,

SO STIPULATED:

JENNER & BLOCK LLP                      LILENFELD PC

/s/ Previn Warren                                /s/ Robin L. Gentry
ANDREW H. BART                          DAVID M. LILENFELD
(admitted *Pro Hac Vice*)                    Georgia Bar No. 452399
919 Third Avenue, 37th Floor              ROBIN L. GENTRY
New York, New York 10022              Georgia Bar No. 289899
Telephone: (212) 891-1600                 Kennington R. Groff
Facsimile: (212) 891-1699                   Georgia Bar No. 782901
                                                        3379 Peachtree Road, N.E., Suite 980
PREVIN WARREN                            Atlanta, GA 30326
(admitted *Pro Hac Vice*)                    Telephone: (404) 201-2520
1099 New York Ave., N.W. Suite 900     David@Lilenfeld.com
Washington, DC 20001                      Robin@Lilenfeld.com
Telephone: (202) 637-6361                 Kg@Lilenfeld.com
Facsimile: (202) 639-6066

                                                        *Attorneys for Defendants*
TROUTMAN SANDERS LLP

JAMES A. LAMBERTH
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*

## FIRST STIPULATED AMENDMENT TO PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of Plaintiffs Atlantic Recording Corporation, LaFace Records LLC, Sony Music Entertainment, UMG Recordings, Inc., Warner Bros. Records Inc., Arista Music, Arista Records LC, Bad Boy Records, LLC, Capitol Records, LLC, Elektra Entertainment Group Inc., Sony Music Entertainment US, Latin LLC, Zomba Recording LLC (collectively, "Plaintiffs") and Spinrilla, LLC and Jeffrey Dylan Copeland ("Defendants"), good cause having been shown, the following amendment to the Stipulated Pre-trial Protective Order entered on August 16, 2017 (Dkt. 50) ("Protective Order") is hereby ORDERED as follows:

### Disclosures of Agreements Between Plaintiffs and Non-Party Streaming Services

1. A producing party may be in possession of agreements between the producing party and non-party providers of interactive music streaming services (the "Streaming Services" or, individually, a "Streaming Service"). The following provisions are added to provide additional protections for such non-party Streaming Services.

2. A producing party, including any party to this action and any non-party producing information voluntarily or pursuant to a subpoena or court order, may designate as RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION any agreements that are the subject of paragraph 1

above (the "Agreements" or, individually, an "Agreement"), and the receiving parties shall not challenge this designation.

3.      Information designated RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION shall be subject to the same requirements as information designated HIGHLY CONFIDENTIAL pursuant to the Protective Order, including that information designated RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION shall be disclosed only to those Qualified Persons identified at paragraph 7 of the Protective Order, except that with respect to the Agreements designated as RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION, the outside counsel referenced in paragraph 6(b) shall include only (a) attorneys who have appeared in this Action on behalf of a party (and not other outside counsel retained by a party or their support personnel), or (b) employees of law firms appearing in this Action on behalf of a party, including attorneys and support personnel, who have otherwise obtained permission to access the agreements from a signatory thereto, as permitted by the terms of such agreement, and that such outside counsel shall *not* be permitted furnish summaries and draft briefs and other pleadings describing the  information designated as RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION to in-house counsel identified in Paragraph 6(c).  Notwithstanding the foregoing, any

expert report or draft brief or pleading that incorporates aggregated information from agreements that are designated RESTRICTED CONFIDENTIAL – COMPETITIVELY SENSITIVE INFORMATION may be disclosed to in-house litigation counsel for Defendant Spinrilla LLC identified in Attachment A (and only those identified in Attachment A), and in-house litigation counsel for the Atlantic Recording Corporation Plaintiffs, LaFace Records LLC Plaintiffs, Sony Music Entertainment Plaintiffs, UMG Recordings, Inc. Plaintiffs, Warner Bros. Records Inc. Plaintiffs, Arista Music Plaintiffs, Arista Records LC Plaintiffs, Bad Boy Records, LLC Plaintiffs, Capitol Records, LLC Plaintiffs, Elektra Entertainment Group Inc. Plaintiffs, Sony Music Entertainment US Plaintiffs, Latin LLC, and Zomba Recording LLC Plaintiffs identified in Attachment A (and only those identified in Attachment A), provided that the expert report not cite or reference any specific agreement or any information from any specific agreement, and provided that the in-house litigation counsel execute Attachment A agreeing to be bound by the terms of this Protective Order. For the avoidance of doubt, if there are any specific substantive references to information (*i.e.*, references to non-aggregated information) that has been designated RESTRICTED CONFIDENTIAL — COMPETITIVELY SENSITIVE INFORMATION contained in any expert report, such information will be redacted from the version provided to such in-house litigation counsel.

