IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., <br><br> Plaintiffs, <br><br> v. <br><br> SPINRILLA, LLC, and JEFFERY DYLAN COPELAND, <br><br> Defendants. | CIVIL ACTION NO. 1:17-cv-00431-AT |

**ORDER**

This matter is before the Court on a discovery dispute between the parties. The parties submitted a Joint Discovery Statement [Doc. 403] to the Court on September 9, 2021, and the Court held a telephone conference with the parties on October 14, 2021 to discuss the dispute. (*See* Doc. 410.) Having reviewed the parties' Joint Discovery Statement and case law provided by the parties following the telephone conference, the Court now enters the following order.

**I.   Plaintiffs' Requests for Production Nos. 8 and 10 and Plaintiffs' Interrogatory No. 3**

Plaintiffs ask Defendants to identify all alternative currencies (including cryptocurrencies) and nonfungible tokens that Defendant Dylan Copeland owns,

controls, or holds in trust that were acquired with income or revenue received from Spinrilla (Interrogatory ("Rog.") No. 3). Further, Plaintiffs ask Copeland to identify all assets he owns, controls, or holds in trust that were acquired with income or revenue received from Spinrilla (Request for Production ("RFP") No. 8). Plaintiffs also seek documents identifying all of Copeland's liabilities related to Spinrilla (RFP No. 10).

Plaintiffs assert that these discovery requests seek information relevant to specific deterrence, which Plaintiffs argue is a pertinent factor in the calculation of statutory damages.[1] Plaintiffs rely on *Johansen v. Combustion Engineering, Inc.* (170 F.3d 1320 (11th Cir.)), *Kemp v. American Tel. & Tel. Co.* (393 F.3d 1354 (11th Cir.)), *Jones v. Amicizia Events, Inc.* (2020 WL 6065927 (C.D. Cal. 2020)), *Capitol Records, Inc. v. MP3tunes, LLC*, (48 F. Supp. 3d 703 (S.D.N.Y. 2014))[2], and *Sony Music Entm't v. Cox Commc'ns, Inc.* (464 F. Supp. 3d 795 (E.D. Va. 2020)) to reason that because the economic wealth of a tortfeasor may be considered in the calculation of statutory damages to promote deterrence, Copeland's financial condition, as revealed by the requested documents, is appropriately at issue in discovery. Plaintiffs further contend that their lack of information about Copeland's liabilities leaves obscured Copeland's profits from infringement.

---

[1] During the parties' telephone conference with the Court, Plaintiffs stated that they intend to pursue statutory damages instead of actual damages in this case. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990) ("Both the copyright and communications statutes allow the aggrieved party to elect either actual or statutory damages.").
[2] *Aff'd in part, rev'd in part and remanded sub nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 840 F.3d 69 (2d Cir. 2016), *withdrawn from bound volume*, and *aff'd in part, rev'd in part and remanded sub nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79 (2d Cir. 2016).

Defendants argue in response that they have already produced relevant documents concerning Copeland's finances. Defendants state that they have provided Plaintiffs with Spinrilla's Schedule K-1 IRS filings from 2014 to 2019, Spinrilla's QuickBooks General Ledger, which shows all financial transactions between Spinrilla and Copeland from 2014 to the present, and documents reflecting the total revenue Copeland received from Spinrilla. Following the parties' telephone conference with the Court, Defendants also stated that they are willing to produce Copeland's tax returns from 2015 to 2020. Regarding Plaintiffs' requests for documents reflecting how Copeland spent money obtained from Spinrilla, Defendants contend that Plaintiffs failed to articulate why information about *how* Copeland used income or revenue from Spinrilla is discoverable at this stage. Defendants specifically assert that *Johansen*, *Kemp*, *Jones*, *Capital Records*, and *Sony Music* are inapposite.

