**Exhibit A
(Plaintiffs' Responses and Objections to
Defendants' Requests to Produce)
to Memorandum of Law in Support of
Plaintiff's Motion to Preclude Evidence or
Argument Related to Plaintiffs' Licensing
Agreements with Third Parties**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC RECORDING CORPORATION,
LAFACE RECORDS LLC, SONY MUSIC
ENTERTAINMENT, UMG RECORDINGS,
INC., WARNER BROS. RECORDS INC.,
ARISTA MUSIC, ARISTA RECORDS LLC,
BAD BOY RECORDS LLC, CAPITOL
RECORDS, LLC, ELEKTRA
ENTERTAINMENT GROUP INC., ROC-A-
FELLA RECORDS, LLC, SONY MUSIC
ENTERTAINMENT US LATIN LLC and
ZOMBA RECORDING LLC,

      Plaintiffs,

      v.

SPINRILLA, LLC and JEFFERY DYLAN
COPELAND,

      Defendants.

Civil Action No.
1:17-CV-00431-AT

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS TO PRODUCE

Pursuant to the Federal Rules of Civil Procedure, the Court's Civil Local Rules, and the Court's Standing Order (Dkt. 5), Plaintiffs in the above-captioned

matter, by and through undersigned counsel, hereby respond and object to Defendants' Requests to Produce, dated August 2, 2021 (the "Requests").

## NON-WAIVER

Plaintiffs' Responses and Objections are made without waiver, and with preservation of, all objections as to the competency, relevancy, materiality, privilege, and admissibility of the responses and subject matter thereof as evidence for any purposes in any part of the above-captioned action or in any other action or proceeding. No response or lack thereof made herein shall be deemed an admission by Plaintiffs as to the existence or nonexistence of documents or as to any fact at issue in this litigation.

## SUPPLEMENTATION

Plaintiffs' Responses and Objections are made to the best of Plaintiffs' present knowledge, information, and belief, as well as their present analysis of the case. The Responses and Objections are made without prejudice to the assertion of additional responses and objections by Plaintiffs at a later date, and Plaintiffs reserve the right to revise, correct, clarify, supplement, modify, amend, and/or update these Responses and Objections as appropriate, in light of facts revealed through discovery and investigation.

2

## OFFER TO CONFER IN GOOD FAITH

Plaintiffs hereby offer to confer in good faith with counsel for Defendants concerning the Requests and matters raised herein.  Plaintiffs offer to confer regarding the scope and meaning of the Definitions, Instructions, and requests for production found in the Requests, which in their present state are objectionable as set forth herein.

## OBJECTIONS TO INSTRUCTIONS

### INSTRUCTION NO.  2:

Whenever these Requests ask for documents which are not in Plaintiffs' possession, but is in the possession of someone else, so state and identify such persons who have possession of the requested documents.

### OBJECTION TO INSTRUCTION NO.  2:

Plaintiffs object to this instruction to the extent it purports to require Plaintiffs to identify documents and information that are outside Plaintiffs' possession, custody, or control.  Consistent with Federal Rule of Civil Procedure 34, Plaintiffs will identify responsive documents "in the possession of someone else" only if those documents are within Plaintiffs' custody or control.

3

## OBJECTIONS TO DEFINITIONS

### DEFINITION NO.  1:

The term "Plaintiffs" the named Plaintiffs in this action, either individually or collectively, and any representatives, agents, attorneys, and/or anyone else acting on their behalf, either individually or collectively.

### OBJECTION TO DEFINITION NO. 1:

Plaintiffs object on the ground that this definition is vague and ambiguous. Plaintiffs will assume that the beginning of the definition was intended to read "The term 'Plaintiffs' shall refer to the named Plaintiffs . . . ."  Plaintiffs further object to this definition to the extent that including "attorneys" in the definition of the term calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Plaintiffs further object that this term purports to require disclosure of information from "anyone else acting on" Plaintiffs' behalf.  This includes individuals who claim apparent authority but do not have actual authority to act on behalf of Plaintiffs, meaning the Requests that use this term purport to seek information not in Plaintiffs' possession, custody, or control.

