# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ATLANTIC RECORDING
CORPORATION, LAFACE
RECORDS LLC, SONY MUSIC
ENTERTAINMENT, UMG
RECORDINGS, INC., WARNER
BROS. RECORDS INC., ARISTA
MUSIC, ARISTA RECORDS LLC,
BAD BOY RECORDS LLC,
CAPITOL RECORDS, LLC,
ELEKTRA ENTERTAINMENT
GROUP INC., ROC-A-FELLA
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT US LATIN LLC,
and ZOMBA RECORDING LLC,

     Plaintiffs,

     v.

SPINRILLA, LLC and JEFFERY
DYLAN COPELAND,

     Defendants.

Civil Action No.
1:17-CV-00431-AT

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' FIRST *DAUBERT* MOTION
## TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENDANTS'
## <u>PROPOSED EXPERT WITNESS JUSTIN LEWIS</u>

Defendants retained a single expert witness to address the damages issues in this litigation.   That witness, Justin Lewis ("Lewis"), is a Certified Public Accountant ("CPA") who testified that ██████████████████████████ ████████. Plaintiffs now move to exclude two aspects of Lewis's testimony: (1) his opinion as to what specific statutory damages award is appropriate in this case, which is a question only the jury can resolve; and (2) his opinions about the music industry, which go beyond his expertise.

*First*, Lewis purports to opine on ██████████████████████████ ██████████████████████ *See* Ex. A (Lewis Report) at 3.  That assignment is a facially improper subject for expert testimony, as the award of statutory damages lies within the exclusive province of the jury. ██████████████████████

███████. *See* Ex. C (Lewis Dep.) 79:4-10.  Nevertheless, Lewis apparently intends to testify that ██████████████████████████████████████████ ████████████████████████████████████████████. Ex. A (Lewis Report) at 41; *see also id.* at 4; Ex. B (Lewis Rebuttal) at 4-5; Ex. C (Lewis Dep.) 80:4-8.  Lewis's opinion as to the amount of statutory damages to be awarded should be excluded at trial.

*Second*, Lewis's contemplated testimony goes far beyond the scope of his expertise.  Lewis, an accountant, offers up opinions on such topics as ███████████

1

,[1] how record

labels structure their Artists and Repertoire departments,[2] and ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3] Lewis further opines on the history

and evolution of the music industry, *see* Ex. A (Lewis Report) at 26-29, including a

▮▮▮▮▮▮▮ to the testimony of Plaintiffs' expert witness, Professor Catherine

Tucker,[4] *see* Ex. B (Lewis Rebuttal) at 3, 7-17, 22-34.  Predictably, Lewis's opinions

on these matters, which are well outside his range of expertise, are often simply

wrong on basic facts.  As they fail to satisfy the fundamental rules for admissible

expert testimony, these opinions should not be presented at trial.

## LEGAL STANDARD

Federal Rule of Evidence 702 sets a clear standard for when a court may admit

expert testimony.  "A witness who is qualified as an expert by knowledge, skill,

---

[1] Ex. A (Lewis Report) at 24.
[2] *Id*. at 28-29.
[3] Ex. B (Lewis Rebuttal) at 21.
[4] Professor Tucker is a Professor of Management Science at MIT and holds a Ph.D. in Economics from Stanford University.  Her economic testimony concerning changes in the recording industry was credited and repeatedly cited by the United States Copyright Royalty Board in a recent decision.  *See* Final Determination, *In re Determination of Rates and Terms for Digital Performance of Sound Recording and Making of Ephemeral Copies to Facilitate Those Performances (Web V)*, No. 19-CRB-0005-WR (2021-2025), 86 FR 59452-01, 2021 WL 4972732, *available at* https://app.crb.gov/document/download/25678.

experience, training, or education may testify in the form of an opinion or otherwise if:

> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702.  In determining the admissibility of expert testimony under this rule, trial courts must consider whether (1) the "expert is qualified to testify competently regarding the matters he intends to address;" (2) the testimony is reliable enough to be considered knowledge in the context of the relevant discipline; and (3) the testimony is relevant, in that it assists the trier of fact to understand or come to a conclusion regarding a material issue.  *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

Additionally, "[b]ecause of the powerful and potentially misleading effect of expert evidence," courts are especially cautious "'in weighing possible prejudice against probative force under Rule 403'" when considering proffered expert testimony.  *Id.* at 1263 (quoting Jack B. Weinstein, *Rule 702 of the Federal Rules of*

*Evidence Is Sound; It Should Not Be Amended*, 138 F.R.D. 631, 632 (1991)). "Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury, or if the expert testimony is cumulative or needlessly time consuming." *Id.* (citation omitted). The party offering the proposed expert opinion testimony "always bears 'the burden to show'" that the testimony satisfies the requirements for admissibility. *See id.* at 1260.

