# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELECTRA ENTERTAINMENT GROUP INC., SONY MUSIC ENTERTAINMENT US LATIN LLC, ZOMBA RECORDING LLC, ROC-A-FELLA RECORDS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPINRILLA, LLC and JEFFERY DYLAN COPELAND,<br><br>    Defendants. | Civil Action No.<br>1:17-CV-00431-AT |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' FOURTH MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING THE FINANCIAL STATEMENTS OF <u>PLAINTIFFS' PARENT CORPORATIONS</u>**

Defendants included on their exhibit list over 2,000 pages of consolidated financial reports for Plaintiffs' respective parent corporations, Universal Music Group B.V., Sony Corporation, and Warner Music Group Corp. None of those companies is a party to this case. These financial statements do not include any individual reporting for any of the Plaintiffs and thus have no relevance to demonstrating any lost revenues Defendants' infringements caused.

Moreover, introducing these voluminous exhibits at trial would waste time, confuse the jury as to the significance of such materials in setting an appropriate amount of statutory damages, and would be highly prejudicial to the Plaintiffs.

Given the irrelevant and prejudicial nature of the financial statements, Defendants should be precluded from introducing the financial statements, and any related testimony, at trial.

## ARGUMENT

### I. Defendants Fail To Show Any Relevance Of The Financial Statements To Plaintiffs' Damages Award.

Defendants do not (because they cannot) dispute the fact that the financial statements contain no individual reporting for any of the Plaintiffs in this case. Nevertheless, Defendants insist that the financial statements are relevant for three reasons, each of which is demonstrably baseless.

*First*, Defendants claim the financial statements are relevant to respond to one opinion of Plaintiffs' expert, Dr. Catherine Tucker, that ███████████ ███████████████████████████████████████████████████ ████████████████████████████████████. *See* Dkt. 487-1 (Defs.' Opp'n) at 3. However, as noted above, these financial statements *do not include* individual reporting for any of the Plaintiffs in this case and thus cannot be used to calculate Plaintiffs' revenues.

Moreover, even if the statements could be used to calculate the revenues of the Plaintiffs (which they cannot), those revenues would still be irrelevant to respond to Dr. Tucker's opinions about ████████████████████████████████ ████████████████████████████████. Dr. Tucker did not rely on the financial statements that Defendants seek to introduce for any purpose. Defendants have not offered any expert analysis or testimony that attempts to determine what portion of Plaintiffs' revenues would have been earned but for Defendants' conduct. And, of course, it would be impossible to create any such expert analysis from these financial statements since they do not contain any individual reporting for any of the individual Plaintiffs. The reporting that the financial statements do contain consolidates revenues from the many ways Plaintiffs' parent companies monetize sound recordings, including licenses with digital services, but also other types of licenses and the sales of physical products like vinyl records and CDs.

3

*Second*, Defendants claim their damages expert, Justin Lewis, ▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* (citing Dkt. 473-1 (Lewis Report) at 24 & n.151). However, Mr. Lewis does not cite to where in the financial statements he obtained Plaintiffs' revenues to ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.*; *see* Dkt. 473-1 (Lewis Report) at 24 & n.151. That is because the information simply *does not exist* in the financial statements. Mr. Lewis's calculation therefore inaccurately and improperly includes the revenues of Plaintiffs' parent corporations and other subsidiary companies and revenue streams that have *no* relation to this case, including, for example, revenues from the sales of semiconductors and batteries, and film and television revenues. *See* Dkt. 470-1 (Pls.' Br.) at 5-6.

*Third*, Defendants claim that the 2,217 pages of Warner Music Group Corp.'s Form 10-K reports for fiscal years 2013 to 2020 are relevant because they include a statement that Warner can obtain higher margins on digital music products than physical products "due to the absence of certain costs associated with physical products, such as manufacturing, distribution, inventory and returns." Dkt. 487-1 (Defs.' Opp'n) at 3-4 (quoting Dkt. 470-4 (Defs.' Ex. 38) at 270). Even if true, that fact has no relevance whatsoever to any issue to be tried. It would be true regardless of whether Defendants infringed Plaintiffs' copyrights, and any lost revenues

4

Defendants caused would be the same regardless of the comparison of Plaintiffs' margins on their digital products to their margin on physical products.

## II. Evidence Or Argument Related To The Financial Statements Should Be Excluded Under FRE 403.

Given the manifest lack of relevance of the financial statements of Plaintiffs' parent companies to the issues to be tried, it is clear that Defendants seek to introduce them to support a misleading and prejudicial "David vs. Goliath" narrative in an apparent effort to obtain sympathy from the jury. *See* Dkt. 487-1 (Defs.' Opp'n) at 3. While that narrative is improper and prejudicial on its face, it is even more outrageous here since Defendants are looking to base that narrative on the revenues of Plaintiffs' parent and affiliated companies and thus sweep in substantial revenues from businesses that have no relation to this action. For that reason, the Court should exclude these exhibits under Rule 403 even if it finds they have some minimal probative value.

While Defendants cite to *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1327 (N.D. Ala. 2012), to argue otherwise, that case is inapposite. *See* Dkt. 487-1 (Defs.' Opp'n) at 4-5. In *Abbott Point of Care*—a patent infringement case—the court held that evidence related to the plaintiff's parent company was admissible because the defendant alleged that the parent company was

5

directly involved in the conduct at issue.[1]  Thus, the court concluded that the risk of prejudice was outweighed by the defendant's need to present evidence directly relevant to its defenses in the action. *Abbott Point of Care*, 868 F. Supp. 2d at 1327. The instant case, however, is easily distinguished from *Abbott Point of Care*. Here, Plaintiffs' parent corporations are not and have never been directly relevant to this case and Defendants have not made any allegations to the contrary.

Accordingly, even if the financial statements of Plaintiffs' parents have some minimal probative value, they should still be excluded.

## CONCLUSION

For the foregoing reasons and those shown in Plaintiffs' initial brief, the Court should grant Plaintiffs' motion in limine and preclude Defendants from introducing the financial statements of Plaintiffs' parent corporations, and any related testimony, at trial.

---

[1] Defendants in that case alleged two defenses that directly implicated the plaintiff's parent company. One defense involved an allegation that both the plaintiff and its parent corporation were directly involved in negotiations to acquire the defendant. *Abbott Point of Care*, 868 F. Supp. 2d at 1327. The other related to a claim that some of the employment contracts at issue were between the employees and the parent corporation, not the plaintiff. *Id*.

This 29th day of March, 2023.                    Respectfully submitted,

JENNER & BLOCK LLP

/s/ *Andrew H. Bart*

ANDREW H. BART
(Admitted Pro Hac Vice)
JACOB TRACER
(Admitted Pro Hac Vice)
OWEN W. KEITER
(Admitted Pro Hac Vice)
KARA V. BRANDEISKY
(Admitted Pro Hac Vice)
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

LOREAL R. ROCK
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

TROUTMAN PEPPER HAMILTON SANDERS LLP

JAMES A. LAMBERTH
james.lamberth@troutman.com
Georgia Bar No. 431851
600 Peachtree Street, N.E.
Suite 5200, Bank of America Plaza
Atlanta, GA 30308-2216
Telephone: (404) 885-3362
Facsimile: (404) 962-6611

*Attorneys for Plaintiffs*

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.), which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ *Andrew H. Bart*
ANDREW H. BART

**CERTIFICATE OF SERVICE**

I, Andrew H. Bart, hereby certify that on this 29th day of March, 2023, the foregoing papers were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ *Andrew H. Bart*
ANDREW H. BART