## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., ROC-A-FELLA RECORDS, LLC, SONY MUSIC ENTERTAINMENT US LATIN LLC, and ZOMBA RECORDING LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SPINRILLA, LLC and JEFFERY DYLAN COPELAND,<br><br>　　　　Defendants. | Civil Action No.<br>1:17-CV-00431-AT |

## REPLY IN SUPPORT OF
## PLAINTIFFS' FIRST *DAUBERT* MOTION
## TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENDANTS'
## PROPOSED EXPERT WITNESS JUSTIN LEWIS

Defendants retained Justin Lewis, an accountant, to provide an expert opinion as to the specific amount of statutory damages the jury should award in this case. Mr. Lewis complied with that request in his report, opining that ███████████ ███████████████████████████████████████████████ Dkt. 473-1 (Lewis Report) at 42.  However, the issue of setting the ultimate damage award is a question only the jury can resolve, and permitting Mr. Lewis to opine on it is improper.

Moreover, the methodology Mr. Lewis used to reach his ultimate conclusion is facially unreliable and should not be presented to the jury.  To determine Plaintiffs' statutory damages award, the jury will have to evaluate and balance multiple factors, including but not limited to whether Defendants' infringement was willful, the circumstances surrounding the infringements, and the need to deter Defendants in the future.  Eleventh Circuit Pattern Jury Instructions (Civil Cases) § 9.32 (2022). Mr. Lewis did not even purport to analyze those factors.  Further, as an accountant, Mr. Lewis is manifestly not competent to opine on any of those factors, making it impossible for him to opine on the ultimate award the jury should render.

Plaintiffs acknowledge that Mr. Lewis is competent to opine on certain statutory factors—such as Plaintiffs' actual damages and the profits Defendants

earned through their infringement.[1]   However, he should not be permitted to go further and offer any opinions about how the jury should address and balance all the relevant factors to reach a final award.

Separately, Mr. Lewis also offered opinions about macroeconomic trends in the music industry over the last several decades.  While those issues are relevant, Mr. Lewis is not competent to opine on them because he concededly has no experience in the music industry.  Thus, Mr. Lewis should not be permitted to testify about those issues.

Defendants' opposition brief largely ignores these issues and focuses instead on the portions of Mr. Lewis's testimony to which Plaintiffs do *not* object.  For example, Defendants' section titled "Facts Relevant To Motion" skips over the very opinions in Mr. Lewis's reports that Plaintiffs seek to exclude.  Dkt. 493-1 (Defs.' Opp'n) at 2-3.  Moreover, Defendants' minimal attempts to address the arguments Plaintiffs actually made are unpersuasive.  Because Defendants failed to rebut Plaintiffs' motion to exclude portions of Mr. Lewis's testimony, the motion should be granted.

---

[1] To be clear, Plaintiffs dispute Mr. Lewis's calculations, as their rebuttal expert witness Michael Pakter will explain.  *See* Dkt. 453-2 (Pakter Report).  However, Plaintiffs do not dispute Mr. Lewis's competency as an accountant to undertake such calculations, and they do not contend those calculations are irrelevant.

**ARGUMENT**

**I.    Mr. Lewis Should Not Be Permitted To Opine About The Appropriate Statutory Damages Award.**

Mr. Lewis's opinion about the proper amount of a statutory damages award is improper for two independent reasons: (1) it usurps the jury's role to decide the ultimate issue in this case, and (2) it is based on an irredeemably flawed methodology that ignores many of the statutory damages factors the jury is required by law to consider.

***First***, it is undisputed that Defendants retained Mr. Lewis to opine on ████ ████████████████████████████████████████████████ *See* Dkt. 473-1 (Lewis Report) at 4.  Mr. Lewis complied, opining that Plaintiffs ████████ ██████████████████████████████ *Id.* at 42.  Because this testimony impermissibly "tells the jury what result to reach," Plaintiffs moved to exclude it. Dkt. 473 (Pls.' Br.) at 6 (quoting *In re Delta/Airtran Baggage Fee Antitrust Litig.*, 245 F. Supp. 3d 1343, 1362 (N.D. Ga. 2017)).

In response, Defendants ***admit*** that Mr. Lewis "did form the opinion that the damages should be on the lower end of the statutory range."  Dkt. 493-1 (Defs.' Opp'n) at 5.  That admission is dispositive, as it is exclusively the province of the jury to apply the Court's legal instructions to the evidence in this case and determine what award is appropriate.  *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d

3

1537, 1541 (11th Cir. 1990); *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir. 1998).

