UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., WARNER BROS. RECORDS INC., ARISTA MUSIC, ARISTA RECORDS LLC, BAD BOY RECORDS LLC, CAPITOL RECORDS, LLC, ELEKTRA ENTERTAINMENT GROUP INC., ROC-A-FELLA RECORDS, LLC, SONY MUSIC ENTERTAINMENT US LATIN LLC, and ZOMBA RECORDING LLC,,<br><br>Plaintiff,<br><br>vs.<br><br>SPINRILLA, LLC and JEFFERY DYLAN COPELAND,,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:17-CV-00431-AT |

**JUDGMENT**

This action having come before the court, Honorable Amy Totenberg, United States District Judge, for consideration of defendant's offer of judgment and the plaintiff's acceptance of said offer pursuant to Federal Rule of Civil Procedure 68, and the court having directed that judgment be entered, it is

**Ordered and Adjudged**

1. Judgment shall be entered in favor of Plaintiffs and against Defendants jointly and severally in the amount of $50,000,000, inclusive of any recoverable costs and attorneys' fees.

2. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651, and this Court's inherent equitable powers, Defendants and their officers, agents, servants, and employees, and all persons in active concert or participation with them who have actual knowledge of this Offer of Judgment, if entered by the Court, by service, notice, or otherwise (including but not limited to any person or entity that

hosts any servers through which the service, or any aspect thereof, that Defendants offer or have ever offered at the website located at https://spinrilla.com or through mobile applications on the iOS or Android platforms (the "Spinrilla Service"), but excluding counsel for the Parties), shall be permanently RESTRAINED and ENJOINED from each of the following, anywhere in the world:

a. Operating the Spinrilla Service or any other website, platform, system, or application that Defendants (or either of them) own or control, directly or indirectly, that is substantively similar to the Spinrilla Service;

b. Directly or indirectly operating, assisting in, facilitating, or supporting the Spinrilla Service or any substantively similar service or any part thereof, including without limitation engaging in the following activities, except as otherwise expressly agreed in writing by Plaintiffs: (i) operating or assisting in the operation of any computers, servers, or software that in any manner assist in or support the operation of the Spinrilla Service or any substantively similar service; (ii) any use of any domain that includes the term "Spinrilla," or any substantively or confusingly similar terms; or (iii) in any way profiting or benefitting from the Spinrilla Service or any substantively similar service

c. Directly or indirectly, in any manner whatsoever, using, exploiting, selling, licensing, leasing, assigning, loaning, bartering, transferring, conveying, hypothecating, encumbering, pledging, or distributing, for consideration or otherwise, any hardware, software, source code, technology, intellectual property, or goodwill related to or associated with the Spinrilla Service or any substantively similar service, including but not limited to the name "Spinrilla"; and

d. Otherwise knowingly infringing, knowingly causing to be infringed, or knowingly enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any copyright owned or controlled by any of the Plaintiffs or any of their direct or indirect record company affiliates.

3. Defendants shall have five (5) days from notice of entry by the Court of this Offer of Judgment to come into compliance with the terms set forth in the preceding paragraph without being in violation of said judgment.
4. Defendants shall transfer the domain name https://spinrilla.com to the Plaintiffs in accordance with the terms of the confidential Settlement Agreement and Release among the parties (the "Settlement Agreement").

5. Pursuant to Federal Rule of Civil Procedure 65(d), 28 U.S.C. § 1651, and this Court's inherent equitable powers, and in order to give practical effect to the foregoing provisions of this Offer of Judgment, all persons, other than Defendants, themselves, and their attorneys, in active concert or participation with Defendants or their officers, agents, servants, or employees, who have actual knowledge of this Offer of Judgment, if entered by the Court, by service, notice, or otherwise

(including without limitation any domain name registrars and registries), shall be permanently RESTRAINED and ENJOINED from allowing the continued use by anyone other than Plaintiffs or their assigns, or the transfer to any person other than Plaintiffs or their assigns, of the domain name https://spinrilla.com. To the extent that Defendants or those in active concert or participation with them fail to comply with this Offer of Judgment, if entered by the Court, then in addition to any other recourse or remedy that Plaintiffs may have for breach of the Settlement Agreement and violation of said judgment, any and all registrars and registries for the domain https://spinrilla.com shall promptly, within not more than twenty-four (24) hours, disable the https://spinrilla.com domain, through a registry hold or otherwise, and prevent its transfer to anyone other than Plaintiffs, and further shall, within thirty (30) days of receipt of notice of this Offer of Judgment, if entered by the Court, change the Registrar of Record for the https://spinrilla.com domain to a Registrar of Plaintiffs' choosing.

6. Defendants shall make the settlement payment required by the Settlement Agreement in accordance with the terms of the Settlement Agreement, which is inclusive of any recoverable costs and attorneys' fees.

7. This Offer of Judgment, if entered by the Court, shall be a final judgment for purposes of disposition of this action.

8. The Court shall maintain continuing jurisdiction over this action and the Parties for the purpose of enforcing this Offer of Judgment, if entered by the Court, and for the purpose of enforcing the Parties' Settlement Agreement. Pursuant to the terms of the Settlement Agreement, the Parties shall file a satisfaction of judgment on or before the one-hundred-ninety-third (193rd) day following the conveyance of all deliverables contemplated by the Settlement Agreement, at which point the Court shall not maintain jurisdiction over Paragraph 1 of this Offer of Judgment, if entered by the Court.

9. Plaintiffs are not required to post any bond or security in connection with the injunctive relief in this Offer of Judgment, if entered by the Court, and Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

10. To accept this Offer of Judgment, Plaintiffs must serve written notice of acceptance thereof to counsel for Defendants within fourteen (14) days of the date this Offer of Judgment is served on Plaintiffs' counsel.

11. If Plaintiffs decline this Offer of Judgment, Plaintiffs may become obligated to pay Defendants' costs incurred after making this Offer of Judgment .

.

    Dated at Atlanta, Georgia, this 3rd day of May, 2023.

                                                                   KEVIN P. WEIMER
                                                                   CLERK OF COURT

                                            By:   s/ D. Burkhalter
                                                                   Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
May 3, 2023
Kevin P. Weimer
Clerk of Court

By:   s/D. Burkhalter
        Deputy Clerk