4.      For the avoidance of doubt, with regard to actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with this litigation, disclosure of information that has been designated RESTRICTED   CONFIDENTIAL   —   COMPETITIVELY   SENSITIVE INFORMATION shall only be made pursuant to the requirements in paragraph 10 of the Protective Order.

5.      In addition, the parties to this action shall:

a.      Allow the non-party Streaming Services to redact portions of the Agreements that contain information that is not relevant to the litigation, which the parties agree would include personal identifying information of employees, business or technological terms that do not constitute financial terms, and releases of legal claims. In the event that a Streaming Service seeks to redact any other type of information, it shall meet and confer with counsel for the parties and attempt to resolve such dispute expeditiously, in good faith, and without court intervention.

b.      Identify to the non-party Streaming Services any person who signs Exhibit A to the Protective Order and would have access to the Agreements as an independent expert or consultant.   Upon such identification, the non-party Streaming Services will have the opportunity to object to the disclosure as provided in paragraph 23 of the Protective Order,

except that the non-party Streaming Services shall have 7 days instead of 5 days in which to object to the disclosure.

      c.     Provide immediate notice to the non-party Streaming Services if the parties to the litigation become aware of any unauthorized disclosure of the Agreements, including any public filing of the Agreements, and agree to work together to withdraw and remedy such disclosure within 24 hours of becoming aware of such disclosure.

      d.     Notify the non-party Streaming Services when the obligations of paragraph 26 of the Protective Order have been completed.  With respect to paragraphs 5(b)-(c) above, it is the responsibility of the party who first learns the relevant information to notify the non-party Streaming Services.

6.     Nothing in this First Stipulated Amendment to Protective Order shall be construed as precluding a non-party from seeking additional protection from the Court against the disclosure or production of the Agreements, including an order that the Agreements, or any portions thereof, not be disclosed at any public hearing or trial, or be disclosed only in a specified restricted manner at trial.  Any party seeking to disclose any portion of any Agreement at any public hearing or trial shall request that the Court take steps to protect the confidentiality of the Agreement to the extent appropriate and practical, and shall notify the non-party Streaming Service whose confidential information is at issue at least 7 days in advance, to allow the Streaming

Service an opportunity to object or seek additional restrictions against such disclosure.

      7.      Any identification and/or notice required to be given to a non-party StreamingService pursuant to this amendment to the Protective Order shall be made by email to counsel representing the non-party Streaming Service in connection with this Action, listed on **Attachment B** hereto. For any non-party Streaming Service whose counsel is not listed on **Attachment B**, the identification and/or notice may be given in accordance with the notice provision of that Streaming Service's Agreement.

Dated:  October 7, 2021          Respectfully submitted,

SO STIPULATED:

JENNER & BLOCK LLP                LILENFELD PC

/s/ Previn Warren                /s/ Robin L. Gentry
ANDREW H. BART                    DAVID M. LILENFELD
(admitted *Pro Hac Vice*)        Georgia Bar No. 452399
919 Third Avenue, 37th Floor     ROBIN L. GENTRY
New York, New York 10022         Georgia Bar No. 289899
Telephone: (212) 891-1600        Kennington R. Groff
Facsimile: (212) 891-1699        Georgia Bar No. 782901
                                 3379 Peachtree Road, N.E., Suite 980
PREVIN WARREN                     Atlanta, GA 30326
(admitted *Pro Hac Vice*)        Telephone: (404) 201-2520
1099 New York Ave., N.W. Suite 900   David@Lilenfeld.com
Washington, DC 20001             Robin@Lilenfeld.com
Telephone: (202) 637-6361        Kg@Lilenfeld.com
Facsimile: (202) 639-6066

TROUTMAN SANDERS LLP             *Attorneys for Defendants*

JAMES A. LAMBERTH
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611


*Attorneys for Plaintiffs*

**IT IS SO ORDERED** this _____ of _____, 2021.

_____

Hon. Amy Totenberg, U.S. Dist. Ct. Judge

## <u>ATTACHMENT A</u>

**Designated in-house counsel for Defendant Spinrilla**

**LLC**:

None

**Designated in-house counsel for Plaintiffs**:

Sony Music Entertainment: David Jacoby, Wade Leak

UMG Recordings, Inc.: Alasdair McMullan, Scott Bauman

Warner Bros. Records, Inc.: Tom Monahan, Brad Cohen

Recording Industry Association of America: Jared Freedman, Ken Doroshow

# **ATTACHMENT B**

**Counsel for Non-Party Streaming Services to be**

        **Noticed:**

Amazon:    Alli Stillman, Alli.Stillman@lw.com


Spotify:     Alli Stillman,
           Alli.Stillman@lw.com Brendan
           Kehoe, brendank@spotify.com