Both *Johansen* and *Kemp* concerned the relationship between deterrence and punitive damages against large corporations in a non-copyright context. By contrast, *Jones* and *Sony Music*, neither of which is binding on this Court, considered which factors may be examined to determine statutory damages in copyright cases. The *Jones* and *Sony Music* courts both found that a defendant's financial condition or wealth is relevant to the determination of statutory damages. However, only the *Jones* court examined which financial documents were required to be produced to disclose a defendant's wealth. In that case, the Court ordered the defendants to produce documents related to their gross revenues. 2020 WL

6065927, at *3. Importantly, *Jones* and *Sony Music* involved corporate defendants rather than individual defendants. *Capital Records*, on the other hand, considered both punitive and statutory damages in a case involving a corporation and an individual defendant. While the *Capital Records* court stated that deterrence may be considered in the determination of statutory damages, it did not discuss the individual defendant's wealth in the context of statutory damages. *See* 48 F. Supp. 3d at 726. Instead, the court explained that it should consider the individual defendant's wealth in its calculation of punitive damages. *Id.* at 728-29, 732. *Johansen*, *Kemp*, *Jones*, *Capital Records*, and *Sony Music* do not address the discoverability of documents revealing how a defendant invested income earned from copyright infringement.

After reviewing each of Plaintiffs' cited cases, the Court finds that Plaintiffs have not presented any authority holding that how an infringer uses income or revenue earned from his infringement is discoverable at this stage of litigation. While Plaintiffs' cited cases collectively support the proposition that a defendant's wealth or financial condition is relevant to the determination of statutory and punitive damages, none of those cases support the proposition that Plaintiffs are entitled to receive discovery about assets, alternative currencies, or nonfungible tokens Copeland purchased with income or revenue from Spinrilla.

Defendants have already given Plaintiffs documents reflecting the total revenue Copeland received from Spinrilla, as well as Spinrilla's Schedule K-1 IRS filings and Spinrilla's QuickBooks General Ledger showing all financial

transactions between Spinrilla and Copeland. Defendants are further **ORDERED** to provide Plaintiffs with Copeland's 2015-2020 tax returns. These documents are sufficient to disclose Copeland's financial status. By contrast, documents relating to how Copeland spent Spinrilla-related income are too remote and too burdensome to track reliably to be discoverable. The Court therefore **DENIES** Plaintiffs' requests for discovery of assets, alternative currencies, or nonfungible tokens Copeland purchased with income or revenue from Spinrilla.[3] The Court also **DENIES** as moot Plaintiffs' request for documents identifying Copeland's liabilities related to Spinrilla because Defendants have formally represented to the Court that they are not aware of any outstanding investments or liabilities for which Mr. Copeland has not been compensated by Spinrilla.

## II.   Plaintiffs' Requests for Production Nos. 13, 14, and 15

Plaintiffs also seek documents regarding Spinrilla's financing, Spinrilla's actual or potential investments, Spinrilla's forecasts and budgets, and valuations or appraisals of Spinrilla prepared between October 31, 2017 and November 30, 2020 (RFP Nos. 13, 14, and 15). The Court **DENIES** as moot Plaintiffs' request that Defendants produce documents in response to the relevant RFPs because Defendants have updated their responses to Plaintiffs' requests and indicated that they do not have any responsive documents.

---

[3] However, for purposes of collection, Plaintiffs may be able to obtain discovery of funds invested in alternative currencies.

5

## III. Conclusion

After considering the arguments made by each party, the Court **DENIES** Plaintiffs' requests for discovery concerning assets, alternative currencies, or nonfungible tokens Copeland purchased with income or revenue received from Spinrilla (Rog. No. 3 and RFP No. 8). The Court also **DENIES** Plaintiffs' request for documents identifying Copeland's liabilities related to Spinrilla (RFP No. 10) as moot given his response that no such liabilities exist. Finally, the Court **DENIES** Plaintiffs' request that Defendants produce documents in response to RFP Nos. 13, 14, and 15 as moot.

**IT IS SO ORDERED** this 22nd day of October, 2021.

**Honorable Amy Totenberg**
**United States District Judge**