**DEFINITION NO. 2:**

The terms "You" or "Your" shall refer, without limitation, to the named Plaintiffs in this action, either individually or collectively, and any representatives, agents, attorneys, and/or anyone else acting on their behalf.

**OBJECTION TO DEFINITION NO. 2:**

Plaintiffs object to the definition of the terms "You" and "Your" to the extent that including "attorneys" in the definition of the terms calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Plaintiffs further object that this term purports to require disclosure of information from "anyone else acting on" Plaintiffs' behalf.  This includes individuals who claim apparent authority but do not have actual authority to act on behalf of Plaintiffs, meaning the Requests that use this term seek information not in Plaintiffs' possession, custody, or control.

**DEFINITION NO. 4:**

The term "Complaint" shall refer to the Complaint filed by Plaintiffs in this action.

**OBJECTION TO DEFINITION NO. 4:**

Plaintiffs object to the definition of the term "Complaint" as vague and ambiguous because this action has involved a Complaint, an Amended Complaint,

and amendments to Exhibit A to the latter.  Plaintiffs interpret this definition as referring to the currently-operative Amended Complaint appearing at Dkt. 127 (together with as-amended Exhibit A to that Amended Complaint, which appears at Dkt. 221).

## RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:**

All documents that support or refute Plaintiffs' claim that Defendants' infringement was willful.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including information that is already within Defendants' possession and that has already been produced in this case.  Plaintiffs further object to this Request insofar as virtually all of the documents demonstrating willfulness come from Defendants' files and thus producing all documents supporting or refuting the contention in this Request is nothing more than a request for the disclosure of (1) Plaintiffs' attorneys' strategies and legal impressions in the context

6

of this litigation and (2) confidential communications containing legal advice pertaining to this litigation which is protected from disclosure by the attorney-client privilege and/or work product doctrine.

In light of the foregoing objections, Plaintiffs will not produce additional documents in response to this Request beyond those produced in the liability phase of discovery.  However, Plaintiffs cited many documents that support their claim that Defendants' claim was willful in their Statement of Undisputed Material Facts in Support of Summary Judgment Against Defendants and will identify such documents in their exhibit list in advance of trial.

**REQUEST NO.  2:**

All documents sufficient to show Plaintiffs' revenues received, expenses incurred and net profits earned from 2013 through the present in connection with the licensing, sale, or other exploitation of the 4,082 sound recordings at issue.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to the framing of this Request as ambiguously seeking "All documents sufficient to show."  As drafted, it is not clear whether this is a tailored request seeking "documents sufficient to show" the noted information, or a broad request seeking "All documents" that reflect the noted information.  Plaintiffs will treat the Request as the former rather than the latter.  Plaintiffs further object to this

Request to the extent it seeks financial information concerning Plaintiffs' "other exploitation" of the works in suit.  The phrase "other exploitation" is vague and ambiguous, and calls on Plaintiffs to engage in the unnecessarily burdensome and disproportionate task of investigating whether any revenue has ever been earned from the tracks in question other than through the conventional means of licensing and sale.

After a reasonable investigation, Plaintiffs have determined that they do not keep records of expenses and net profits on a track-by-track basis in the ordinary course of their business.  Accordingly, there are no documents responsive to the components of the Request that seek such information.

Subject to and without waiver of Plaintiffs' objections to this Request and Plaintiffs' objections to the Definitions and Instructions set forth above, Plaintiffs will produce responsive, non-privileged documents within their possession, custody, or control that are located after a reasonable search and that are sufficient to show streaming and downloading figures for each of the works in suit for the United States market from January 1, 2013 to the present.

**REQUEST NO.  3:**

Documents sufficient to show Plaintiffs' sales expenses, commissions, artists/composers/publishers' payouts, general and administrative expenses,

marketing and advertising expenses, from 2013 through the present in connection with the 4,082 sound recordings at issue.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this Request as grossly overbroad, unduly burdensome and lacking proportionality to the issues in dispute insofar as a broad reading of this Request might be seen as asking Plaintiffs to review any and all expense records to identify expenses that could bear some relationship with the works in suit.  After a reasonable investigation, Plaintiffs have determined that they do not maintain in the ordinary course of their business documents sufficient to show expenses on a track-by-track basis.  Accordingly, Plaintiffs do not have documents responsive to this Request.