## ARGUMENT

## I.   Lewis Should Not Be Permitted To Opine About The Appropriate Statutory Damages Award.

Plaintiffs are seeking statutory damages in this action. Thus, the jury will be called upon to determine an appropriate damages award within the statutory range established in the Copyright Act. *See* 17 U.S.C. § 504(c). In his expert reports, Lewis purports to usurp that role of the jury and opines that Plaintiffs should receive ███████████████████████████████ Ex. A (Lewis Report) at 41; *see also id.* at 4; Ex. B (Lewis Rebuttal) at 4-5. Indeed, Lewis actually ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████. *See* Ex. A (Lewis Report) at 4, 40-41; Ex. B (Lewis Rebuttal) at 38-39. This opinion and related testimony are inadmissible.

4

In a copyright infringement case, it is the jury's role to weigh the evidence relating to the statutory damages factors and determine the amount of the final award. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353-55 (1998); *see also Eleventh Circuit Pattern Jury Instructions (Civil Cases)* § 9.32 (2022); 4 Nimmer on Copyright § 14.04. Accordingly, expert testimony that simply "tell[s] the jury what result to reach," and attempts to substitute the expert's judgment for the jury's, is inadmissible. *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1362 (N.D. Ga. 2017) (quoting *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990)); *see also Cordoves v. Miami-Dade County*, 104 F. Supp. 3d 1350, 1364-66 (S.D. Fla. 2015).

The need for jury autonomy in determining the amount of a copyright statutory damages award is particularly important because, in making its determination, the jury will be called upon to consider various factors that are beyond the competence of Lewis or any expert to address. When a copyright infringement plaintiff seeks statutory damages, the law requires the factfinder to consider: "the profits [the defendants] earned because of the infringement; the revenues that [the plaintiffs] lost because of the infringement; the difficulty of proving [the plaintiffs'] actual damages; the circumstances of the infringement; whether [the defendants] intentionally infringed [the plaintiffs'] copyright[s]; and

5

deterrence of future infringement." *MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021); *see also Eleventh Circuit Instructions* § 9.32. No expert may opine about what result the jury should ultimately reach—*i.e.*, how the jury should weigh those factors—in a particular case. *See In re Delta*, 245 F. Supp. 3d at 1362.

Indeed, Lewis's opinion about the specific amount of statutory damages Plaintiffs should be awarded underscores why expert testimony addressing that subject is inappropriate. Lewis, an accountant by trade, has no expertise to evaluate whether Defendants acted intentionally, the circumstances in which Defendants' infringements occurred, or what role deterrence should play in determining an appropriate award. Without any basis to evaluate three out of the six relevant factors, Lewis necessarily lacks the ability to balance those factors and opine about what ultimate award is appropriate.

Moreover, Lewis concededly ███████████████████████████, *see* Ex. C (Lewis Dep.) 94:5-25, and Defendants have proffered no evidence that Lewis is familiar with Plaintiffs' business models. Thus, Lewis lacks any basis to evaluate the revenues Plaintiffs lost due to the infringements at issue or how difficult it is for Plaintiffs to prove their actual damages.

Given these obvious limitations, it is hardly surprising that ███████████

████████████████████████████████████████████████████

████████████████████████. *See* Ex. C (Lewis Dep.) 51:13-18, 79:4-10.

Nevertheless, in this case, Lewis intends to offer the jury ███████████

████████████████████████████████████████████████████

████████. *See* Ex. A (Lewis Report) at 4, 40-41; Ex. B (Lewis Rebuttal) at 4-5, 38-

39.  Because Lewis is not permitted to calculate or opine on the appropriate amount

of damages to be awarded, those opinions should be excluded from presentation at

trial.