**Second**, even if it were permissible for Mr. Lewis to provide an opinion about the jury's ultimate award (which it is not), his methodology to arrive at that opinion is unreliable and risks misleading the jury into applying an incorrect legal standard in reaching its final determination.  That flaw provides an independent basis to exclude Mr. Lewis's opinion from trial.  *See Stetter v. Shalala*, 13 F. App'x 79, 83-84 (4th Cir. 2001) (excluding expert testimony that "may convey erroneous legal standards to the jury"); *In re Delta*, 245 F. Supp. 3d at 1362-63.

Critically, to reach his opinion, Mr. Lewis analyzes only two of the six statutory damages factors the jury is required to assess—Plaintiffs' actual damages and Defendants' profits from infringement.  Specifically, Mr. Lewis merely computes amounts for Plaintiffs' actual damages and Defendants' profits from infringement, and then announces that the jury should issue an award that ███ ███████████████.  Dkt. 473-1 (Lewis Report) at 42; *see* 493-1 (Defs.' Opp'n) at 5-6.[2]  That approach ignores at least three issues the jury is required to

---

[2] Mr. Lewis's incompetent assertion that these two numbers ████████████ ███████, Dkt. 473-1 (Lewis Report) at 17, 41-42, is also wrong as a matter of law because a plaintiff who recovers actual damages is entitled to receive ***both*** "the actual damages suffered by him or her as a result of the infringement, ***and*** any profits of the infringer."  17 U.S.C. § 504(b) (emphasis added).

consider under binding Eleventh Circuit precedent: Defendants' intent/willfulness, the circumstances of the infringement, and the need to deter infringement through the award.  *See MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021).[3]

Defendants' primary response on this issue is the cryptic, and ultimately meaningless, assertion that Mr. Lewis's opinion is admissible because it "shows the jury how to translate the required factors into guideposts from which they themselves can determine the appropriate damages to be awarded." Dkt. 493-1 (Defs.' Opp'n) at 6. However, as noted above, any attempt to create "guideposts" from Mr. Lewis's opinions ***facially violates*** controlling Eleventh Circuit precedent because it ignores factors the jury must consider in rendering its award.  Indeed, far from helping the jury to "contextualize the statutory damages scheme," as Defendants argue, Dkt.

---

[3] It would also be improper for Mr. Lewis to opine on *whether* Defendants' infringement was willful because he has no special qualification that would enable him to evaluate and opine on Defendants' intentions or mental state.  Dkt. 473-3 (Lewis Dep.) 92:4-6; *see Pledger v. Reliance Tr. Co.*, No. 1:15-CV-4444-MHC, 2020 WL 6101409, at *11 (N.D. Ga. Jan. 24, 2020); *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 546-47 (S.D.N.Y. 2004); *City of Tuscaloosa*, 158 F.3d at 565. That is yet another reason why expert witnesses are not permitted to opine on the appropriate award of statutory damages in copyright actions.  To the extent Mr. Lewis *does* plan to opine on whether Defendants' infringement was willful, that opinion is improper and should be excluded.  *See* Dkt. 473-1 (Lewis Report) at 40-41 (███████████████████████████████); *see also* Dkt. 493-1 (Defs.' Opp'n) at 15-16.

493-1 (Defs.' Opp'n) at 6, Mr. Lewis's opinion would, if credited, confuse the jury into believing that only two factors are necessary to decide an award.

It is also no answer to claim, as Defendants do, that the jurors can simply reject Mr. Lewis's statutory damages calculation and "reach their own conclusions." 493-1 (Defs.' Opp'n) at 7.  Mr. Lewis's opinion is legally improper, and jurors may well *credit* Mr. Lewis's improper testimony and rely on that testimony to render an improper damages award.  That is why courts preclude experts from providing improper testimony that strays into the roles of the judge and jury, as such opinions may taint the proceedings.  *Marx. & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *Stetter*, 13 F. App'x at 83-84; *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997); *Specht v. Jensen*, 853 F.2d 805, 808-10 (10th Cir. 1988).[4]

Thus, while Mr. Lewis is free to offer his opinions about the amounts of Plaintiffs' actual damages and Defendants' profits, he cannot opine that they alone should be used to determine the appropriate award of statutory damages.