**REQUEST NO.  4:**

Documents sufficient to show any internal valuations of Plaintiffs library of sound recordings, including any of the 4,082 sound recordings at issue and/or lifetime financial value of such recordings.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object that Defendants' demand for valuations of *every* sound recording owned by *any* Plaintiff is overbroad, unduly burdensome, and entirely unrelated to the case, given the massive size of Plaintiffs' libraries of sound

recordings.  In any event, Plaintiffs' investigation to date has shown that Plaintiffs do not keep records showing internal valuations or "lifetime financial value" of individual tracks, or of the works in suit in particular.  Accordingly, Plaintiffs do not have documents responsive to this Request.

**REQUEST NO.  5:**

All license agreements and contracts, including drafts of license agreements and negotiation discussions, that Plaintiffs entered into with third parties, including but not limited to Spotify, Apple Music, Amazon Music, Pandora, SoundCloud, and YouTube to license the 4,082 sound recordings at issue.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks "agreements and contracts . . . to license the" works in suit without limitation, and to the extent it seeks the terms of license agreements with *any* third parties and for any use, without regard for the size, relevance, or importance of the third-party licensee or the relationship of the use to the issues to be tried.  Further, this Request is both irrelevant and unduly burdensome because in the ordinary course of business, Plaintiffs do not enter into agreements to license the streaming or downloading of individual sound recordings—they enter such licenses for their entire catalogs.  Plaintiffs further object to this Request to the extent it calls

for the disclosure of highly confidential information or documents that are subject to notice or consent provisions under the terms of their agreements with other parties. Finally, Plaintiffs object to the portion of the Request that seeks "drafts of license agreements and negotiation discussions" as overbroad, unduly burdensome, irrelevant to this case, and patently seeking documents protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiver of Plaintiffs' objections to this Request and Plaintiffs' objections to the Definitions and Instructions set forth above, and subject to any contractual obligations that Plaintiffs may be under to notify and/or obtain the consent of the third parties referenced herein prior to production, Plaintiffs will produce the relevant portions of license agreements between Plaintiffs and third-party streaming and downloading services representing approximately 90% of the United States market for such services.

**REQUEST NO. 6:**

All documents sufficient to identify the licensing fee terms for each of the 4,082 sound recordings at issue for any comparable licenses, including but not limited to, Spotify, Apple Music, Amazon Music, Pandora, SoundCloud, and YouTube.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to the framing of this Request as confusingly seeking "All documents sufficient to identify."  As drafted, it is not clear whether this is a tailored request seeking "documents sufficient to identify" the noted information, or a broad request seeking "All documents" that reflect the noted information.  Plaintiffs will treat the Request as the former rather than the latter.  Plaintiffs further object to this Request as vague and ambiguous to the extent it seeks documents related to "any comparable licenses," without defining or providing parameters as to the idea of "comparab[ility]."

Plaintiffs incorporate their responses and objections to Request No. 5 and will produce in accordance with those responses and objections.

**REQUEST NO.  7:**

All documents sufficient to show Plaintiffs' royalties and/or royalty per stream received from 2013 through the present in connection with licensing of the 4,082 sound recordings at issue, including but not limited to, Spotify, Apple Music, Amazon Music, Pandora, SoundCloud, and YouTube.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to the framing of this Request as confusingly seeking "All documents sufficient to show."  As drafted, it is not clear whether this is a tailored

request seeking "documents sufficient to show" the noted information, or a broad request seeking "All documents" that reflect the noted information.  Plaintiffs will treat the Request as the former rather than the latter.

Plaintiffs incorporate their responses and objections to Request No. 5 herein. Plaintiffs further object to the extent this Request assumes that royalties are paid by every licensee on a per-stream basis.

Subject to and without waiver of Plaintiffs' objections to this Request and Plaintiffs' objections to the Definitions and Instructions set forth above, Plaintiffs will respond to this Request by producing data identified after a reasonable search that is sufficient to show streaming and downloading figures for each of the works in suit for the United States market from January 1, 2013 to the present, and by producing relevant portions of license agreements consistent with Plaintiffs' response to Request No. 5.