## II.     Lewis Is Not Qualified To Testify Regarding Purported Developments In The United States Music Industry.

Lewis is a CPA and Certified Valuation Analyst, and his only degree is a

bachelor's in Business/Economics with a focus on accounting.  *See* Ex. A (Lewis

Report) at 3-4 & App. A at 1-2.  He admitted in his deposition, ███████████

████████████████████████ Ex.  C  (Lewis  Dep.)  94:21-22.

Nevertheless,  in  his  expert  reports  Lewis  ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████.  *See* Ex. A (Lewis Report) at 26-29; Ex. B (Lewis Rebuttal)

at 7-17, 22-34.  The glaring contrast between Lewis's area of expertise (accounting)

and his conceded lack of experience with any element of the music business renders him incompetent to offer opinions to the jury about the music industry.

In determining whether a witness is qualified to testify as an expert, the court must examine the expert's credentials in light of the subject matter of the expert's contemplated testimony. *See Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1314 (N.D. Ga. 2002). Only by undertaking such an examination can a court determine whether an expert has the proper background "to testify competently regarding the matters he intends to address." *Frazier*, 387 F.3d at 1260-61 (internal quotation marks omitted). Accordingly, courts routinely hold that "[e]xpert testimony regarding matters outside of the witness's expertise is inadmissible, even if the expert is qualified to testify about other matters." *Am. Pegasus SPC v. Clear Skies Holding Co.*, No. 1:13-CV-03035-ELR, 2016 WL 11710067, at *3 (N.D. Ga. Jan. 14, 2016) (internal quotation marks omitted); *see also Lockman v. S. R. Smith, LLC*, 405 F. App'x 471, 473 (11th Cir. 2010); *Wilson v. MarineMax East, Inc.*, 303 F. Supp. 3d 1343, 1362 (N.D. Ga. 2018).

*Lockman* and *Wilson* are illustrative. In *Lockman*, there was no dispute that a party's proffered expert was a psychologist with expertise in "the brain's responses to a person expressing emotion." 405 F. App'x at 473. But the court affirmed the exclusion of this expert's testimony "on the subject-matter of warning labels"

8

because he "lacked the education, knowledge, or experience to qualify as an expert" on that topic.  *Id.*  Likewise, in *Wilson*, the plaintiff sought to present the opinion of an accredited marine surveyor on the diminished value of a boat that had defective conditions at the time of sale.  303 F. Supp. 3d at 1360.  Although the Court recognized the expert's credentials as an accredited marine surveyor and as a mechanical engineer, it concluded that nothing in the record suggested that the expert had experience in boat valuation and thus his testimony on that subject was inadmissible.  *See id.* at 1362.

Lewis's opinions about the music industry are inadmissible for the same reason.  As noted above, nothing in Lewis's academic or professional background relates to the music industry and none of Lewis's prior engagements as an expert witness were in cases involving the music industry.  Thus, while Lewis claims to have experience ████████████████████████████████████████ ████████████████████████████████.  *See* Ex. A (Lewis Report) at App. A at 1; Ex. C (Lewis Dep.) 94:5-95:7.  Nevertheless, Lewis's expert reports are replete with opinions about the music industry, how it has operated over time, and ███████ ████████████████████████████████.  *See, e.g.,* Ex. A (Lewis Report) at 26-29; Ex. B (Lewis Rebuttal) at 7-17, 22-34.

Given his glaring lack of experience in the music industry, ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. *See, e.g.*, Ex. B (Lewis

Rebuttal) at 8-9 & ns. 10-14, 16.  However, "reviewing articles on the Internet"

cannot substitute for the meaningful expertise the law demands of an expert witness.

*Jimenez v. Davis*, No. A-12-CA-0373-LY, 2018 WL 4344481, at *14 (W.D. Tex.

Sept. 10, 2018); *see Am. Pegasus*, 2016 WL 11710067, at *3.  Because he lacks the

necessary expertise to opine on the music industry, Lewis is no more "qualified to

testify competently regarding" that industry than any other layperson.  *Frazier*, 387

F.3d at 1260 (internal quotation marks omitted).