---

[4] Defendants' assertion that Plaintiffs did not cite cases in which an expert proposed to opine on the amount of statutory damages a jury should award, Dkt. 493-1 (Defs.' Opp'n) at 10, gets the point exactly backwards and underscores the outrageousness of Mr. Lewis's proffered testimony. The critical point is that there are no cases where an expert proposed to tell the jury the appropriate level of statutory damages.  Indeed, even Mr. Lewis admitted that ████████████████████████████████ ███████████████████████. Dkt. 473-3 (Lewis Dep.) 51:13-18.

## II. Mr. Lewis Is Not Qualified To Testify Regarding Purported Macroeconomic Developments In The United States Music Industry.

Defendants also seek to proffer testimony from Mr. Lewis about broad macroeconomic and technological issues affecting the recorded music industry. They do so notwithstanding Mr. Lewis's admission that he has absolutely no experience, let alone special expertise, with that industry. *See* Dkt. 473-3 (Lewis Dep.) 93:4-94:22. Mr. Lewis therefore lacks the requisite competency to testify about this subject matter and his opinions about the music industry must be excluded. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quoting *City of Tuscaloosa*, 158 F.3d at 562).

As Plaintiffs explained in their opening brief, Mr. Lewis's opinions about the music industry are not even arguably proximate to the expertise of a certified public accountant and quantitative damages witness. *See* Dkt. 473 (Pls.' Br.) at 2-3, 8-14. For example, Mr. Lewis proposes to testify about the following:

- Whether ███████████████████████████████ over the last decade;[5]

- Whether record labels are ███████████████████ ██████████████████████████;[6]

---

[5] Dkt. 473-1 (Lewis Report) at 25.
[6] *Id.* at 26.

- How record labels ██████████████████████████████[7]

- Why sales of physical copies of sound recordings ████████████[8]

- Whether the recorded music industry ████████████████████
  ██████████████████[9]

- Whether the music piracy service Napster ████████████[10]

- Whether efforts to stop online piracy through litigation ██████████
  ██████████████████[11]

- The development of online music and video streaming platforms, and the prevalence of copyright protection techniques on those platforms;[12]

- The duration of the time period during which online piracy hindered the development of legitimate streaming services;[13]

- The relative bargaining power of legitimate streaming services and major labels when negotiating licensing agreements;[14]

- Whether licensed streaming services' ██████████████████████
  ██████████[15]

- Whether various online streaming services offered engaging user experiences;[16]

---

[7] *Id.* at 29-30.
[8] Dkt. 473-2 (Lewis Rebuttal) at 8-9.
[9] *Id.* at 9.
[10] *Id.*
[11] *Id.* at 11.
[12] *Id.*
[13] *Id.* at 12-14.
[14] *Id.* at 17-18.
[15] *Id.* at 24.
[16] *Id.* at 25-27.

- The role of the streaming service SoundCloud in the careers of ███████ ███████████████████████████████████[17] and

- The influence of SoundCloud ███████████[18]

***None*** of these opinions relates to Lewis's experience or expertise as an accountant retained to perform quantitative and financial analysis.  *See, e.g.*, Dkt. 473-1 (Lewis Report) at 4-5.

In response, Defendants make no effort to carry their burden to demonstrate that Mr. Lewis is qualified as an expert who can aid the jury in understanding any of these subjects.  *See Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1304 (11th Cir. 2014).  Instead, Defendants take the strikingly incorrect position that Mr. Lewis, as a "damages expert[]," is qualified to testify before a jury not only about financial considerations but "***any other relevant factor***."  Dkt. 493-1 (Defs.' Opp'n) at 15, 17 (emphasis added).  Defendants assert that this is appropriate because Mr. Lewis has experience "evaluating damages in intellectual property infringement cases."  *Id.* at 11-15.

However, labeling one's expert a "damages expert" does not supersede the Federal Rules of Evidence.  Defendants may introduce expert testimony only from

---

[17] *Id.* at 27-28.
[18] *Id.* at 28.

a witness qualified to "answer [the] specific question" at hand through the application of expertise. *Am. Pegasus SPC by and through Sybersma v. Clear Skies Holding Co., LLC*, No. 13-CV-03035-ELR, 2016 WL 11710067, at *3 (N.D. Ga. Jan. 14, 2016) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)); *see also Desai v. Farmer*, No. 5:12-CV-495-OC-34PRL, 2014 WL 5473564, at *4 (M.D. Fla. Oct. 28, 2014).