## REQUEST NO.  8:

Documents sufficient to show royalties paid per stream or download according to user category (i.e., paid users, free users) on licensed music streaming platforms, including but not limited to, Spotify, Apple Music, Amazon Music, Pandora, SoundCloud, and YouTube.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this Request as ambiguous and unintelligible to the extent it seeks "royalties paid per . . . *download* . . . on licensed music *streaming* platforms." Plaintiffs further object to the extent this Request assumes that royalties are paid exclusively on a per-stream or per-download basis.

Plaintiffs incorporate their responses and objections to Request No. 5 and will produce in accordance with those responses and objections.

**REQUEST NO.  9:**

All documents not otherwise requested herein that support or refute Plaintiffs' claim that it was damaged as a result of the Defendants' alleged infringement, including the fact and amount of any damage.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including documents that are already within Defendants' possession and have already been produced in this case.  Plaintiffs further object to this Request insofar as producing all documents supporting or refuting the

14

contention in this Request will lead to the disclosure of (1) confidential communications containing legal advice pertaining to this litigation and (2) Plaintiffs' attorneys' strategies and legal impressions in the context of this litigation, which is protected from disclosure by the attorney-client privilege and/or work product doctrine.  Plaintiffs further object to the phrase "Defendants' alleged infringement" because the Court has already held that Defendants infringed Plaintiffs' copyrights.

In light of the foregoing objections, Plaintiffs will not produce additional documents in response to this Request beyond those previously produced during the liability phase of discovery.

## REQUEST NO.  10:

All documents that support or refute Plaintiffs' claim that Defendants profited from allegedly infringing the 4,082 sound recordings at issue.

## RESPONSE TO REQUEST NO. 10:

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including documents that have already been produced in this

15

case.  Plaintiffs further object to this Request to the extent it seeks information that is exclusively within Defendants' possession, custody, and control.  Plaintiffs further object to this Request insofar as producing all documents supporting or refuting the contention in this Request will lead to the disclosure of (1) confidential communications containing legal advice pertaining to this litigation and (2) Plaintiffs' attorneys' strategies and legal impressions in the context of this litigation, which is protected from disclosure by the attorney-client privilege and/or work product doctrine.  Plaintiffs further object to the phrase "allegedly infringing" because the Court has already held that Defendants infringed Plaintiffs' copyrights.

In light of the foregoing objections, Plaintiffs will not produce additional documents responsive to this Request beyond those previously produced during the liability phase of discovery.

**REQUEST NO.  11:**

All documents that support or refute the amount of the Defendants' revenues that Plaintiffs claim are attributable to the Defendants' alleged infringement and should not be deducted from Spinrilla's gross revenue when calculating Defendants' profits.

## RESPONSE TO REQUEST NO. 11:

Plaintiffs object to this Request as ambiguous, unintelligible, and dependent on an unexplained assumption concerning the relationship between the amount of Defendants' revenues attributable to Defendants' infringement and the calculation of Spinrilla's gross revenue and profits. To the extent this Request is comprehensible, Plaintiffs further object to it because it is contrary to 17 U.S.C. § 504(b), which requires that the *infringer* prove which elements of its profits are not attributable to the infringement. Plaintiffs further object to this Request because it attributes positions to Plaintiffs regarding the proper method for calculating damages, which the parties have not even begun to address, and because it seeks information that is exclusively within Defendants' possession, custody, and control. Plaintiffs also object because this Request constitutes an improper contention request that effectively requires Plaintiffs to review and analyze documents related to this case, including documents already produced in this case. Plaintiffs further object to this Request to the extent it calls for documents that are exclusively in the possession of Defendants. Finally, Plaintiffs object to the phrase "alleged infringement" because the Court has already held that Defendants infringed Plaintiffs' copyrights.

In light of the foregoing objections, Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 12:**

All documents that support or contradict Your contention that "when Plaintiffs' sound recordings are uploaded to Spinrilla.com and the Spinrilla apps, they attract significant interest among the public" which "means more views, downloads, and streams on Spinrilla's services" as well as "more user registrations and more subscriptions to Spinrilla 'Pro Membership'", all of which allegedly "translates directly into increased advertising and subscription revenue for the Defendants, which Defendants specifically intend." (Complaint, ¶ 68).