Unsurprisingly given Lewis's inexperience, his opinions about the music

industry are frequently wrong as a matter of fact.  Most glaringly, Lewis devotes a

full section of his report to ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Ex. A

(Lewis Report) at 11-12. ████████████████████████████████████

████████████ they involved infringing downloads of the works at issue by users of

Charter's and Cox's internet services using peer-to-peer filesharing networks.[5] Those cases did *not* involve infringing streams of any works on Spinrilla's platform. Of course, the Copyright Act expressly permits the recovery of a complete statutory damages award "for all infringements involved in the action," without regard to whether the same works were also infringed by a different defendant in a different lawsuit. 17 U.S.C. § 504(c)(1).  Accordingly, the results of distinct infringement claims brought against other defendants are simply not "relevant to the analysis" when determining how many statutory damages awards can be recovered.  *QOTD Film Inv., Ltd. v. Wilson*, No. C16-0371RSL, 2017 WL 841669, at *2 (W.D. Wash. Mar. 3, 2017); *accord MCA Television Ltd. v. Feltner*, 89 F.3d 766, 770 (11th Cir. 1996) (reaching the same conclusion with regard to "individually liable infringers" even in the same litigation).  Because this litigation and the Charter and Cox litigations involved wholly distinct acts of infringement, ███████████████

██████████████████████████████████████████

---

[5] *See Sony Music Entm't v. Cox Commc'ns, Inc.*, 464 F. Supp. 3d 795, 805 (E.D. Va. 2020) ("The alleged infringement . . . involved four P2P protocols: BitTorrent, Gnutella, eDonkey, and Ares."); *Warner Records Inc. v. Charter Commc'ns, Inc.*, 454 F. Supp. 3d 1069, 1072 (D. Colo. 2020) ("Plaintiffs have identified hundreds of thousands of specific instances in which Charter's subscribers utilized peer-to-peer systems to distribute and copy plaintiffs' songs illegally.").

and permitting Lewis to testify about it would do nothing more than insert legal error into the trial record.

As another example, Lewis opines that . Ex. A (Lewis Report) at 28.  However, as Lewis admitted at his deposition, . Ex. C (Lewis Dep.) at 290:11-291:3.  Thus, . *Id.* at 297:8-298:22.

As these examples illustrate, Lewis is not "qualified" to testify about the music industry, *Frazier*, 387 F.3d at 1260, and his inability to "ensure the reliability or accuracy of" the inadmissible hearsay he gleaned from news articles and presents as expert opinion "renders his opinions unreliable." *Watson v. K2 Design Grp., Inc.*, No. 15-CV-61020, 2016 WL 11783284, at *6 (S.D. Fla. Aug. 9, 2016) (internal quotation marks omitted).  Accordingly, Lewis's opinions about the music industry

should be excluded at trial.  *See Lockman*, 405 F. App'x at 473; *Wilson*, 303 F. Supp.

3d at 1362; *Am. Pegasus SPC*, 2016 WL 11710067, at *3.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and

exclude the referenced portions of Lewis's testimony at trial.

This 8th day of March, 2023.                    Respectfully submitted,


JENNER & BLOCK LLP                    TROUTMAN PEPPER HAMILTON
                                      SANDERS LLP
/s/ *Andrew H. Bart*
                                      JAMES A. LAMBERTH
ANDREW H. BART                        james.lamberth@troutman.com
(Admitted Pro Hac Vice)               Georgia Bar No. 431851
JACOB TRACER                          600 Peachtree Street, N.E.
(Admitted Pro Hac Vice)               Suite 5200, Bank of America Plaza
OWEN W. KEITER                        Atlanta, GA 30308-2216
(Admitted Pro Hac Vice)               Telephone: (404) 885-3362
KARA V. BRANDEISKY                    Facsimile: (404) 962-6611
(Admitted Pro Hac Vice)
1155 Avenue of the Americas           *Attorneys for Plaintiffs*
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699


LOREAL R. ROCK
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066


13

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt. which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ *Andrew H. Bart*
ANDREW H. BART

**CERTIFICATE OF SERVICE**

I, Andrew H. Bart, hereby certify that on this 8th day of March, 2023, the foregoing papers were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ *Andrew H. Bart*
ANDREW H. BART

14