Here, Mr. Lewis's experience with other copyright-related litigation has been limited to the type of mathematical and financial analyses that one would expect an accountant to conduct. Dkt. 493-2 (Lewis Dep.) 32:3-36:25. Indeed, as noted above, all of Mr. Lewis's prior copyright damages opinions occurred in cases where the plaintiff sought *actual* damages (which are determined by financial calculations), not *statutory* damages (which are determined by evaluating many other factors). *See supra*, at 6 n.4. Thus, Defendants have presented nothing to suggest that Mr. Lewis is competent to offer expert opinions on macroeconomic trends in the music industry that will aid the jury in this case.[19]

---

[19] As Plaintiffs explained in their opening brief, it is also clear that if Mr. Lewis is permitted to testify broadly about the music industry, his testimony will serve only to inject errors of both fact and law into the record and risk creating reversible error. Dkt. 473 (Pls.' Br.) at 11-13. While Defendants claim Plaintiffs can clear up the confusion Mr. Lewis will inevitably cause through cross-examination, Dkt. 493-1 (Defs.' Opp'n) at 18-19, that is not the standard for admitting expert testimony. An

Defendants also misrepresent Plaintiffs' motion as seeking "disqualification of a damages expert simply because he has not evaluated damages in a particular industry."  Dkt 493-1 (Defs.' Opp'n) at 14.  To be clear, Plaintiffs are not categorically challenging Mr. Lewis's qualifications to testify in a case about the music industry; rather, they are challenging Mr. Lewis's qualifications to testify on matters that Mr. Lewis's background in accounting do not equip him to analyze, such as whether ████████████████████████████ to the transition to digital music distribution, or whether the piracy website Napster had a ██████  *See* Dkt. 473-2 (Lewis Rebuttal) at 9.[20]

Ultimately, had Mr. Lewis confined himself to a quantitative assessment of his opinions about Plaintiffs' actual damages and the profits Defendants gained by infringing Plaintiffs' copyrights, there would be no dispute over the admissibility of

expert witness is not permitted to present patently baseless assertions, plainly outside their realm of competence, and force the other side to rebut them on cross.

[20] For this reason, all of the cases Defendants cite on this issue are inapposite.  For example, in one case, the court admitted expert testimony from an economist expressly because the subject matter of his testimony "was sufficiently within his expertise."  *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001).  In another, the court admitted expert testimony from an accountant regarding actual damages because the proffered testimony focused on quantitative topics about which the expert had "the specialized skill sufficient to serve as an expert witness."  *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 467 (D. Mass. 2017).  Indeed, in every case on this issue that Defendants cite, the proffered expert was amply qualified to conduct the *analysis* required.

his testimony.  However, he did not.  Accordingly, Mr. Lewis's opinions regarding the music industry should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and exclude the referenced portions of Mr. Lewis's testimony at trial.

This 29th day of March, 2023.                     Respectfully submitted,


JENNER & BLOCK LLP                    TROUTMAN PEPPER HAMILTON
                                      SANDERS LLP
/s/ *Andrew H. Bart*
                                      JAMES A. LAMBERTH
ANDREW H. BART                        james.lamberth@troutman.com
(Admitted Pro Hac Vice)               Georgia Bar No. 431851
JACOB TRACER                          600 Peachtree Street, N.E.
(Admitted Pro Hac Vice)               Suite 5200, Bank of America Plaza
OWEN W. KEITER                        Atlanta, GA 30308-2216
(Admitted Pro Hac Vice)               Telephone: (404) 885-3362
KARA V. BRANDEISKY                    Facsimile: (404) 962-6611
(Admitted Pro Hac Vice)
1155 Avenue of the Americas           *Attorneys for Plaintiffs*
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699


LOREAL R. ROCK
(Admitted Pro Hac Vice)
1099 New York Ave., N.W. Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.), which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

*/s/ Andrew H. Bart*
ANDREW H. BART


**CERTIFICATE OF SERVICE**

I, Andrew H. Bart, hereby certify that on this 29th day of March, 2023, the foregoing papers were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

*/s/ Andrew H. Bart*
ANDREW H. BART