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including documents already produced in this case.  Plaintiffs further object to this Request to the extent it calls for documents that are exclusively in the possession of Defendants.  Plaintiffs further object to this Request insofar as producing all documents supporting or contradicting the contention in this Request will lead to the disclosure of (1) confidential communications containing legal advice pertaining to this litigation and (2) Plaintiffs' attorneys' strategies and legal

impressions in the context of this litigation, which is protected from disclosure by the attorney-client privilege and/or work product doctrine.

In light of the foregoing objections, Plaintiffs will not produce additional documents in response to this Request beyond those previously produced during the liability phase of discovery.

## REQUEST NO. 13:

All documents that support or contradict Your contention that "Defendants' willful acts of infringement have eroded the authorized sales in distribution of Plaintiffs' copyrighted sound recordings through physical and digital channels." Including all sales of the sound recordings, by channel and customer before and after the alleged infringement ceased. (Amended Complaint, Dkt. 127, ¶ 6)

## RESPONSE TO REQUEST NO. 13:

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including documents that are already within Defendants' possession and have already been produced in this case. Plaintiffs further object to this Request insofar as producing all documents supporting or contradicting the

contention in this Request will lead to the disclosure of (1) confidential communications containing legal advice pertaining to this litigation and (2) Plaintiffs' attorneys' strategies and legal impressions in the context of this litigation, which is protected from disclosure by the attorney-client privilege and/or work product doctrine.  Plaintiffs further object that the first sentence of this Request principally seeks information that will be the subject of discovery during the expert discovery period.  Plaintiffs object that the last sentence of this Request is an incomplete fragment, rendering the Request ambiguous.  To the extent that portion of the Request can be understood, it is grossly overbroad and unduly burdensome for the reasons set forth immediately above.

In light of the foregoing objections, Plaintiffs will not produce additional documents in response to this Request beyond those previously produced during the liability phase of discovery.

## REQUEST NO.  14:

To the extent not already requested, all documents which contain information that proves, supports or otherwise serves as the basis for Your calculation of damages.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this Request as overbroad and unduly burdensome insofar as it fails to "describe with reasonable particularity each item or category of items" requested, Fed. R. Civ. P. 34(b)(1)(a), and instead constitutes an improper contention request that effectively requires Plaintiffs to review and analyze every document related to this case, including documents that are already in Defendants' possession and have already been produced in this case.  Plaintiffs further object to this Request insofar as producing all documents that support or serve as the basis for Plaintiffs' damages calculation will lead to the disclosure of (1) confidential communications containing legal advice pertaining to this litigation and (2) Plaintiffs' attorneys' strategies and legal impressions in the context of this litigation, which is protected from disclosure by the attorney-client privilege and/or work product doctrine. Plaintiffs further object that this Request seeks information that will be the subject of discovery during the expert discovery period.

In light of the foregoing objections, Plaintiffs will not produce additional documents responsive to this Request beyond those previously produced during the liability phase of discovery.

**REQUEST NO. 15:**

To the extent not already requested, all documents referenced in Plaintiffs' response to interrogatories.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request as vague to the extent it fails to identify the relevant interrogatories and responses thereto.  Plaintiffs interpret this Request as referencing Defendants' interrogatories to Plaintiffs served in the damages phase of this action, served on August 19, 2021.

Plaintiffs have not responded to such interrogatories or referenced any documents therein because Plaintiffs' responses to Defendants' interrogatories are not due until September 20, 2021.  Subject to and without waiver of Plaintiffs' objections to this Request and Plaintiffs' objections to the Definitions and Instructions set forth above, Plaintiffs agree to produce documents referenced in Plaintiffs' responses to Defendants' interrogatories served on August 19, 2021. Plaintiffs reserve the right to assert further objections once Plaintiffs have served their responses to Defendants' interrogatories.

Dated: September 1, 2021                    JENNER & BLOCK LLP

<u>/s/ Andrew H. Bart</u>
ANDREW H. BART
(admitted *Pro Hac Vice*)
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

PREVIN WARREN
(admitted *Pro Hac Vice*)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 637-6361
Facsimile: (202) 639-6066

TROUTMAN SANDERS LLP

JAMES A. LAMBERTH
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*

23